Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax
pmhlaw@bellsouth.net

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000; (907) 258-2001-fax
kclarkson@brenalaw.com

Attorneys for Diamonds International of Alaska Ltd.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT JUNEAU

| | | |
|---|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | Case No. J04-0011 Civil (RRB) |

## DIAMONDS INTERNATIONAL OF ALASKA LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF DISCOVERY MASTER

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 1 of 11

## INTRODUCTION

Without first in good faith conferring, or even attempting to confer with defendants' counsel, and never having been required to file a motion to compel discovery in this action, Plaintiff Shivalay, Inc. d/b/a Celebrity Jewelers ("Celebrity") filed a Motion for the Appointment of a Discovery Master declaring that there are "ongoing" and "numerous discovery disputes" [Celebrity 1-2][1], all of which are purportedly the fault of the defendants, PPI Group and Diamonds International of Alaska Ltd. ("DIAK"). For the reasons detailed below, Celebrity's Motion should be denied and defendants should be awarded their costs and attorneys fees incurred in responding to the Motion.

First, both Fed. R. Civ. P. 37 and Local Rule 37.1 require a party to file with a motion to compel, a certificate stating that it has "in good faith conferred or attempted to confer" with the opposing party prior to the filing of the motion, or an explanation for why a good faith certificate cannot be filed. Although Celebrity's Motion is not a motion to compel, it is a discovery related motion, and is styled in a manner that is designed to convey to the Court the distinctly false message that discovery needs to be compelled from the defendants. In contravention of the spirit of Civil Rule 37 and Local Rule 37.1, Celebrity made no good faith effort to confer with defendants prior to filing its Motion for Appointment of Discovery Master, or to even notify the defendants that Celebrity believes there are ongoing discovery disputes between the parties.

In point of fact, prior to December 30, 2005, the day that Celebrity filed its present Motion, the last time that the defendants had heard from Celebrity regarding any purported deficiency in their

---

[1]       Citations to "Celebrity __" are to pages within Celebrity's Memorandum in Support of Motion for Appointment of Discovery Master filed December 30, 2005.

**BRENA, BELL &
CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 2 of 11

discovery responses was on October 27, 2005. At that time, Celebrity identified what it believed was lacking in defendants' discovery responses. Thereafter, on November 22, 2005, in good faith, voluntarily, and without requiring a motion, DIAK supplemented its discovery answers and provided more information and offered to produce more documentation. PPI also voluntarily supplemented its discovery responses. DIAK even offered to copy and ship its documentation to Juneau if Celebrity would only pay the cost of copying and shipping. For the next month, until December 30, 2005, when celebrity simultaneously filed its Motion for Discovery Master and faxed its forty (40) page letter to defendants' counsel, absolutely nothing was heard from Celebrity to suggest that there were any existing or ongoing discovery disputes between the parties. It is very inappropriate for Celebrity to manufacture discovery disputes and then spring them simultaneously with a Motion for Appointment of Discovery Master on the defendants without any advance warning or any attempt to confer.

Second, Celebrity's woeful description of the status of discovery in this action bears little resemblance to reality. In truth, the defendants are the only parties who thus far have been required to file discovery related motions in this case. DIAK filed a Motion to Compel which the Court granted, and the defendants jointly filed a Motion for Protective Order which the Court granted. Both defendants have served extensive interrogatory answers and supplemental interrogatory answers on Celebrity. And, although Celebrity has not yet made arrangements to review documents, both defendants have offered thousands of documents to Celebrity for review and copying. The only reason that Celebrity has not yet reviewed the defendants' documents is because Celebrity has not bothered to make arrangements to complete such reviews. It is inappropriate for Celebrity to blame

**BRENA, BELL &
CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 3 of 11

defendants for the fact that Celebrity has not yet reviewed documents. Neither defendant has an obligation to ship their documents to Juneau for Celebrity's review.

Third, although Celebrity complains to some degree about the nature and extent of PPI's and DIAK's discovery responses, Celebrity raises these complaints via an incorrect motion. The correct motion for Celebrity to file by which to seek redress regarding any of defendants' discovery responses would be a motion to compel. But, again, before Celebrity could file a motion to compel it would be required first to confer with defendants in a good faith attempt to resolve any genuine disputes between the parties. In truth, defendants' discovery responses have been completely adequate and Celebrity's discovery complaints are greatly exaggerated. The state of discovery in this action does not justify the appointment and the substantial expense of a discovery master.

Finally, Pursuant to Fed. R. Civ. P. 53(a)(1)(C), Masters are only appointed to address pre-trial matters "that cannot be addressed effectively and timely by an available district judge." Defendants believe that the Court has effectively and timely addressed all discovery issues brought to the Court's attention thus far in this case. Further, defendants believe that the Court is more than capable of continuing to address discovery issues as this case proceeds. The appointment of a Discovery Master will be substantially expensive and it does not appear that such an appointment would help to expedite any significant aspect of discovery.

## FACTUAL BACKGROUND

On July 12, 2005, Celebrity first served discovery requests, interrogatories, and requests for production on DIAK and PPI. [Clarkson Aff.] On September 2, 2005, DIAK served extensive discovery responses on Celebrity. [Clarkson Aff; Exh. 1] PPI also served extensive discovery

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 4 of 11

responses on Celebrity that same day. [Clarkson Aff.] Nearly two months later, on October 27, 2005, Celebrity's counsel wrote to defendants' counsel and complained about alleged deficiencies in DIAK's and PPI's discovery responses. [Clarkson Aff.; Exh. 2] In response to this letter, DIAK voluntarily supplemented its discovery responses. [Exh. 3] PPI also voluntarily supplemented its discovery responses. [Clarkson Aff.] DIAK even elected to ship documents to Anchorage from New York, where they were previously maintained in the normal course of business. DIAK offered its documents to Celebrity for review at the office of DIAK's counsel in Anchorage. [Exh. 4]

From October 27 to December 29, Celebrity gave defendants no indication that discovery disputes existed, even though the parties discussed the scheduling of depositions. On December 30, Celebrity delivered a forty (40) page letter to defendants complaining once again about the nature and extent of defendants' discovery answers, while at the same time filing with the Court its present Motion for Appointment of Discovery Master.

## ARGUMENT

### I.    FED. R. CIV. P. 37 AND LOCAL RULE 37.1 REQUIRED CELEBRITY TO CONFER WITH DEFENDANTS BEFORE RAISING DISCOVERY MATTERS WITH THE COURT

Fed. R. Civ. P. 37 and Local Rule 37.1 both contain requirements that parties confer or attempt to confer with an opposing party before filing a motion to compel discovery. Although Celebrity's Motion for Appointment of Discovery Master is not styled as a motion to compel, it attempts in large part to demonstrate that discovery needs to be compelled from the defendants. Celebrity should have conferred with DIAK and PPI regarding these alleged discovery disputes, together with Celebrity's desire for a Discovery Master, before filing a discovery related motion.

**BRENA, BELL &
CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 5 of 11

This lack of good faith conferral reflects that the alleged discovery disputes that Celebrity exaggerates are simply smoke to hide the lack of support for its present motion.

## II.    DISCOVERY IN THIS ACTION IS PROCEEDING SATISFACTORILY

Although Celebrity complains in its motion that it is somehow being wronged in discovery, the only parties that have thus far been required to seek the Court's intervention on discovery related issues are DIAK and PPI.  DIAK filed a motion to compel after Celebrity refused to answer interrogatories, and the Court granted the motion.  And, after Celebrity refused to stipulate to a simple protective order to prohibit dissemination of defendants' confidences outside the parameters of this action, the defendants filed a motion which the Court granted.  Although Celebrity complains much in its recent letter and motion, it has never yet been required to bring a discovery issue to the Court's attention.

Both DIAK and PPI have given substantial interrogatory answers to Celebrity and have offered thousands of documents for inspection and photocopying.  Neither defendant is obligated to deliver their business records to Juneau for the convenience of Celebrity's counsel.  See FTC v. Texaco, Inc., 555 F.2d 862 (D.C. Cir. 1977) (the Court found that it was consistent with the discovery rules to require the FTC to travel to Texaco's office to review the corporation's documents); Mid-America Facilities, Inc. v. Argonaut Ins. Co., 78 F.R.D. 497, 498 (E.D. Wis. 1978); Compagnie des Bauxites de Guinea v. Insurance Co. of North America, 651 F.2d 877, 883 (3rd Cir. 1981) (citing Niagra Duplicator Co. v. Shackelford, 160 F.2d 25, 26 (D.C. Cir. 1947); Lundberg v. Welles, 93 F. Supp. 359 (S.D.N.Y. 1950); P.K. Cooper v. Fulton, 117 So.2d 33, 36 (Fla. 3d DCA 1960); accord Cypress medical Products, L.P. v. Worthington, 2005 WL 936903 (N.D. Ill. 2005) (the

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 6 of 11

court notes that modern changes in technology make photocopying and delivering documents from distant locations much easier than in past times).  DIAK has offered its documents to Celebrity for inspection and copying at the office of DIAK's counsel in Anchorage.  DIAK has no presence in Juneau during the winter, it has taken great effort to ship its documents to Anchorage, and it is not unreasonable to expect Celebrity's counsel to travel to Anchorage to review documents.  Celebrity has not cited a single authority that stands for the proposition that a defendant must transport its business records to a forum distant from where they are kept in the normal course of business simply because a plaintiff has filed a complaint and served discovery requests.

Celebrity's complaints ring particularly hollow when it is realized that the defendants made arrangements to go to the office of Celebrity's counsel and review the "29,000" documents that Celebrity produced. [Clarkson Aff.] Even though Celebrity conducts significant operations in the Caribbean, closer to defendants' principal places of operations, neither defendant asked Celebrity to produce Celebrity's documents in Florida or the Caribbean. [Clarkson Aff.] For only a portion of the cost of having its counsel write a forty (40) page letter nitpicking each of defendants' discovery responses (for the second time), Celebrity could have flown its counsel to both Florida and New York, in which case Celebrity's document reviews would now be complete.  DIAK alone has thousands of documents available in Anchorage for Celebrity to review, and PPI has thousands more documents available for review.

## III.    CELEBRITY'S COMPLAINTS REGARDING DISCOVERY SHOULD HAVE BEEN RAISED IN A MOTION TO COMPEL WHERE THEY COULD BE TESTED ON THE MERITS

Celebrity bases its request for a Discovery Master upon alleged discovery disputes that have

**BRENA, BELL &
CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 7 of 11

never been brought to the Court's attention by way of a motion to compel.  If Celebrity genuinely

believes that its alleged issues are worthy of presentation to the Court, then Celebrity should properly

present them in a motion to compel where they can be tested on the merits.  By placing the alleged

disputes in a motion for appointment of a discovery master, Celebrity attempts to malign the

defendants' discovery conduct without requiring its arguments to be tested on their substantive

merits.

### IV.   CELEBRITY'S REQUEST FOR A DISCOVERY MASTER DOES NOT SATISFY THE STANDARDS OF FED. R. CIV. P. 53

Civil Rule 53 provides that a Court may appoint a Master only on the consent of the parties,

or to address pre-trial matters that cannot be addressed effectively and timely by the Court.  The Rule

states in relevant part:

> (a) APPOINTMENT
> (1) Unless a statute provides otherwise, a court may appoint a master only to:
> (A) perform duties consented to by the parties; . . . .
> . . . .
> (C) address pre-trial . . . matters that cannot be addressed effectively and timely by
> an available district judge or magistrate judge of the district. . . .

Fed. R. Civ. P. 53(a)(1)(A), (C).  In appointing a master, the court must consider the fairness of

imposing the likely expenses on the parties and must protect against unreasonable expense or delay.

Fed. R. Civ. P. 53(a)(3).

Celebrity's motion is not supported by the plain language of Rule 53.  The defendants do not

consent to the appointment of a discovery master, and this Court is fully capable of effectively and

timely addressing discovery matters.  Further, Celebrity's motion is not supported by the authority

that it sights.  In <u>Omnium Lyonnais D' Etanchette Et Revetement Asphalte v. Dow Chemical Co.</u>,

**BRENA, BELL & CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
<u>Bathija, et al. v. Panoff Publishing, Inc., et al.</u>, Case No. J04-0011 Civil (RRB)
Page 8 of 11

73 F.R.D. 114 (C.D. Ca. 1977), (1) there were numerous discovery motions filed between the parties;

(2) emotions were high and suspicions rife between the parties and counsel, such that counsel were

repeating claims of bad faith against each other; and (3) the documents involved were technical and

pending discovery motions threatened to require the Court to review volumes of documents.  There

are not numerous discovery motions in this case.  Moreover, counsel are dealing with each other

professionally, and for the most part effectively.  Although DIAK has promised to move to compel

documents withheld by Celebrity (See Celebrity Exh. 1), the Court need review nothing more than

Celebrity's "Privilege Log" in order to determine that (1) the documents Celebrity is withholding

are not privileged (Celebrity's "Privilege Log" states that the documents are simply commercial

communications and contracts – which at most warrants limiting production to the terms of the

standing Protective Order in this case). Celebrity does not claim that the withheld documents are

covered by attorney-client privilege, nor could it, and there is no "confidential" or "commercial

communication" privilege that justifies withholding production of documents.

Although DIAK does not believe that a Discovery Master is necessary or warranted in this

case, if the Court determines to appoint a Master, DIAK prefers the following individuals from

Celebrity's list, in the following order:

Jeffrey M. Feldman, Esq.
Feldman, Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK 99501

The Honorable Mark Rowland
600 West 76th Avenue, Suite 507
Anchorage, AK 99518

**BRENA, BELL &
CLARKSON, P.C.**
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 9 of 11

Bruce Bookman, Esq.
Bookman & Helm, LLP
819 N Street, Suite 200
Anchorage, AK 99501

DIAK proposes the following additional names as well:

The Honorable Brian C. Shortell
1328 W. 12th Avenue
Anchorage, AK 99501

Matthew K. Peterson, Esq.
Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3442

Daniel T. Quinn, Esq.
Richmond & Quinn, P.C.
360 K Street, Suite 200
Anchorage, AK 99501-2038

## CONCLUSION

For all of the above reasons, Celebrity's Motion for Appointment of Discovery Master should

be denied.  In the event that a Discovery Master is appointed, DIAK asks that the Master be selected

in accordance with DIAK's preferences.

DATED this 17th day of January, 2006.

BRENA, BELL & CLARKSON, P.C.
Attorneys for Defendant
Diamonds International of Alaska Ltd.

s/Kevin G. Clarkson
310 K Street, Suite 601
Anchorage, AK 99501
Phone: (907) 258-2000; Fax: (907) 258-2001
e-mail: kclarkson@brenalaw.com
Alaska Bar No. 8511149

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 10 of 11

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2006,
a true and correct copy of the foregoing
document was mailed to:

Z. Kent Sullivan, Esq.
Baxter Bruce & Sullivan, P.C.
P.O. Box 32819
Juneau, AK 99803

Peter M. Hockman, Esq.
Peter M. Hockman
550 Biltmore Way, Suite 780
Coral Gables, FL 33134

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
P.O. Box 34338
Juneau, AK 99803

Robert C. Gilbert, Esq.
Robert C. Gilbert, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134

s/Kevin G. Clarkson

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S OPPOSITION TO MOTION FOR APPOINTMENT OF DISCOVERY MASTER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 11 of 11