Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>          Plaintiff,<br><br>v.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10,<br><br>          Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. J04-0011 Civil (RRB) |

## DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Comes now the Defendant, Diamonds International of Alaska, Ltd. ("DIAK"), by and through counsel, and pursuant to Fed. R. Civ. P. 33 hereby provides its Responses to Plaintiff's First

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 1 of 14

EXHIBIT 1
Page 1 of 20

Set of Interrogatories as follows:

**INTERROGATORY NO. 1**: Please identify the name, title and position of all persons presently or formerly affiliated with DIAK having direct knowledge or information regarding the facts and circumstances set forth in the complaint or in DIAK's answer thereto. Also, please provide a complete summary of each person's knowledge.

**ANSWER**: DIAK objects to this Interrogatory to the extent that it seeks a "complete summary of each person's knowledge." DIAK has not collected, created, recorded or received statements from witnesses in this action and, thus, DIAK has no basis at this time upon which to provide a "complete summary of each person's knowledge." The persons presently or formerly affiliated with DIAK having possible "direct knowledge" regarding the facts or circumstances set forth in the Complaint or DIAK's Answer thereto, include: Albert Gad; Morris Gad; Donna Gad; Michael Villani; Steven Davis; and the former and/or current employees reflected on Exhibit A hereto.

**INTERROGATORY NO. 2**: Please identify the name, title, and position of the person or persons within DIAK primarily responsible for gathering the information set forth in these responses and in communicating that information to your attorneys.

**ANSWER**: DIAK's responses to Celebrity's First Set of Discovery Requests, admissions, interrogatories, and requests for production, were prepared by DIAK's legal counsel, Kevin G. Clarkson and Peter M. Hockman. The information provided in DIAK's responses was gathered by:

Steven Davis – **Attorney Client Privilege**
Chief Financial Officer
c/o Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 2 of 14

EXHIBIT 1
Page 2 of 20

Michael Villani – **Attorney Client Privilege**
c/o Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

**INTERROGATORY NO. 3**: Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who are current employees or independent contractors performing services for Defendant DIAK.

**ANSWER:** DIAK's current employees include the individuals listed on Exhibit A hereto.

DIAK objects to this request to the extent that it seeks information regarding "independent contractors" performing work for DIAK. There are many and varied independent contractors that DIAK utilizes in the course of its business operations, ranging from plumbers to janitorial service providers. To DIAK's best information and belief, the independent contractors it utilizes in its business operations have no knowledge of the events that form the basis for the legal claims and defenses in this action. DIAK's store managers and sales staff are employees of the corporation and are not independent contractors.

**INTERROGATORY NO. 4**: Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who were employed by, or performed services as independent contractors for, Defendant DIAK for the period from January 1, 2000 through March 24, 2004.

**ANSWER:** DIAK's employees for the period January, 2000 through March, 2004 include the individuals listed on Exhibit A hereto.

DIAK objects to this request to the extent that it seeks information regarding "independent contractors" performing work for DIAK. There are many and varied independent contractors that

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 3 of 14



EXHIBIT __1__
Page __3__ of __20__

DIAK utilizes in the course of its business operations, ranging from plumbers to janitorial service providers. To DIAK's best information and belief, the independent contractors it utilizes in its business operations have no knowledge of the events that form the basis for the legal claims and defenses in this action. DIAK's store managers and sales staff are employees of the corporation and are not independent contractors.

**INTERROGATORY NO. 5**: Please describe in detail all of the facts and specifics regarding the meaning, genesis, implementation, date of inception and oversight of the "DI/TI Alaskan Rescue Plan" as referenced in the e-mails attached to Celebrity's amended complaint.

**ANSWER:** The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan."

**INTERROGATORY NO. 6**: Please name every expert witness you expect or intend to call at trial and for each, state the witness' area or areas of expertise; a summary of his or her qualifications; the subject matter on which he or she is expected to testify; the substance of the facts and opinions to which she or he is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:** DIAK objects to this Interrogatory to the extent that it seeks to have DIAK identify expert witnesses in advance of the dates established in the Court's Scheduling & Planning Order. Notwithstanding this objection, however, DIAK responds that it has not yet retained expert witnesses in this case. DIAK will disclose expert witnesses and expert witness reports pursuant to

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 4 of 14

EXHIBIT 1
Page 4 of 20

th schedule adopted in the Court's Scheduling and Planning Order.

**INTERROGATORY NO. 7**: Please describe all facts, details and individuals participating in all conversations and meetings referred to in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER**: The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan."

**INTERROGATORY NO. 8**: Please describe in detail what is meant by the term "DIAMOND INTELLIGENCE" as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER**: The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." DIAK does not know what the parties to the PPI e-mails meant by "Diamond Intelligence."

**INTERROGATORY NO. 9**: Please identify all court cases in the past ten (10) years in which Albert Gad, Morris Gad or any of the entities comprising DIAK have been named as a party, including the case name, the case number, the place where the case was filed, the nature of the case, whether DIAK or the Gads were represented by an attorney and, if so, the identity of the attorney

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 5 of 14

EXHIBIT 1
Page 5 of 20



including address and phone number, and the results of the court case.

**ANSWER:** DIAK objects to this Interrogatory as being overbroad and as seeking information that is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, however, DIAK responds that neither it nor Albert or Morris Gad, or any entity related to DIAK has been involved in litigation involving allegations similar to those expressed in Celebrity's Complaint. Other than this case, the only court actions in which DIAK has been involved in Alaska during the past ten years have related to employment matters and contractual disputes with construction related service providers. <u>Townsend, Zagar v. Diamonds International of Alaska, Morris Gad, Albert Gad, Ron Gad</u>, Case No. 1KE-98-357 Civ. (employment case – defense verdicts after jury trial for all defendants against Zagar and also as to all claims but one made by Townsend – hung jury on remaining claim by Townsend – claim settled favorably to defendants before re-trial). <u>Diamonds International of Alaska v. Southeast Remodel, Inc., and Tim Hulse</u>, Case No. 1JU-05-542 Civ. (construction contract dispute – case pending).

**INTERROGATORY NO. 10:** Please describe in detail all of the services DIAK was receiving from PPI during the period from January 1, 2000 through March 24, 2004.

**ANSWER:** DIAK contracted with PPI for promotional and advertising services during the period of 2000-2004 – PPI's services to DIAK varied during some of the years within the period 2000-2004.

**INTERROGATORY NO. 11:** Please describe in detail the "15K Alaskan mandate [that] came up out of the face to face Princess negotiation" and as referenced in the e-mail from Rick Domanski to Amsterdam PSA, et al., dated July 31, 2003, and as attached to Celebrity's amended

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
<u>Bathija, et al. v. Panoff Publishing, Inc., et al.</u>, J04-0011 Civil (RRB)
Page 6 of 14

EXHIBIT 1
Page 6 of 20

complaint as Exhibit "7."

**ANSWER:** The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." DIAK has no information or knowledge regarding any "15K Alaskan mandate."

**INTERROGATORY NO. 12:** Please specifically identify all evidence DIAK possesses which demonstrates that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques, including:

A. Celebrity only purchases diamonds from a pool of diamonds that DI has already rejected out of hand.

B. Celebrity sells brown Diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.

C. Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.

D. Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.

**ANSWER:** This Interrogatory, like the Interrogatories above, relates to the e-mails attached to Celebrity's Amended Complaint. Those e-mails represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 7 of 14

EXHIBIT 1
Page 7 of 20

knowledge regarding the e-mails. DIAK has no information or knowledge regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK has never taken a position regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK must conduct discovery to determine what the facts are regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK markets its merchandise by truthfully representing the quality of DIAK merchandise.

**INTERROGATORY NO. 13**: Please specifically identify all records, documents and information relating to PPI and/or the cruise lines including, but not limited to, all contracts, onboard sales records, fees and/or commissions paid by DIAK to PPI and/or the cruise lines their agents, employees, representatives or subcontractors, accounts receivable ledgers, and all communications by and between DIAK, PPI and/or the cruise lines, for the period beginning January 1, 2000 and through March 24, 2004.

**ANSWER:** DIAK objects to this Interrogatory as being overbroad as it relates to contracts with PPI. There are master contracts between PPI and entities related to DIAK which relate to and govern the contractual services that PPI has provided and performed related to DIAK's business and merchandise. These master contracts govern not only PPI's work for DIAK but also for other companies tangentially related to DIAK through common ownership. These tangentially related companies conduct business in locations other than Alaska. DIAK will make redacted copies of the master contracts, deleting all provisions unrelated to DIAK, available to Celebrity for review and photocopy, upon reasonable advance notice at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

DIAK has records that reveal onboard sales and commissions paid to PPI for the period 2000 through 2004. DIAK, however, objects to this Interrogatory as being overbroad. The Interrogatory

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 8 of 14

EXHIBIT 1
Page 8 of 20

is overbroad because it addresses all of DIAK's business with PPI in Alaska which includes stores outside Juneau. DIAK's sales information for stores outside Juneau is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. DIAK competes with Celebrity only in Juneau, because Celebrity operates only in Juneau. DIAK also objects to this request to the extent that it seeks a description of each individual document related to onboard sales and commissions paid to PPI. The answer to this portion of the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding onboard sales and commissions paid to PPI regarding DIAK's Juneau store for the period 2002 through 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

To the extent that there are communications between DIAK and PPI during the period January 1, 2000 through March 24, 2004, the answer to the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding communications with PPI for the period January 1, 2000 through March 24, 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

To the extent that there are contracts and/or communications between DIAK and cruise lines during the period January 1, 2000 through March 24, 2004, the answer to the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 9 of 14

EXHIBIT 1
Page 9 of 20

answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding communications with PPI for the period January 1, 2000 through March 24, 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**INTERROGATORY NO. 14**: Please specifically identify all fees and commissions paid by DIAK to PPI and/or the cruise lines from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission).

**ANSWER:** DIAK has records that reveal onboard sales and commissions paid to PPI for the period 2000 through 2004. DIAK, however, objects to this Interrogatory as being overbroad. The Interrogatory is overbroad because it addresses all of DIAK's business with PPI in Alaska which includes stores outside Juneau. DIAK's sales information for stores outside Juneau is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. DIAK competes with Celebrity only in Juneau because Celebrity operates only in Juneau. DIAK also objects to this request to the extent that it seeks a description of each individual document related to onboard sales and commissions paid to PPI. The answer to this portion of the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding onboard sales and commissions paid to PPI regarding DIAK's Juneau store for the period 2002 through 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**INTERROGATORY NO. 15**: Please identify the various cruise lines operating in Southeast

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 10 of 14

EXHIBIT 1
Page 10 of 20

Alaska with whom DIAK contracts and specifically describe the various services DIAK either receives from and/or provides those entities. Please also specifically identify the manner in which compensation is exchanged, including whether such compensation is based upon a percentage of sales, flat fee, etc.

**ANSWER:** DIAK objects to this Interrogatory as being overbroad. DIAK's business and/or business relationships with cruise lines other than those on which PPI provides contractual services to DIAK are irrelevant to this action and information in this regard cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK contracts directly only with one cruise line and that is NCL. The terms of this contract may be derived from reviewing the contract and the burden of deriving or ascertaining the terms of the contract is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make the contract available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The cruise lines operating in Southeast Alaska that stop in Juneau and on which PPI provides contractual services to DIAK include: Holland America Line; Radisson Seven Seas Cruises; and Princess Cruise Lines.

DIAK objects to this Interrogatory because DIAK's relationships with cruise lines and business with cruise lines outside of DIAK's business with PPI is irrelevant to the subject matter of this action and information in this regard cannot reasonably be expected to lead to the discovery of admissible evidence. Celebrity's claim in this action is that DIAK allegedly conspired with PPI to deprive PPI of the benefit of its contracts with PPI.

> **DIAK designates the information disclosed in this Interrogatory Answer as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 11 of 14

EXHIBIT 1
Page 11 of 20

**INTERROGATORY NO. 16**: Please specifically describe all services provided to DIAK by PPI for the years 2000 through the present, including any variation or deviation in the services so provided.

**ANSWER:** Promotion and advertising, in various forms, provided 2000 to present.

**INTERROGATORY NO. 17**: If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all facts which you contend support your refusal to unqualifiedly admit the request.

**ANSWER:** See Response to First Set of Requests for Admission.

**INTERROGATORY NO. 18**: If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all documents, notes, reports, memoranda, electronic and/or tape recordings, photographs, oral statements, or other tangible things which support your refusal to unqualifiedly admit the request.

**ANSWER:** The answer to this portion of the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records for the period 2002 through 2004 that contain information responsive to this Interrogatory available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**INTERROGATORY NO. 19**: If your response to any request for admission set forth below is anything other than an unqualified admission, please provide the name, address, and telephone number of all persons, including consultants and/or experts, purporting to have any knowledge or factual data upon which you base your refusal to make an unqualified admission to the request. The

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 12 of 14

EXHIBIT 1
Page 12 of 20

purpose of this interrogatory is to have you reveal everything presently known to you that bears upon your refusal to respond to the request with an unqualified admission.

**ANSWER:** The individuals with information regarding the various subjects addressed in Celebrity's Requests for Admission include, but are not necessarily limited to, Morris Gad (**Attorney Client Privilege**), Albert Gad (**Attorney Client Privilege**), Donna Gad (**Attorney Client Privilege**), Steven Davis (**Attorney Client Privilege**), Michael Villani (**Attorney Client Privilege**), Julie Feldman (former employee, no longer with company), DIAK's managers in Southeast Alaska during the period of 2000 through present; and DIAK's employees in Southeast Alaska during the period of 2000 through present. See Exhibit A hereto.

DATED this 2nd day of September, 2005.

As to Answers:

            Diamonds International of Alaska, Ltd.

            By _____
              Morris Gad

As to Objections:

            BRENA, BELL & CLARKSON, P.C.
            Attorneys for Defendants
            Diamonds International of Alaska, Ltd.

            By _____
            Kevin G. Clarkson
            Alaska Bar No. 8511149

            Peter M. Hockman, Esq.
            LAW OFFICE OF PETER M. HOCKMAN
            550 Biltmore Way, Suite 780
            Coral Gables, Florida 33134
            (305) 447-9129; (305) 443-0279-fax

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 13 of 14

EXHIBIT 1
Page 13 of 20

**CERTIFICATE OF SERVICE**

I hereby certify that on Sept. 2, 2005, a true and correct copy of the foregoing document was mailed ✓, hand delivered ___ faxed ___ to:

Z. Kent Sullivan, Esq.
P.O. Box 32819
Juneau, AK 99803

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, FL 33134

William G. Ruddy, Esq.
P.O. Box 34338
Juneau, AK 99803

Robert C. Gilbert, Esq.
2200 Alhambra Circle, Suite 400
Coral Gables, FL 33134

_Eileen Frison_
Eileen Frison

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 14 of 14

EXHIBIT 1
Page 14 of 20

# EXHIBIT A
# TO
# DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## 2002 - ALASKA EMPLOYEES
## DIAMONDS INTERNATIONAL OF ALASKA, LTD.

Jingle Bandoy
P.O. Box 307202
St. Thomas, VI 00802

Jessica Beck
18454 Waco St., NW
Elk River, MN 55330

Jennifer Bostrom
17020 President Dr.
Castro Valley, CA 94546

Linda Chase
1923 Mattis Drive
Dayton, OH 45439

Arturo Contreras
326 4th St., #406
Juneau, AK 99801

Marianne Delaraz
4429 Julep Street
Juneau, AK 99801

Betty Diaz
c/o DI Cozumel

Juan Diaz
c/o DI Cozumel

Jose Duenas
326 4th St., Apt. 1012
Juenau, AK 99801

Cyla Garcia
5875 Glacier Hwy, #74
Juneau, AK 99801

Paul Carcia
c/o DI USVI

Nicholas Hall
3875 Melissa Lane
Castro Valley, CA 94546

Jennifer Hanlon
3149 Lawson Creek kRoad
Douglas, AK 99824

Monica Laskay
3375 Manderwill Canyon Road
Los Angeles, CA 90049

Tony Manacio
1800 North Wood River, No. C-24
Juneau, AK 99803

Miranda Marashal
Nisky Mail Box #539
Nisky Center
St. Thomas, VI 00802

Zahyda Montenegro
704 B S 15th Street
Alington, VA 22202

Scarlett Otero
3 Fox Hollow Lane
Hopewell Jct, NY 12533

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Page 1 of 5

EXHIBIT 1
Page 15 of 20

Erica Peterson
P.O. Box 416
Juneau, AK 99801

Daniel Scherr
7433 Tescott Dr.
Lake Worth, FL 33467

## 2003 - ALASKA EMPLOYEES
## DIAMONDS INTERNATIONAL OF ALASKA, LTD.

Charles Abbott
Juneau, AK

Jennifer Bostrom
17020 President Drive
Castro Valley, CA 94546

Andrea Cadiente
Juneau, AK 99801

Virginia Custer
9211 Gee Street
Juneau, AK 99801

Betty Diaz
c/o DI Cozumel

Juan Diaz
c/o DI Cozumel

Jose Octavio Duenas
326 4th St., Apt. 1012
Juneau, AK 99801

Nicholas Hall
3875 Melissa Lane
Castro Valley, CA 94546

Jennifer Hanlon
P.O. Box 183
Yakutat, AK 99689

Naomi Laurence
c/o DI USVI
St. Thomas, VI

Lisa Marcum
c/o DI USVI
St. Thomas, VI

Jennifer Michaels
Juneau, AK 99801

Jose Mario Montes De Oca
c/o DI Cozumel

Bruce Negron
850 15th Street, No. 4
Miami Beach, FL 33139

Scarlet Otero
3 Fox Hollow Lane
Hopewell Jct., NY 12533

Anisia Sisikin
Juneau, AK 99801

Kathleen Sullivan
238 Charles Street
Westfield, NJ 07090

Rachelle Todman
c/o DI USVI
St. Thomas, VI

April Xavier
c/o DI USVI

EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Page 2 of 5

EXHIBIT 1
Page 16 of 20

## 2004 - ALASKA EMPLOYEES
## DIAMONDS INTERNATIONAL OF ALASKA, LTD.

Brian Adamson
8186 Grant Street
Juneau, AK 99801

Steve Bean
4493 Columbia Boulevard
Juneau, AK 99801

Charles Abbott
Juneau, AK 99801

Dornamay Adams
P.O. Box 9765
St. Thomas, USVI 00801

Tom Kearns
P.O. Box 295
St Thomas, USVI 00804

Marc Edgar King
4609 Anlo Avenue
Waco, TX 76710

Dean Dodson

Ronan Gad
c/o DI Cozumel

Olena Cave
2201 Meadow Lane
Juneau, AK 99801

Jarrett Cherkas
P.O. Box 6555
FDR Station, NY 10150

Carol Chrespin
c/o DI Cozumel

Jonathan Collard
2760 Douglas Highway, No. 5
Juneau, AK 99801

Crystal Coogan
P.O. Box 34499
Juneau, AK 99803

Grace Dalman
4933 Hummingbird Lane
Juneau, AK 99801

Betsy Davey
P.O. Box 1095
Juneau, AK 99802

Marianne De la Paz
4429 Julep Street
Juneau, AK 99801

George Gattas
6501 Red Hook Plaza, St. 201
c/o Carolyn Colmer
St. Thomas, USVI 00802

Legamas George
P.O. Box 20651
Juneau, AK 99802

Tal Harris
c/o Almod 592 5th Avenue
New York, NY 10036

Rogee Hulse
P.O. Box 5025
Ketchikan, AK 99901

Marah Joseph
3-A Main Street
St. Thomas, USVI 00802

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Page 3 of 5

EXHIBIT 1
Page 17 of 20

Mike Kaznakoff
P.O. Box 32651
Juneau, AK 99803

Eric Koons
763 Lawrence Avenue
Westfield, NJ 07090

Efrat Lamdan
15 Steven Drive
Hewlett, NY 11557

David Langs
186-19 Williamson Avenue
Springfield Gardens, NY 11413

Cecilia Lecaros
13650 Barkley Place
Chino, CA 91710

Laura McCammon
103 Elm Springs
Boerne, TX 78006

Josiah McCleod
10411 Ivy Ridge
Houston, TX 77043

Jennifer Michaels
5010 N. Douglas Highway, No. 16
Juneau, AK 99801

Katherine Nalan
1800 Northwood Drive
Juneau, AK 99801

Troy Opsal
9188 Cinema Drive
Juneau, AK 99802

Scarlett Otero
3 Fox Hollow Lane
Hopewell Jct, NY 11533

Suzanne Pin
Juneau, AK 99801

Stephen Porter
394-161 Hidden Valley
St. Thomas, USVI 00802

Daid Del Real
4 New Britain Circle
Salinas, CA 93906

Erick Del Real
4 New Britain Circle
Salinas, CA 93906

Rashel Remor
c/o Almod 592 5th Avenue
New York, NY 10036

Daniel Rosenthal
Juneau, AK 99801

Jessica Ryan
P.O. Box 32225
Juneau, AK 99803

Jerry Salidian
3700 W. Flamingo Road
Suite 21A, BOC 204 c/o Diamonds Int'l
Las Vegas, NV 89103

Stephanie Scanlon
9039 Lupine Lane
Juneau, AK 99801

Jim F. Schmidt
P.O. Box 20917
Juneau, AK 99801

Randy L. Schmidt
1617 Douglas Hwy, No. A-7
Juneau, AK 99801

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Page 4 of 5

EXHIBIT 1
Page 18 of 20

Jennifer Sharp
9317 Turn Street
Juneau, AK 99801

Byron Scott Smith
3880 E. Foxhunter Road
Fayetteville, AR 72703

Kathleen Sullivan
238 Charles Street
Westfield, NJ 07090

Tonie Vonda
4020 Slate Drive
Juneau, AK 99801

Catherine Wenzlaff
P.O. Box 21733
Juneau, AK 99802

Gina Zakariasan
36241 Christmas Pt. Td.
Grand Rapids, MN 55744

Matthew Bennett
16069 Chiwi Road
Apple Valley, CA 92307

Anthony Bieler
455 S. Franklin
Juneau, AK 99801

Savannah Bell
P.O. Box 240064
Douglas, AK 99824

Arthur Bennett
455 S. Franklin St.
Juneau, AK 99801

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Page 5 of 5

EXHIBIT 1
Page 19 of 20

# EXHIBIT A

## VERIFICATION REGARDING
## DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

AS TO ANSWERS:                    DIAMONDS INTERNATIONAL OF
                                  ALASKA LTD.

Date __11/11/05__                 By _____[signature]_____
                                     Its _____

STATE OF NEW YORK           )
                            ) ss.
NEW YORK COUNTY             )

THIS IS TO CERTIFY that on the __11th__ day of __Nov.__, 2005, before me, the undersigned, a Notary Public in and for New York, duly commissioned and sworn, personally appeared __Morris God__, as __Co President__ of Diamonds International of Alaska Ltd., to me known and known to me to be the identical individual described herein, and who read and executed the within and foregoing document.

_____[signature]_____
NOTARY PUBLIC in and for New York.
My Commission Expires: _____

DIANE M. DROBNER
Notary Public, State of New York
No. 03-1025400
Qualified in New York County
Commission Expires 7/31/09

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

EXHIBIT __1__
Page __20__ of __20__