ATTORNEYS AT LAW

# BAXTER BRUCE & SULLIVAN P.C.
PROFESSIONAL CORPORATION

P.O. BOX 32819　　　　　　　　　　　　　　　　　　　　　　　　　FRED J. BAXTER
JUNEAU, ALASKA 99803　　　　　　　　　　　　　　　　　　　　　DANIEL G. BRUCE
(907) 789-3166 (Telephone)　　　　　　　　　　　　　　　　　　KEVIN J. SULLIVAN
(907) 789-1913 (Facsimile)　　　　　　　　　　　　　　　　　　　Z. KENT SULLIVAN
www.baxterbrucelaw.com　　　　　October 27, 2005　　　　　KATHLEEN A. FREDERICK
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DAVID A. LAWRENCE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RICHARD L. NELSON

**SENT VIA FIRST CLASS MAIL &
FACSIMILE TRANSMISSION**

Robert C. Gilbert, Esq.
Robert C. Gilbert, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, Florida 33134
fax: (305) 529-1612

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
P.O. Box 34338
Juneau, Alaska 99803
fax: (907) 789-0783

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134-5779
fax: (305) 246-3939

Kevin G. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
fax: (907) 258-2001

Re: *Celebrity Jewelers & Gifts v. Panoff Publishing, Inc., et al.;* Defendants' discovery responses; deposition scheduling; proposed stipulation of discovery deadlines

Gentlemen:

　　The purpose of this letter is threefold: (1) to address the deficiencies in the defendants' discovery responses, (2) to propose deposition scheduling upon receipt of full and complete responses, and (3) to propose a stipulation for extension of pre-trial deadlines.

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 2

I.  **DEFICIENCIES IN DEFENDANTS' DISCOVERY RESPONSES**

While I hope that we can resolve our differences without the Court's intervention, the Court's Scheduling and Planning Order and my own litigation calendar make it imperative that we either work them out promptly or I will need to move to compel soon. Therefore, if we are unable to resolve our differences by Friday, November 11, 2005, I will be filing a motion shortly thereafter. Please contact me as soon as you have had a chance to review and consider these comments.

A.  **DIAK'S RESPONSES**

**INTERROGATORIES TO DIAK**

**INTERROGATORY NO. 1:** Please identify the name, title and position of all persons presently or formerly affiliated with DIAK having direct knowledge or information regarding the facts and circumstances set forth in the complaint or in DIAK's answer thereto. Also, please provide a complete summary of each person's knowledge.
**DEFICIENCY:** You name Albert Gad, Morris Gad, Donna Gad, Michael Villani, Steven Davis, and the various employees listed in your exhibit A. However, in our Preliminary Statement, we had set out the definition of "identify" as to a person to include: "full name, address and phone number, that person's present or last known position and business affiliation and that person's position and business affiliation at the time in question." In addition to the definitions, the interrogatory specifically requests such information. None of the employees and/or former employees are identified as to their position and/or business affiliation. Also, no attempt has been made to summarize the knowledge of any of the witnesses'.

**INTERROGATORY NO. 2:** Please identify the name, title, and position of the person or persons within DIAK primarily responsible for gathering the information set forth in these responses and in communicating that information to your attorneys.
**DEFICIENCY:** Michael Villani is named as one of the individuals responsible for gathering information; however, his title is not given (whereas the title is given for Steven Davis).

**INTERROGATORY NO. 3:** Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who are current employees or independent contractors performing services for Defendant DIAK.
**DEFICIENCY:** The objection to our request as to information on independent contractors is not well-taken. Such information is clearly discoverable. The mere

EXHIBIT 2
Page 2 of 21


Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 3

reference to your current employees in your Exhibit A is not responsive. However, even as to employees, again, no titles or business affiliations are listed in this exhibit.

 **INTERROGATORY NO. 4**: Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who were employed by, or performed services as independent contractors for, Defendant DIAK for the period from January 1, 2000 through March 24, 2004.
 **DEFICIENCY**: The objection to our request as to information on independent contractors is not well-taken. Such information is clearly discoverable.

 **INTERROGATORY NO. 5**: Please describe in detail all of the facts and specifics regarding the meaning, genesis, implementation, date of inception and oversight of the "DI/TI Alaskan Rescue Plan" as referenced in the e-mails attached to Celebrity's amended complaint.
 **DEFICIENCY**: You claim you have no knowledge of the "DI/TI Alaskan Rescue Plan." Rick Domanski, Promotions Manager of Onboard Marketing for the PPI Group, wrote e-mails on 7/26/03 and 7/31/03 (e.g., BAT 000233-235) specifically referencing this plan in connection with meetings with your employees/representatives. Someone at DIAK had to know something. Respectfully, the question is not whether Domanski had authority to speak for DIAK. The question is what you know about this plan.

 **INTERROGATORY NO. 7**: Please describe all facts, details and individuals participating in all conversations and meetings referred to in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."
 **DEFICIENCY**: This interrogatory requests your knowledge regarding the conversations and meetings referred to in these emails. The e-mails refer to Mr. Domanski's meetings with individuals at DIAK. You do not deny that the conversations and meetings took place. Therefore, someone at DIAK obviously participated in and has knowledge about them.

 **INTERROGATORY NO. 9**: Please identify all court cases in the past ten (10) years in which Albert Gad, Morris Gad or any of the entities comprising DIAK have been named as a party, including, the case name, the case number, the place where the case was filed, the nature of the case, whether DIAK or the Gads were represented by an attorney and, if so, the identity of the attorney including address and phone number, and the results of the court case.
 **DEFICIENCY**: You only answered for "court actions in which DIAK has been involved <u>in Alaska</u>" for the time period specified, though the request was not made only

EXHIBIT 2
Page 3 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 4

as to actions in Alaska. Also, you do not identify counsel for the two cases that they listed.

**INTERROGATORY NO. 10:** Please describe in detail all of the services DIAK was receiving from PPI during the period from January 1, 2000 through March 24, 2004.
**DEFICIENCY:** No details are given as to the services provided.

**INTERROGATORY NO. 11:** Please describe in detail the "15K Alaskan mandate [that] came up out of the face to face Princess negotiation" and as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."
**DEFICIENCY:** The e-mail refers to the "15K Alaskan mandate" in connection with Mr. Domanski's meetings with individuals at DIAK. You do not deny that the conversations and meetings took place. Therefore, someone at DIAK obviously has knowledge about it.

**INTERROGATORY NO. 12:** Please specifically identify all evidence DIAK possesses which demonstrates that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques, including:
   A.   Celebrity only purchases diamonds from a pool of diamonds that DI has already rejected out of hand.
   B.   Celebrity sells brown Diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.
   C.   Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.
   D.   Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.
**DEFICIENCY:** In the emails, Rick Domanski says he got such information from DI. This is not denied in your response. Since individuals with DIAK from whom the information came are identified or implicated in the emails, DIAK obviously possesses knowledge.

**INTERROGATORY NO. 13:** Please specifically identify all records, documents and information relating to PPI and/or the cruise lines including, but not limited to, all contracts, on board sales records, fees and/or commissions paid by DIAK to PPI and/or the cruise lines, their agents, employees, representatives or subcontractors, accounts receivable ledgers, and all communications by and between DIAK, PPI and/or the cruise lines, for the period beginning January 1, 2000 and through March 24, 2004.
**DEFICIENCY:** You objected to the interrogatory as overbroad, and failed to identify even the records you consider to be discoverable (e.g., information as to Juneau),

EXHIBIT 2
Page 4 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 5

even by Bates number range or approximate volume. Therefore, your position that the information and documents will be made available only in New York is unreasonable and the contention that the "burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK" is untenable. In addition, even if the relative burden on both sides were substantially the same (which is clearly not the case, either in terms of relative expense to the parties or in terms of relative knowledge and familiarity with the documents) you have failed to comply with the requirement of Rule 33(d) that the "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

**INTERROGATORY NO. 14:** Please specifically identify all fees and commissions paid by DIAK to PPI and/or the cruise lines from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission).

**DEFICIENCY:** You objected to the interrogatory as overbroad, and failed to identify even the records you consider to be discoverable (e.g., information as to Juneau), even by Bates number range or approximate volume. Therefore, your position that the information and documents will be made available only in New York is unreasonable and the contention that the "burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK" is untenable. In addition, even if the relative burden on both sides were substantially the same (which is clearly not the case, either in terms of relative expense to the parties or in terms of relative knowledge and familiarity with the documents), you have failed to comply with the requirement of Rule 33(d) that the "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

**INTERROGATORY NO. 15:** Please identify the various cruise lines operating in Southeast Alaska with whom DIAK contracts and specifically describe the various services DIAK either receives from and/or provides those entities. Please also specifically identify the manner in which compensation is exchanged, including whether such compensation is based upon a percentage of sales, flat fee, etc.

**DEFICIENCY:** You state that there is a contract between DIAK and NCL, but fail to "identify" it as set forth in the Preliminary Statement (date, author, signer(s), address). You further objected to the interrogatory as overbroad, and failed to identify even this single contract by Bates number range or approximate number of pages. Therefore, your position that this one contract will be made available only in New York is unreasonable and the contention that the "burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK" is untenable. In addition,

EXHIBIT 2
Page 5 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 6

even if the relative burden on both sides were substantially the same (which is clearly not the case, either in terms of relative expense to the parties or in terms of relative knowledge and familiarity with the documents), you have failed to comply with the requirement of Rule 33(d) that the "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

    **INTERROGATORY NO 16:** Please specifically describe all services provided to DIAK by PPI for the years 2000 through the present, including any variation or deviation in the services so provided.
    **DEFICIENCY:** PPI's services are not specifically described. (answer limited to "Promotion and advertising, in various forms, provided 2000 to present.")

    **INTERROGATORY NO. 18:** If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all documents, notes, reports, memoranda, electronic and/or tape recordings, photographs, oral statements, or other tangible things which support your refusal to unqualifiedly admit the request.
    **DEFICIENCY:** No documents are identified, even by Bates range or approximate volume. Instead, you make the bare statement that "the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK," they are "available to Celebrity for review and photocopy, upon reasonable advance notice" at DIAK's office in New York. Such response is unsupported and unreasonable. In addition, even if the relative burden on both sides were substantially the same (which is clearly not the case, either in terms of relative expense to the parties or in terms of relative knowledge and familiarity with the documents), you have failed to comply with the requirement of Rule 33(d) that the "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

    **INTERROGATORY NO. 19:** If your response to any request for admission set forth below is anything other than an unqualified admission, please provide the name, address, and telephone number of all persons, including consultants and/or experts, purporting to have any knowledge or factual data upon which you base your refusal to make an unqualified admission to the request. The purpose of this interrogatory is to have you reveal everything presently known to you that bears upon your refusal to respond to the request with an unqualified admission.
    **DEFICIENCY:** You refer generically to your managers in Southeast Alaska and employees "from 2000 through present" as possibly having knowledge, but do not designate who among the employees listed in Exhibit A are managers. You list no phone

EXHIBIT 2
Page 6 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 7

numbers at all. Also, Julie Feldman is listed in the body of the answer as a "former employee," but no address or phone number is given, nor is she listed in your Exhibit A. Despite your generic reference to them, no employees and managers for 2000, 2001, and 2005 are identified at all.

### REQUESTS FOR PRODUCTION TO DIAK

**REQUEST FOR PRODUCTION NO. 1:** If your response to any of the preceding requests for admissions is anything other than an unequivocal admission, please produce all documents that support your response. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
**DEFICIENCY:** You refer to responsive non-privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in New York is grossly disproportionate. Therefore, your position that the documents will be made available only in New York is unreasonable.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents or tangible items received by you, your attorneys, or the persons assisting your attorneys that mention, or relate to the allegations contained in the complaint or DIAK's answer thereto. If such written documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
**DEFICIENCY:** You refer to responsive non-privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in New York is grossly disproportionate. Therefore, your position that the documents will be made available only in New York is unreasonable.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any investigative reports, drawings, diagrams, tape recordings, documents or tangible items generated by you, your attorneys, investigators working for your attorneys and *expert witnesses* you have retained that relate to or mention the allegations contained in the complaint or

EXHIBIT 2
Page 7 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 8

DIAK's answer thereto. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY**: You identify promotional videotapes provided to PPI, but made no objection as to them and have failed to produce them.

**REQUEST FOR PRODUCTION NO. 5**: Please produce any documents, data, or tangible items referenced in DIAK's response to the interrogatories identified above, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY**: You refer to responsive non-privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in New York is grossly disproportionate. Therefore, your position that the documents will be made available only in New York is unreasonable.

**REQUEST FOR PRODUCTION NO. 6**: Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity only purchases diamonds from a pool of diamonds that DIAK has already rejected out of hand. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY**: Contrary to your response to this request, your answer to Request for Admission No. 20 specifically denies that DIAK lacks any evidence, knowledge, information or belief that "Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques."

**REQUEST FOR PRODUCTION NO. 7**: Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity sells brown diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut

EXHIBIT 2
Page 8 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 9


gold, etc. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
   **DEFICIENCY**: Contrary to your response to this request, your answer to Request for Admission No. 20 specifically denies that DIAK lacks any evidence, knowledge, information or belief that "Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques."

   **REQUEST FOR PRODUCTION NO. 8**: Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
   **DEFICIENCY**: Contrary to your response to this request, your answer to Request for Admission No. 20 specifically denies that DIAK lacks any evidence, knowledge, information or belief that "Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques."

   **REQUEST FOR PRODUCTION NO. 9**: Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
   **DEFICIENCY**: Contrary to your response to this request, your answer to Request for Admission No. 20 specifically denies that DIAK lacks any evidence, knowledge, information or belief that "Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques."

   **REQUEST FOR PRODUCTION NO. 11**: Please produce any documents, data, or tangible items referenced in DIAK's initial disclosures and any supplements thereto, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy

EXHIBIT 2
Page 9 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 10

of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
  **DEFICIENCY**: You refer to responsive non-privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in New York is grossly disproportionate. Therefore, your position that the documents will be made available only in New York is unreasonable.

  **REQUEST FOR PRODUCTION NO. 12**: Please produce DIAK's audited and unaudited financial statements, tax returns, and any other documentation summarizing income derived from its Juneau, Alaska store for the 2000, 2001, 2002, 2003 and 2004 tax years. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
  **DEFICIENCY**: Your objection to production of financial statements is not well-taken. The complaint seeks punitive damages to which financial information having a bearing on net worth is directly relevant. The Court has in place a protective order which adequately protects you. As to other responsive documents, you refer to non-privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in New York is grossly disproportionate. Therefore, your position that the documents will be made available only in New York is unreasonable.

  **REQUEST FOR PRODUCTION NO. 13**: Please produce copies of any and all contracts, memorandums of understanding, agreements, etc., entered by and between DIAK and PPI or any of their affiliates for the 2000, 2001, 2002, 2003 and 2004 Alaskan tourist seasons. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
  **DEFICIENCY**: While we disagree that our request is overbroad, the Court's Protective Order more amply protects information regarding other related companies. However, I note that even as to your offer to produce redacted copies of the actual contracts, you fail to identify the master contracts by Bates number range or approximate number of pages. The relative burden and expense upon the parties of production in New

EXHIBIT 2
Page 10 of 21