Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 11

York is grossly disproportionate. Therefore, your position that the redacted contracts will be made available only in New York is unreasonable.

  **REQUEST FOR PRODUCTION NO. 14:** Please produce copies of all documents referencing fees and commissions paid by DIAK to PPI from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission). If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

  **DEFICIENCY:** You refer to responsive documents but fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in New York is grossly disproportionate. Therefore, your position that the documents will be made available only in New York is unreasonable.

  **REQUEST FOR PRODUCTION NO. 15:** Please produce organizational charts for the various entities and personnel comprising DIAK and which detail such organization structure as of June 30, 2003 and June 30, 2005. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

  **DEFICIENCY:** We disagree that our request is overbroad. The organizational charts of the various entities and personnel that "comprise DIAK" is clearly discoverable. As to the current organizational chart, we believe that information regarding the current make-up of DIAK is also discoverable, as that identifies persons who are or may be authorized presently to represent or speak for the company. Your reference to the Gads is only partially responsive. You neither deny the existence of nor offer to produce responsive organizational charts.

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 12

## B.  PPI GROUP'S RESPONSES

### INTERROGATORIES TO PPI GROUP

**INTERROGATORY NO. 5:**  Please identify all merchants, entities, or persons doing business in Southeast Alaska with whom PPI was affiliated, represented, promoted, or contracted with at any time between January 1, 2000 and March 24, 2004, but with whom PPI no longer provides such services.
**DEFICIENCY:**  You list only the names of entities – no contact information.

**INTERROGATORY NO. 6:**  Please describe in detail all of the facts and specifics regarding the meaning, genesis, implementation, date of inception and oversight of the "DI/TI Alaskan Rescue Plan" as referenced in the e-mails attached to Celebrity's amended complaint.
**DEFICIENCY:**  Whether the directive was authorized is not the question.  Any information regarding it is.  For example, Bill Panoff is identified as having received at least one of the e-mails that is attached to the Amended Complaint.  If directive was given to Mr. Domanski or Ms. Soto to recant or refute the statements they made in those e-mails, those details must be produced.  Also, the response must include any information regarding oversight in place either before or after the fact to prevent implementation of any unauthorized plan.

**INTERROGATORY NO. 8:**  Please describe all facts, details and individuals participating in all conversations and meetings referred to in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."
**DEFICIENCY:**  The answer is incomplete.  For example, it fails to state the basis for the belief that the meeting occurred.  Was this a PPI authorized and/or encouraged meeting?  Were they aware of this meeting before it occurred?  Did Mr. Domanski have to report to anyone regarding the results of the meeting?  PPI obviously must know *something* about the details of the meeting to have answered as it has.

**INTERROGATORY NO. 14:**  Please specifically articulate the basis for PPI's contention in its answer that it only engaged in "isolated and infrequent business contacts with the State of Alaska in the course of providing" services.  Please specifically identify the number of merchants (without disclosing their identity) with whom PPI currently contracts in Southeast Alaska and the gross receipts PPI realized from the merchants it contracted with during the 2000, 2001, 2002, 2003 and 2004 tourist seasons.


EXHIBIT 2
Page 12 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 13

**DEFICIENCY:** The 2004 information is clearly discoverable, even if you contend it is not admissible for whatever reason. Plaintiffs have alleged that their damages from the PPI Group's wrongful conduct have continued in 2004. Moreover, the Court's Protective Order adequately protects such information.

**INTERROGATORY NO. 15:** Please specifically identify all records, documents and information relating to Celebrity, including, but not limited to, all contracts, on board sales records, fees paid by Celebrity, commissions paid by Celebrity or PPI to PPI agents, employees, representatives or subcontractors, accounts receivable ledgers, and all communications by and between Celebrity and PPI for the period beginning January 1, 2000 and through the present date.
**DEFICIENCY:** Rule 33(d) states "A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer must be ascertained." PPI has failed to identify which documents are available which are responsive to this request.

**INTERROGATORY NO. 16:** Please specifically identify all fees and commissions paid by Celebrity to PPI from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission).
**DEFICIENCY:** You have failed to specifically identify the fees and commissions as requested in the interrogatory. You have included the year and the totals paid for each year, but have identified neither the dates on which payments were made, nor the characterization of that payment as a fee or commission.

**INTERROGATORY NO. 17:** Please specifically identify all records, documents and information relating to DI, DIAK and/or any of their affiliates, involving the Southeast Alaska cruise ship market, including, but not limited to, on board sales records, fees paid by DI/DIAK, commissions paid by DI/DIAK or PPI to PPI agents, employees, representatives or subcontractors, contracts, accounts receivable ledgers, and all communications by and between DI/DIAK and PPI for the period beginning January 1, 2000 and through March 24, 2004.
**DEFICIENCY:** This request is not overbroad or burdensome. Such information is directly related to Plaintiffs' allegations regarding liability and damages. Moreover, the limitation to "non-financial" records is improper. The Court's Protective Order adequately protects any confidentiality concerns. Further, Rule 33(d) states "A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer must be ascertained." PPI has failed to identify which documents are available which are responsive to this request. Moreover, PPI does not even indicate by Bates range or volume the documents it contends are responsive. The relative burden and expense upon

EXHIBIT 2
Page 13 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 14

the parties of production in Fort Lauderdale is grossly disproportionate. Therefore, to the extent PPI's reference to Rule 33(d) suggests that the documents should be produced only in Fort Lauderdale, such production is unreasonable.

**INTERROGATORY NO. 20:**  Please identify the various cruise lines operating in Southeast Alaska with whom PPI contracts, and specifically describe the various services PPI either receives from and/or provides those entities.  Please also specifically identify the manner in which compensation is exchanged, including whether such compensation is based upon a percentage of sales, flat fee, etc.

**DEFICIENCY:**  You have failed to specifically describe the services provided to the cruise lines with whom you contract as requested in the first part of this interrogatory. As to the manner of compensation (e.g., % v. flat fee), such information, coupled with sales data from merchants such as Celebrity and DIAK, may have a bearing on issues such as whether there is incentive to favor certain merchants and to discourage patronage of others.  Moreover, the Court's Protective Order adequately protects your confidentiality concerns.

**INTERROGATORY NO. 21:**  If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all facts which you contend support your refusal to unqualifiedly admit the request.

**DEFICIENCY:**  Your answer is evasive.  Since, in propounding the interrogatories, Plaintiffs had no way of knowing what requests for admissions, if any, you would deny or fail to answer in an unqualified manner, this interrogatory could not be said to have exceeded the permitted number.  However, even if you are correct (which Plaintiffs dispute), then you have failed to answer up to the number permitted (25).  The interrogatory is not burdensome or oppressive, as Plaintiffs are entitled to know the basis for any such denial or qualified admission.

**INTERROGATORY NO. 22:**  If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all documents, notes, reports, memoranda, electronic and/or tape recordings, photographs, oral statements, or other tangible things which support your refusal to unqualifiedly admit the request.

**DEFICIENCY:**  Your answer is evasive.  Since, in propounding the interrogatories, Plaintiffs had no way of knowing what requests for admissions, if any, you would deny or fail to answer in an unqualified manner, this interrogatory could not be said to have exceeded the permitted number.  However, even if you are correct (which Plaintiffs dispute), then you have failed to answer up to the number permitted (25).  The interrogatory is not burdensome or oppressive, as Plaintiffs are entitled to know the basis for any such denial or qualified admission.

EXHIBIT  2
Page 14 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 15


**INTERROGATORY NO. 23:** If your response to any request for admission set forth below is anything other than an unqualified admission, please provide the name, address, and telephone number of all persons, including consultants and/or experts, purporting to have any knowledge or factual data upon which you base your refusal to make an unqualified admission to the request. The purpose of this interrogatory is to have you reveal everything presently known to you that bears upon your refusal to respond to the request with an unqualified admission.

**DEFICIENCY:** Your answer is evasive. Since, in propounding the interrogatories, Plaintiffs had no way of knowing what requests for admissions, if any, you would deny or fail to answer in an unqualified manner, this interrogatory could not be said to have exceeded the permitted number. However, even if you are correct (which Plaintiffs dispute), then you have failed to answer up to the number permitted (25). The interrogatory is not burdensome or oppressive, as Plaintiffs are entitled to know the basis for any such denial or qualified admission.

## REQUESTS FOR ADMISSION TO PPI GROUP

**REQUEST FOR ADMISSION NO. 8:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently secure contracts with participating merchants on behalf of cruise ship passengers.

**DEFICIENCY:** The objection is inappropriate. It fails to identify in what way or what part of the request is vague or unclear.

**REQUEST FOR ADMISSION NO. 13:** Please admit that Celebrity was advised that the services referenced in Requests for Admissions 6-11 would be provided to it by PPI and its PSAs.

**DEFICIENCY:** The objection is inappropriate. Regardless of the source of the advice, the request can be either admitted or denied.

**REQUEST FOR ADMISSION NO. 14:** Please admit that Celebrity was not advised that the services referenced in Requests for Admissions 6-11 would be provided to PPI merchants in a disparate or unequal manner.

**DEFICIENCY:** The objection is not well-taken. Either Celebrity was or was not so advised. The request can therefore either be admitted, denied, or a detailed explanation can be given as to why it can be neither admitted or denied.

**REQUEST FOR ADMISSION NO. 27:** Please admit that based upon the contracts entered into with PPI, Celebrity is/was required to pay PPI commissions for

EXHIBIT 2
Page 15 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 16

each and every sale that occurred with a passenger from a PPI affiliated ship, irrespective of whether or not PPI was, in fact, responsible for generating the sale.

**DEFICIENCY:** The objection that the contracts speak for themselves is insufficient. Whether the statement is or is not accurate can either be admitted, denied, or a detailed explanation can be given as to why it can be neither admitted or denied.

## REQUESTS FOR PRODUCTION TO PPI GROUP

**REQUEST FOR PRODUCTION NO. 1:** If your response to any of the preceding requests for admissions is anything other than an unequivocal admission, please produce all documents that support your response. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY:** The request is in no way overbroad or vague and, notably, you fail to indicate in what way you believe it is. You refer to responsive non-privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in Fort Lauderdale is grossly disproportionate. Therefore, your position that the documents will be made available only in Fort Lauderdale is unreasonable.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents or tangible items received by you, your attorneys, or the persons assisting your attorneys that mention, or relate to the allegations contained in the complaint or PPI's answer thereto. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY:** You refer generically to responsive non-privileged documents and privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in Fort Lauderdale is grossly disproportionate. Therefore, your position that the documents will be made available only in Fort Lauderdale is unreasonable. Finally, the objections asserted to the identified requests for admission are not adequate reasons to refuse to produce the documents requested.

EXHIBIT 2
Page 16 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 17

**REQUEST FOR PRODUCTION NO. 3:** Please produce any investigative reports, drawings, diagrams, tape recordings, documents or tangible items generated by you, your attorneys, investigators working for your attorneys and expert witnesses you have retained that relate to or mention the allegations contained in the complaint or PPI's answer thereto. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
**DEFICIENCY:** Your claims of privilege are disputed. In addition, you fail to identify or produce a privilege log, as required.

**REQUEST FOR PRODUCTION NO. 5:** Please produce any documents, data, or tangible items referenced in PPI's response to the interrogatories identified above, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
**DEFICIENCY:** You refer generically to responsive non-privileged documents and privileged documents, but do not identify or produce a privilege log, and fail to identify the non-privileged records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in Fort Lauderdale is grossly disproportionate. Your position that the documents will be made available only in Fort Lauderdale is unreasonable. The objections asserted to the identified requests for admission are not adequate reasons to refuse to produce the documents requested.

**REQUEST FOR PRODUCTION NO. 12:** Please produce any documents, data, or tangible items referenced in PPI's initial disclosures and any supplements thereto, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.
**DEFICIENCY:** You refer generically to responsive non-privileged documents and privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in

EXHIBIT 2
Page 17 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 18

Fort Lauderdale is grossly disproportionate. Your position that the documents will be made available only in Fort Lauderdale is unreasonable. The objections asserted to the identified requests for admission are not adequate reasons to refuse to produce the documents requested.

**REQUEST FOR PRODUCTION NO. 13:** Please produce PPI's audited and unaudited financial statements, tax returns, and any other documentation summarizing income derived from its business activities in Southeast Alaska for the 2000, 2001, 2002, 2003 and 2004 tax years. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY:** The financial information for 2004 is discoverable in that Plaintiffs have alleged damages extending into that year and damages from torts, such as defamation and misrepresentation, or conduct prohibited by statute, logically, do not terminate just because the contractual relationship has ended as of a given date. The request is not overbroad or burdensome merely because income is not segregated geographically by region of the country. Not only does the Court's Protective Order adequately protect you in this regard, but Plaintiffs' punitive damage claim entitles them to financial information that has a bearing on your net worth. You refer generically to responsive non-privileged documents and privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and expense upon the parties of production in Fort Lauderdale is grossly disproportionate. Therefore, your position that the documents will be made available only in Fort Lauderdale is unreasonable.

**REQUEST FOR PRODUCTION NO. 14:** Please produce copies of any and all contracts, memorandums of understanding, agreements, etc., entered by and between PPI and DI, DIAK or any of their affiliates for the 2000, 2001, 2002, 2003 and 2004 Alaskan tourist seasons. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY:** 2004 documents are discoverable for the reasons set forth in Plaintiffs' comments regarding the deficiencies in the previous response to RFP 13. Moreover, you refer generically to responsive non-privileged documents, but do not identify or produce a privilege log, and fail to identify the records you consider to be responsive either by Bates number range or approximate volume. The relative burden and

EXHIBIT __2__
Page __18__ of __21__

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 19

expense upon the parties of production in Fort Lauderdale is grossly disproportionate. In addition, your position that the documents will be made available only in Fort Lauderdale is unreasonable.

**REQUEST FOR PRODUCTION NO. 15:** Please produce copies of any and all contracts, memorandums of understanding, agreements, etc., entered by and between PPI and Celebrity for the 2000, 2001, 2002, 2003 and 2004 Alaskan tourist seasons. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY:** The relative burden and expense upon the parties of production in Fort Lauderdale is grossly disproportionate. Your position that the documents will be made available only in Fort Lauderdale is unreasonable.

**REQUEST FOR PRODUCTION NO. 16:** Please produce copies of all documents referencing fees and commissions paid by Celebrity to PPI from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission). If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY:** The relative burden and expense upon the parties of production in Fort Lauderdale is grossly disproportionate. Your position that the documents will be made available only in Fort Lauderdale is unreasonable.

**REQUEST FOR PRODUCTION NO. 17:** Please produce copies of all documents referencing fees and commissions paid by DI/DIAK to PPI from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission). If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**DEFICIENCY:** 2004 documents are discoverable for the reasons set forth in Plaintiffs' comments regarding the deficiencies in the previous response to RFP 13. The relative burden and expense upon the parties of production in Fort Lauderdale is grossly disproportionate. Your position that the documents will be made available only in Fort Lauderdale is unreasonable.

EXHIBIT __2__
Page __19__ of __21__

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 20

      **REQUEST FOR PRODUCTION NO. 18:** Please produce organizational charts for the various entities and personnel comprising PPI and which detail such organization structure as of June 30, 2003 and June 30, 2005. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

      **DEFICIENCY:** The relative burden and expense upon the parties of production in Fort Lauderdale is grossly disproportionate. Your position that the documents will be made available only in Fort Lauderdale is unreasonable.

## II.    SCHEDULING DEPOSITION DISCOVERY UPON RECEIPT OF ADEQUATE RESPONSES

      Beginning within two weeks after Plaintiffs have received adequate responses to their written discovery and have had an adequate opportunity to review any documents produced in connection with those responses, whether pursuant to agreement of the parties or by order of the Court, I would like to take the oral depositions of the following persons:

1. Gayle Reed – Fort Lauderdale, Florida
2. Shari Kirkeeng – Sarasota, Florida
3. Randy Sharman – Calgary, Alberta
4. Joe McGrath – Sun Lakes, Arizona
5. Rick Domanski – Plantation, Florida
6. Bill Panoff – Fort Lauderdale, Florida
7. Albert Gad – New York, New York

      Please advise of your availability and, to the extent any of the above witnesses are under your control, let me know whether you will voluntarily produce them and when and where they will be made available.

## III.    PROPOSED STIPULATION TO EXTEND PRE-TRIAL DEADLINES

      Realistically, I believe it is necessary to extend outstanding pre-trial deadlines by at least 60 days. Although I would like to think that we will be able to resolve the above-referenced discovery disputes indicated above without Court intervention, I think we must consider the possibility that the Court's input will be necessary. If that is the case, the period of time before the Court was able to rule upon DIAK's discovery *motion may be* instructive. Assuming that is an indication of the length of time before we get a ruling on

EXHIBIT 2
Page 20 of 21

Robert C. Gilbert, Esq., *et al.*
October 27, 2005
Page 21

the adequacy of responses to Plaintiffs' written discovery, we may be well into next year before Plaintiffs are in a position to begin taking oral depositions of fact witnesses, let alone designate experts, obtain reports from them, and make them available for deposition. Of course, your deposition needs must be considered as well. Please advise as soon as possible whether you are willing to stipulate to such an extension. Obviously, there is no guarantee that the Court will approve such a stipulation, but at least we should know whether we can reach an agreement to propose to the Court. Your prompt response will be appreciated.

Sincerely,

BAXTER BRUCE & SULLIVAN P.C.

Z. Kent Sullivan

ZKS/hah
cc:    Mohan, Vinod & Rajesh Bathija

EXHIBIT ___2___
Page _21_ of _21_