Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>            Plaintiff,<br><br>v.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10,<br><br>            Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. J04-0011 Civil (RRB) |

**DIAK'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Comes now the Defendant, Diamonds International of Alaska, Ltd. ("DIAK"), by and

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 1 of 20

EXHIBIT 3
Page 1 of 29

through counsel, and pursuant to Fed. R. Civ. P. 33 hereby provides its Supplemental Responses to Plaintiff's First Set of Interrogatories as follows:

**INTERROGATORY NO. 1**: Please identify the name, title and position of all persons presently or formerly affiliated with DIAK having direct knowledge or information regarding the facts and circumstances set forth in the complaint or in DIAK's answer thereto. Also, please provide a complete summary of each person's knowledge.

**ANSWER**: DIAK objects to this Interrogatory to the extent that it seeks a "complete summary of each person's knowledge." DIAK has not collected, created, recorded or received statements from witnesses in this action and, thus, DIAK has no basis at this time upon which to provide a "complete summary of each person's knowledge." DIAK will identify the subject matter of information that DIAK suspects the individuals identified may have relevant to this case.

The persons presently or formerly affiliated with DIAK having possible "direct knowledge" regarding the facts or circumstances set forth in the Complaint or DIAK's Answer thereto, include:

    Albert Gad
    Co-President
    **ATTORNEY CLIENT PRIVILEGE**
    C/O Brena, Bell & Clarkson, P.C.
    310 K. Street, Suite 601
    Anchorage, AK 99501
    (907) 258-2000

    Morris Gad
    Co-President
    **ATTORNEY CLIENT PRIVILEGE**
    C/O Brena, Bell & Clarkson, P.C.
    310 K. Street, Suite 601
    Anchorage, AK 99501
    (907) 258-2000

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 2 of 20

EXHIBIT 3
Page 2 of 29

Donna Gad
Vice President/Secretary/Treasurer
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K. Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

Jacob Hassid
Management
**ATTORNEY CLIENT PRIVILEGE**
Lower Broad St.
Bridgetown, St. Michael
Bahamas
(907) 258-2000

Michael Villani
Project Manager
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K. Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

Steven Davis
Chief Financial Officer
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K. Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

Abe Terapani
Management
**ATTORNEY CLIENT PRIVILEGE**
3A Main Street
St. Thomas, Virgin Islands 00802
(907) 258-2000

Wendy Terapani
Management
**ATTORNEY CLIENT PRIVILEGE**
3A Main Street
St. Thomas, Virgin Islands 00802; (907) 258-2000

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 3 of 20

EXHIBIT 3
Page 3 of 29

Jose I. Martin
Chief Financial Officer
Panoff Publishing, Inc.
4517 31st Ave.
Ft. Lauderdale, FL 33309
(954) 377-7777

Former and/or current employees of DIAK are reflected on Exhibit A hereto. Exhibit A reflects the individuals current or former employment status, their last address and telephone number that is known to DIAK, their title or position, their dates of employment, and a short summary statement of the subject matter of information that DIAK suspects the individuals identified may have relevant to this case.

**INTERROGATORY NO. 2**: Please identify the name, title, and position of the person or persons within DIAK primarily responsible for gathering the information set forth in these responses and in communicating that information to your attorneys.

**ANSWER:** DIAK's Responses and Supplemental Responses to Celebrity's First Set of Discovery Requests, admissions, interrogatories, and requests for production, were prepared by DIAK's legal counsel, Kevin G. Clarkson and Peter M. Hockman. The information provided in DIAK's responses was gathered by:

Steven Davis
Chief Financial Officer
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 4 of 20

EXHIBIT 3
Page 4 of 29

Michael Villani
Project Manager
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

In addition, the following individual provided information regarding DIAK's Supplemental answers to these interrogatories.

Moshe Etzioni
Auditor
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

**INTERROGATORY NO. 3**: Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who are current employees or independent contractors performing services for Defendant DIAK.

**ANSWER:** DIAK's current employees include the individuals listed on Exhibit A hereto. The individuals are identified as being current or former employees. Exhibit A reflects the individuals current or former employment status, their last address and telephone number known to DIAK, their title or position, their dates of employment, and a statement of the subject matter of information that DIAK suspects the individuals identified may have relevant to this case.

DIAK continues to object to this request to the extent that it seeks information regarding "independent contractors" performing work for DIAK. DIAK engaged no independent contractors who have any information regarding the facts of this case except for PPI. Celebrity's request that DIAK identify the various contractors who performed construction, electrical, plumbing, janitorial

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 5 of 20

EXHIBIT 3
Page 5 of 29

etc. services for it is not reasonably calculated to lead to the discovery of admissible evidence. There are many and varied independent contractors that DIAK utilizes in the course of its business operations, ranging from construction general and subcontractors, to electricians, to plumbers, to janitorial service providers. To DIAK's best information and belief, the independent contractors it utilizes in its business operations, other than PPI, have no knowledge of the events that form the basis for the legal claims and defenses in this action. DIAK's store managers and sales staff are employees of the corporation and are not independent contractors. DIAK's employees have already been identified. See Exhibit A.

**INTERROGATORY NO. 4**: Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who were employed by, or performed services as independent contractors for, Defendant DIAK for the period from January 1, 2000 through March 24, 2004.

**ANSWER:** DIAK's employees for the period January, 2000 through March, 2004 include the individuals listed on Exhibit A hereto. The individuals are identified as being current or former employees. Exhibit A reflects the individuals current or former employment status, their last address and telephone number known to DIAK, their title or position, their dates of employment, and a statement of the subject matter of information that DIAK suspects the individuals identified may have relevant to this case.

DIAK continues to object to this request to the extent that it seeks information regarding "independent contractors" performing work for DIAK. DIAK engaged no independent contractors who have any information regarding the facts of this case except for PPI. Celebrity's request that DIAK identify the various contractors who performed construction, electrical, plumbing, janitorial

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 6 of 20

EXHIBIT 3
Page 6 of 29

etc. services for it is not reasonably calculated to lead to the discovery of admissible evidence. There are many and varied independent contractors that DIAK utilizes in the course of its business operations, ranging from construction general and subcontractors, to electricians, to plumbers, to janitorial service providers. To DIAK's best information and belief, the independent contractors it utilizes in its business operations, other than PPI, have no knowledge of the events that form the basis for the legal claims and defenses in this action. DIAK's store managers and sales staff are employees of the corporation and are not independent contractors. DIAK's employees have already been identified. See Exhibit A.

**INTERROGATORY NO. 5**: Please describe in detail all of the facts and specifics regarding the meaning, genesis, implementation, date of inception and oversight of the "DI/TI Alaskan Rescue Plan" as referenced in the e-mails attached to Celebrity's amended complaint.

**ANSWER:** DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." Although Mr. Domanski visited with Mr. Albert Gad and/or Michael Villani in New York, there was never any discussion of a "DI/TI Alaskan Rescue Plan."

**INTERROGATORY NO. 6**: Please name every expert witness you expect or intend to call at trial and for each, state the witness' area or areas of expertise; a summary of his or her qualifications; the subject matter on which he or she is expected to testify; the substance of the facts

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 7 of 20

EXHIBIT 3
Page 7 of 29

and opinions to which she or he is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:** DIAK objects to this Interrogatory to the extent that it seeks to have DIAK identify expert witnesses in advance of the dates established in the Court's Scheduling & Planning Order. Notwithstanding this objection, however, DIAK responds that it has retained Dr. Richard Parks to provide expert economic, business performance, and damage calculation opinions related Plaintiff's claims. Dr. Parks may also provide market related opinions pertinent to Plaintiff's antitrust claims. In other respects, DIAK has not yet retained expert witnesses in this case. DIAK will disclose expert witnesses and expert witness reports pursuant to the schedule adopted in the Court's Scheduling and Planning Order.

**INTERROGATORY NO. 7:** Please describe all facts, details and individuals participating in all conversations and meetings referred to in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:** The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." DIAK believes that Mr. Domanski visited New York and spoke with Albert Gad and/or Michael Villani. These conversations simply related to DIAK's business and merchandise in general. Nothing in these conversations related to Celebrity, Celebrity's merchandise, and/or any so-called "DI/TI Alaskan Rescue Plan." DIAK has no knowledge or information regarding anything called a "DI/TI

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 8 of 20

EXHIBIT 3
Page 8 of 29

Alaskan Rescue Plan" and no such thing was discussed with Mr. Domanski.

**INTERROGATORY NO. 8**: Please describe in detail what is meant by the term "DIAMOND INTELLIGENCE" as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER**: The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." DIAK does not know what the parties to the PPI e-mails meant by "Diamond Intelligence." DIAK believes that Mr. Domanski visited New York and spoke with Albert Gad and/or Michael Villani. These conversations simply related to DIAK's business and merchandise in general. Nothing in these conversations related to Celebrity, Celebrity's merchandise, "Diamond Intelligence," and/or any so-called "DI/TI Alaskan Rescue Plan." DIAK has no knowledge or information regarding anything called a "DI/TI Alaskan Rescue Plan" or "Diamond Intelligence" as referenced in the PPI e-mails, and no such things were discussed with Mr. Domanski.

**INTERROGATORY NO. 9**: Please identify all court cases in the past ten (10) years in which Albert Gad, Morris Gad or any of the entities comprising DIAK have been named as a party, including the case name, the case number, the place where the case was filed, the nature of the case, whether DIAK or the Gads were represented by an attorney and, if so, the identity of the attorney including address and phone number, and the results of the court case.

**ANSWER**: DIAK objects to this Interrogatory as being overbroad and as seeking

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 9 of 20

EXHIBIT 3
Page 9 of 29

information that is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, however, DIAK responds that neither it nor Albert or Morris Gad, or any entity related to DIAK has been involved in litigation involving allegations similar to those expressed in Celebrity's Complaint. Other than this case, the only court actions in which DIAK has been involved in Alaska during the past ten years have related to employment matters and contractual disputes with construction related service providers. <u>Townsend, Zagar v. Diamonds International of Alaska, Morris Gad, Albert Gad, Ron Gad</u>, Case No. 1KE-98-357 Civ. (employment case – defense verdicts after jury trial for all defendants against Zagar and also as to all claims but one made by Townsend – hung jury on one remaining claim by Townsend – this one remaining claim settled favorably to defendants before re-trial). Kevin G. Clarkson was the attorney for defendants. <u>Diamonds International of Alaska v. Southeast Remodel, Inc., and Tim Hulse</u>, Case No. 1JU-05-542 Civ. (construction contract dispute – case pending). Kevin G. Clarkson is the attorney for Plaintiff. Very recently, another case was filed in the District Court for the State of Alaska at Juneau, entitled <u>Shapiro v. Diamonds International of Alaska, Ltd.</u>, Case No. 1JU-05-785 Civ. (sale contract dispute – case pending) Kevin G. Clarkson is the attorney for defendant.

**INTERROGATORY NO. 10**: Please describe in detail all of the services DIAK was receiving from PPI during the period from January 1, 2000 through March 24, 2004.

**ANSWER:** DIAK contracted with PPI for promotional and advertising services during the period of 2000-2004 – PPI's services to DIAK varied during some of the years within the period 2000-2004. For additional details regarding the activities of PPI in providing promotional and advertising services to DIAK, please refer to DIAK's Answers to Plaintiff's First Set of Requests

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
<u>Bathija, et al. v. Panoff Publishing, Inc., et al.</u>, J04-0011 Civil (RRB)
Page 10 of 20

EXHIBIT 3
Page 10 of 29

for Admission.

**INTERROGATORY NO. 11**: Please describe in detail the "15K Alaskan mandate [that] came up out of the face to face Princess negotiation" and as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER**:   The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." DIAK has no information or knowledge regarding any "15K Alaskan mandate." DIAK does not know what the parties to the PPI e-mails meant by "15K Alaskan Mandate." DIAK believes that Mr. Domanski visited New York and spoke with Albert Gad and/or Michael Villani. These conversations simply related to DIAK's business and merchandise in general. Nothing in these conversations related to Celebrity, Celebrity's merchandise, "Diamond Intelligence," any so-called "DI/TI Alaskan Rescue Plan," and/or any "15K Alaskan Mandate." DIAK has no knowledge or information regarding anything called a "DI/TI Alaskan Rescue Plan" or "Diamond Intelligence" or "15K Alaskan Mandate" as referenced in the PPI e-mails, and no such things were discussed with Mr. Domanski.

**INTERROGATORY NO. 12**: Please specifically identify all evidence DIAK possesses which demonstrates that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques, including:

A.   Celebrity only purchases diamonds from a pool of diamonds that DI has already

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 11 of 20

EXHIBIT 3
Page 11 of 29

rejected out of hand.

B.  Celebrity sells brown Diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.

C.  Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.

D.  Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.

**ANSWER:** This Interrogatory, like the Interrogatories above, relates to the e-mails attached to Celebrity's Amended Complaint. Those e-mails represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK has no information or knowledge regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK has never taken a position regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK must conduct discovery to determine what the facts are regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK markets its merchandise by truthfully representing the quality of DIAK merchandise. DIAK does not know what the parties to the PPI e-mails relied upon when they made statements regarding Celebrity's business practices and/or the quality of Celebrity's merchandise. DIAK believes that Mr. Domanski visited New York and spoke with Albert Gad and/or Michael Villani. These conversations simply related to DIAK's business and merchandise in general. Nothing in these conversations related to Celebrity, Celebrity's merchandise, Celebrity's business practices, "Diamond Intelligence," any so-called "DI/TI Alaskan

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 12 of 20

EXHIBIT 3
Page 12 of 29

Rescue Plan" and/or any "15K Alaskan Mandate." The statements reflected in the PPI e-mails regarding Celebrity's merchandise and/or business practices were not made by any representative of DIAK and DIAK thus has no information related to the statements.

**INTERROGATORY NO. 13**: Please specifically identify all records, documents and information relating to PPI and/or the cruise lines including, but not limited to, all contracts, onboard sales records, fees and/or commissions paid by DIAK to PPI and/or the cruise lines their agents, employees, representatives or subcontractors, accounts receivable ledgers, and all communications by and between DIAK, PPI and/or the cruise lines, for the period beginning January 1, 2000 and through March 24, 2004.

**ANSWER**: DIAK objects to this Interrogatory as being overbroad as it relates to contracts with PPI. There are master contracts between PPI and entities related to DIAK which relate to and govern the contractual services that PPI has provided and performed related to DIAK's business and merchandise. These master contracts govern not only PPI's work for DIAK but also for other companies tangentially related to DIAK through common ownership. These tangentially related companies conduct business in locations other than Alaska. DIAK will make redacted copies of the master contracts, deleting all provisions unrelated to DIAK, available to Celebrity for review and photocopy, upon reasonable advance notice at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The redacted copies of the contracts number approximately twenty-five pages. If Celebrity pays for photocopying and shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

DIAK has records that reveal onboard sales and commissions paid to PPI for the period 2000 through 2004. DIAK, however, objects to this Interrogatory as being overbroad. The Interrogatory

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 13 of 20

EXHIBIT 3
Page 13 of 29

is overbroad because it addresses all of DIAK's business with PPI in Alaska which includes stores outside Juneau. DIAK's sales information for stores outside Juneau is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. DIAK competes with Celebrity only in Juneau, because Celebrity operates only in Juneau. DIAK also objects to this request to the extent that it seeks a description of each individual document related to onboard sales and commissions paid to PPI. The answer to this portion of the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding onboard sales and commissions paid to PPI regarding DIAK's Juneau store for the period 2002 through 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The pertinent records are contained within approximately ten boxes. If Celebrity pays for photocopying and shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

To the extent that there are communications between DIAK and PPI during the period January 1, 2000 through March 24, 2004, the answer to the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding communications with PPI for the period January 1, 2000 through March 24, 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The pertinent documents are contained within approximately ten boxes. If Celebrity pays for photocopying and

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 14 of 20

EXHIBIT 3
Page 14 of 29

shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

To the extent that there are contracts and/or communications between DIAK and cruise lines during the period January 1, 2000 through March 24, 2004, the answer to the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding communications with PPI for the period January 1, 2000 through March 24, 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The pertinent records are contained within approximately ten boxes. If Celebrity pays for photocopying and shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

**INTERROGATORY NO. 14**: Please specifically identify all fees and commissions paid by DIAK to PPI and/or the cruise lines from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission).

**ANSWER:** DIAK has records that reveal onboard sales and commissions paid to PPI for the period 2000 through 2004. DIAK, however, objects to this Interrogatory as being overbroad. The Interrogatory is overbroad because it addresses all of DIAK's business with PPI in Alaska which includes stores outside Juneau. DIAK's sales information for stores outside Juneau is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. DIAK competes with Celebrity only in Juneau because Celebrity operates only in Juneau. DIAK also objects to this request to the extent that it seeks a description of each individual document related to onboard sales

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 15 of 20

EXHIBIT 3
Page 15 of 25