William G. Ruddy
Ruddy, Bradley & Kolkhorst
PO Box 34338
Juneau, AK 99803
Tel:   (907) 789-0047
Fax:   (907) 789-0783

Robert C. Gilbert
Robert C. Gilbert, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134
Tel:   (305) 529-9100
Fax:   (305) 529-1612

Attorneys for Defendants Panoff Publishing, Inc., PPI Fleet Services, Inc.
and Port Promotions, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA and SHIVALAY, INC., an Alaskan corporation,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaskan corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10,<br><br>　　　Defendants.<br>_____ | Case No. J04-0011 CV (RRB)<br><br>**PPI'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF DISCOVERY MASTER** |

　　　Defendants Panoff Publishing, Inc. ("Panoff Publishing"), PPI Fleet Services, Inc. ("PPI

Fleet"), and Port Promotions, Inc. ("Port Promotions") (collectively, "PPI"), through undersigned

counsel, file this Response in Opposition to Plaintiff's Motion for Appointment of Discovery Master and state as follows:

### Introduction

Plaintiff filed its Motion for Appointment of Discovery Master without attempting to confer with Defendants in violation of the local rules of this Court. Moreover, Plaintiff's request for the appointment of a master comes without any prior filing of a motion to compel in this case. On the merits, Plaintiff's motion inflates and mischaracterizes the so-called discovery disputes which Plaintiff uses as the premise for appointment of a master. On its face, the motion provides no reasonable basis for appointment of a discovery master which will add extraordinary expense to the litigation. For the reasons discussed in greater detail below, PPI respectfully urges this Court to deny Plaintiff's motion and to award PPI reasonable attorneys' fees and costs in connection therewith.

### Background and Argument

**Discovery Proceedings to Date**. In approximately July 2005, Plaintiff propounded its first set of discovery requests on Defendants. In September 2005, Defendants served extensive responses to Plaintiff's first set of discovery. (See Exhibits A and B). On October 27, 2005, Plaintiff's counsel sent a lengthy letter requesting that Defendants improve, modify and/or clarify their respective discovery responses. In the spirit of cooperation and to promote discovery, on November 22, 2005, PPI served substantially improved, modified and altered responses in accordance with Plaintiff's specific requests. Specifically, PPI modified its responses to interrogatory nos. 5, 6, 8, 14, 16, 17, 20, 21, 22 and 23; request for admissions nos. 8, 13, 14 and 27; and request for production nos. 1, 2, 3, 5, 12, 13, 14, 15, 16, 17 and 18. (See Exhibit C). Defendant Diamonds International of Alaska, Ltd. ("DIAK") likewise amended its discovery response. (See Exhibit D).

Both the original and supplemental discovery responses provided by PPI indicated that the documents requested by Plaintiff were (and still are) available for inspection and copying. Yet, Plaintiff never attempted to (1) inspect the documents in South Florida where PPI is based; (2) request copies be made and sent to Plaintiff; or (3) inquire as to the nature and extent of PPI's discovery responses. Notwithstanding its own lack of diligence, through its motion seeking appointment of a discovery master, Plaintiff cries loudly about not seeing any documents. Contrary to Plaintiff's unsupported statements, however, PPI has never precluded nor denied Plaintiff from obtaining documents responsive to its production request. PPI always expressed its willingness to make the documents available where they are regularly maintained and is under no obligation to transport the documents to Alaska for inspection. *See Mid-America Facilities, Inc. v. Argonaut Ins. Co.,* 78 F.R.D. 497, 498 (E.D. Wis. 1978) (In breach contract claim pending in Wisconsin federal court, defendant California corporation allowed to produce discovery in California where records are kept); *Compagnie des Bauxites de Guinea v. Insurance Co. of North America,* 651 F.2d 877, 883 (3d Cir. 1981), *citing Niagara Duplicator, Co. v. Shackleford,* 160 F.2d 25, 26 (D.C. Cir. 1947); *Lundberg v. Welles,* 93 F.Supp 359 (S.D. N.Y. 1950); *P.K. Cooper v. Fulton,* 117 So.2d 33, 36 (Fla. 3d DCA 1960). PPI remains committed to producing its documents for inspection or, alternatively, to copying and shipping all such documents to Alaska at Plaintiff's expense.

Rather than seizing the opportunity to (1) inspect the documents; (2) request copies of the documents; and/or (3) discern the extent of the responses to discovery, Plaintiff instead prepared another lengthy treatise maligning the adequacy of PPI's discovery responses and this time filed the papers with the court. (See Plaintiff's Exhibit 2 attached to Plaintiff's Memorandum in Support of Motion for Appointment of Discovery Master). Instead of Plaintiff's discussing any of these issues

directly with counsel or filing a motion to compel, Plaintiff merely forwarded a copy of the letter espousing its complaints contemporaneous with its motion for appointment of a discovery master in direct contravention of the spirit of Local Rule 37.1(a). By seeking the appointment of a discovery master, Plaintiff essentially seeks to compel discovery. Taking this route in search of a new person to make discovery decisions, Plaintiff avoids the requirements of Local Rule 37.1(a) which obligates a party to confer with the party(ies) failing to make discovery before seeking relief from the court. Here, Plaintiff unilaterally seeks the appointment of a discovery master to address "issues" which Plaintiff failed to attempt to resolve with the respective Defendants. Before forcing a special master on the parties to handle discovery matters, thus creating additional, unnecessary litigation expenses, Plaintiff should, at the very least, attempt to resolve its "issues" independent of the Court. Alternatively, Plaintiff could have filed a Motion to Compel.

On its face, Plaintiff's request to appoint a discovery master is not warranted in this case. Plaintiff urges this Court to impose a referee into a scenario where none is needed, creating an unnecessary expense and burden on the parties. Plaintiff relies on *Omnium Lyonnais D'Etancheite Et Revetement Asphalte v. Dow Chemical Co.*, 73 F.R.D. 114, 117 (D.C. Cal. 1977) in support of its motion for appointment of a discovery master and cites the following factors as the basis supporting the need for the appointment of a master:

1. Numerous discovery motions, hearings and conferences between counsel and the Court have prevented discovery from progressing beyond its beginning stages;

2. Emotions are high and suspicions are rife between the parties;

3. Both parties requested voluminous, technical documents in the other's possession and in their responses objected to the requests, meaning the Court will most likely have to sift through thousands of pages of documents; and

        4.        The cost factor involved in appointing a discovery master would be far outweighed by the benefit derived therefrom.

Contrary to the Plaintiff's unsupported statements, the record demonstrates that none of these factors have occurred in this case. To the contrary, there have <u>not</u> been numerous discovery motions, hearings and conferences which have prevented discovery from progressing. The record demonstrates that (1) *Defendants* filed a motion for entry of a protective order relating to confidential information and discovery materials (attached as Exhibit E), which was granted by the Court in July 2005 (attached as Exhibit F); and (2) *Defendant* DIAK filed a motion to compel discovery (attached as Exhibit G), which was granted by the Court in September 2005 (attached as Exhibit H). The Court ruled in favor of Defendants on both discovery-related orders.

Furthermore, neither the record nor Plaintiff's current motion support the notion that "emotions are high and suspicions are rife" in this case, necessitating the appointment of a discovery master. In *Omnium*, the court noted that an exceptional condition existed, characterizing counsel "as virtually persona non grata to the other side," citing repeated charges of bad faith by counsel. Only after repeated attempts to urge counsel to attempt to agree on some issues did the court agree to the appointment of a discovery master in *Omnium*. Such wrangling and bickering do not plague the case at bar. The circumstances present here are inapposite.

Unlike *Omnium*, the documents requested in this case are not technical and the discovery objections filed to date will not "necessitate the Court's sifting through volumes of documents." In fact, if Plaintiff simply attempted to view the documents already made available to it before filing this motion, the parties could have proceeded on the course of discovery without being derailed by this mirage of "disputes" alluded to Plaintiff in its motion and the accompanying letter. Essentially,

Plaintiff's motion for appointment of a discovery master distorts and/or misrepresents the nature and extent of the discovery issues in this case and should be summarily denied..

Although the discovery issues set forth in Plaintiff's motion and letter may appear insurmountable based on the lengths of the documents alone, closer scrutiny of the alleged issues reveals that, in reality, only limited discovery disputes exist. The parties and the Court are capable of resolving whatever outstanding discovery matters persist. *Assuming arguendo*, this Court finds that all of Plaintiff's discovery issues are meritorious, such matters could have been resolved in the time and with the effort needed to address the motion to appoint a discovery master. According to the rule, a court may appoint a master to "address pre-trial and post-trial matters that cannot be addressed effectively and timely by an available district judge." Fed.R.Civ.P. 53(a)(1)(C). Plaintiff cannot and has not made such an assertion here.

Notwithstanding PPI's opposition to the appointment of a master based on the lack of a proper showing on need, should the Court deem appointment of a discovery master beneficial in this case, PPI agrees with Plaintiff the following candidates are suitable to serve in that capacity:

1. Jeffrey M. Feldman, Esq.
   Feldman, Orlansky & Sanders
   500 L. Street, Suite 400
   Anchorage Alaska 99501
   Ph:   (907) 257-5300

2. Honorable Mark Rowland
   600 West 76th Avenue, Suite 507
   Anchorage, Alaska 99518
   Ph:   (907) 522-5285

3. Bruce Bookman, Esq.
   Bookman & Helm, LLP
   810 N. Street, Suite 200
   Anchorage, Alaska 99501
   Ph:   (907) 265-5793

Additionally, PPI suggests the following individuals would also be suitable to serve as a discovery master in this case:

1. Honorable Brian C. Shortell
   1328 W. 12th Avenue
   Anchorage, Alaska 99501
   Ph:   (907) 868-1850

2. Daniel T. Quinn, Esq.
   Richmond & Quinn, PC
   360 K Street, Suite 200
   Anchorage, Alaska 99501-2038
   Ph:   (907) 276-5727

3. Matthew K. Peterson, Esq.
   Clapp, Peterson, Van Flein, Tiemessen & Thorsness, LLC
   711 H. Street, Suite 620
   Anchorage, Alaska 99501-3442
   Ph:   (907) 272-9272

## Conclusion

Plaintiff has not demonstrated a need for the appointment of a discovery master in this matter. PPI respectfully urges the Court to deny Plaintiff's motion to appoint a discovery master and requests awarding costs and fees incurred in responding to this motion.

DATED this  17th  day of January, 2006.

ROBERT C. GILBERT, P.A.
220 Alhambra Circle
Suite 400
Coral Gables, FL 33134
Tel:   (305) 529-9100
Fax:   (305) 529-1612
Email: rgilblaw@aol.com

By:   /s/
        Robert C. Gilbert

        RUDDY, BRADLEY & KOLKHORST
        P.O. Box 34338
        Juneau, AK 99803
        Tel:    (907) 789-0047
        Fax:   (907) 789-0783
        Email: wgr@alaska.net

        Attorneys for PPI

**Certificate of Service**

       I hereby certify that on January 17, 2006, a copy of PPI's Response in Opposition to Plaintiff's Motion for Appointment of Discovery Master was served electronically on:

Z. Kent Sullivan, Esq.
Daniel G. Bruce, Esq.
Baxter Bruce & Sullivan, P.C.
9309 Glacier Highway, Suite A-201
PO Box 32819
Juneau, AK 99801
Tel:   (907) 789-3166
Fax:   (907) 789-1913

Kevin G. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
Tel:   (907) 258-2000
Fax:   (907) 258-2001

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, FL 33134
Tel:   (305) 447-9129
Fax:   (305) 246-3939

                                        By:   /s/ Robert C. Gilbert