Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT JUNEAU**

MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,

Plaintiff,

v.

PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10,

Defendants.

Case No. J04-0011 Civil (RRB)

**DIAK'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Comes now the Defendant, Diamonds International of Alaska, Ltd. ("DIAK"), by and

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 1 of 20

EXHIBIT D-1

through counsel, and pursuant to Fed. R. Civ. P. 33 hereby provides its Supplemental Responses to Plaintiff's First Set of Interrogatories as follows:

**INTERROGATORY NO. 1:** Please identify the name, title and position of all persons presently or formerly affiliated with DIAK having direct knowledge or information regarding the facts and circumstances set forth in the complaint or in DIAK's answer thereto. Also, please provide a complete summary of each person's knowledge.

**ANSWER:** DIAK objects to this Interrogatory to the extent that it seeks a "complete summary of each person's knowledge." DIAK has not collected, created, recorded or received statements from witnesses in this action and, thus, DIAK has no basis at this time upon which to provide a "complete summary of each person's knowledge." DIAK will identify the subject matter of information that DIAK suspects the individuals identified may have relevant to this case.

The persons presently or formerly affiliated with DIAK having possible "direct knowledge" regarding the facts or circumstances set forth in the Complaint or DIAK's Answer thereto, include:

Albert Gad
Co-President
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K. Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

Morris Gad
Co-President
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K. Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 2 of 20

EXHIBIT D-2

Donna Gad
Vice President/Secretary/Treasurer
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K. Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

Jacob Hassid
Management
**ATTORNEY CLIENT PRIVILEGE**
Lower Broad St.
Bridgetown, St. Michael
Bahamas
(907) 258-2000

Michael Villani
Project Manager
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K. Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

Steven Davis
Chief Financial Officer
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K. Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

Abe Terapani
Management
**ATTORNEY CLIENT PRIVILEGE**
3A Main Street
St. Thomas, Virgin Islands 00802
(907) 258-2000

Wendy Terapani
Management
**ATTORNEY CLIENT PRIVILEGE**
3A Main Street
St. Thomas, Virgin Islands 00802; (907) 258-2000

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 3 of 20

EXHIBIT  D-3

Jose I. Martin
Chief Financial Officer
Panoff Publishing, Inc.
4517 31st Ave.
Ft. Lauderdale, FL 33309
(954) 377-7777

Former and/or current employees of DIAK are reflected on Exhibit A hereto. Exhibit A reflects the individuals current or former employment status, their last address and telephone number that is known to DIAK, their title or position, their dates of employment, and a short summary statement of the subject matter of information that DIAK suspects the individuals identified may have relevant to this case.

**INTERROGATORY NO. 2:** Please identify the name, title, and position of the person or persons within DIAK primarily responsible for gathering the information set forth in these responses and in communicating that information to your attorneys.

**ANSWER:** DIAK's Responses and Supplemental Responses to Celebrity's First Set of Discovery Requests, admissions, interrogatories, and requests for production, were prepared by DIAK's legal counsel, Kevin G. Clarkson and Peter M. Hockman. The information provided in DIAK's responses was gathered by:

Steven Davis
Chief Financial Officer
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 4 of 20

EXHIBIT D-4

Michael Villani
Project Manager
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

In addition, the following individual provided information regarding DIAK's Supplemental answers to these interrogatories.

Moshe Etzioni
Auditor
**ATTORNEY CLIENT PRIVILEGE**
C/O Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, AK 99501
(907) 258-2000

**INTERROGATORY NO. 3**: Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who are current employees or independent contractors performing services for Defendant DIAK.

**ANSWER:** DIAK's current employees include the individuals listed on Exhibit A hereto. The individuals are identified as being current or former employees. Exhibit A reflects the individuals current or former employment status, their last address and telephone number known to DIAK, their title or position, their dates of employment, and a statement of the subject matter of information that DIAK suspects the individuals identified may have relevant to this case.

DIAK continues to object to this request to the extent that it seeks information regarding "independent contractors" performing work for DIAK. DIAK engaged no independent contractors who have any information regarding the facts of this case except for PPI. Celebrity's request that DIAK identify the various contractors who performed construction, electrical, plumbing, janitorial

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 5 of 20

EXHIBIT D-5

etc. services for it is not reasonably calculated to lead to the discovery of admissible evidence. There are many and varied independent contractors that DIAK utilizes in the course of its business operations, ranging from construction general and subcontractors, to electricians, to plumbers, to janitorial service providers. To DIAK's best information and belief, the independent contractors it utilizes in its business operations, other than PPI, have no knowledge of the events that form the basis for the legal claims and defenses in this action. DIAK's store managers and sales staff are employees of the corporation and are not independent contractors. DIAK's employees have already been identified. See Exhibit A.

**INTERROGATORY NO. 4**: Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who were employed by, or performed services as independent contractors for, Defendant DIAK for the period from January 1, 2000 through March 24, 2004.

**ANSWER:** DIAK's employees for the period January, 2000 through March, 2004 include the individuals listed on Exhibit A hereto. The individuals are identified as being current or former employees. Exhibit A reflects the individuals current or former employment status, their last address and telephone number known to DIAK, their title or position, their dates of employment, and a statement of the subject matter of information that DIAK suspects the individuals identified may have relevant to this case.

DIAK continues to object to this request to the extent that it seeks information regarding "independent contractors" performing work for DIAK. DIAK engaged no independent contractors who have any information regarding the facts of this case except for PPI. Celebrity's request that DIAK identify the various contractors who performed construction, electrical, plumbing, janitorial

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 6 of 20

EXHIBIT D-6

etc. services for it is not reasonably calculated to lead to the discovery of admissible evidence. There are many and varied independent contractors that DIAK utilizes in the course of its business operations, ranging from construction general and subcontractors, to electricians, to plumbers, to janitorial service providers. To DIAK's best information and belief, the independent contractors it utilizes in its business operations, other than PPI, have no knowledge of the events that form the basis for the legal claims and defenses in this action. DIAK's store managers and sales staff are employees of the corporation and are not independent contractors. DIAK's employees have already been identified. See Exhibit A.

**INTERROGATORY NO. 5**: Please describe in detail all of the facts and specifics regarding the meaning, genesis, implementation, date of inception and oversight of the "DI/TI Alaskan Rescue Plan" as referenced in the e-mails attached to Celebrity's amended complaint.

**ANSWER:** DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." Although Mr. Domanski visited with Mr. Albert Gad and/or Michael Villani in New York, there was never any discussion of a "DI/TI Alaskan Rescue Plan."

**INTERROGATORY NO. 6**: Please name every expert witness you expect or intend to call at trial and for each, state the witness' area or areas of expertise; a summary of his or her qualifications; the subject matter on which he or she is expected to testify; the substance of the facts

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 7 of 20

EXHIBIT D-7

and opinions to which she or he is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:** DIAK objects to this Interrogatory to the extent that it seeks to have DIAK identify expert witnesses in advance of the dates established in the Court's Scheduling & Planning Order. Notwithstanding this objection, however, DIAK responds that it has retained Dr. Richard Parks to provide expert economic, business performance, and damage calculation opinions related Plaintiff's claims. Dr. Parks may also provide market related opinions pertinent to Plaintiff's antitrust claims. In other respects, DIAK has not yet retained expert witnesses in this case. DIAK will disclose expert witnesses and expert witness reports pursuant to the schedule adopted in the Court's Scheduling and Planning Order.

**INTERROGATORY NO. 7:** Please describe all facts, details and individuals participating in all conversations and meetings referred to in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:** The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." DIAK believes that Mr. Domanski visited New York and spoke with Albert Gad and/or Michael Villani. These conversations simply related to DIAK's business and merchandise in general. Nothing in these conversations related to Celebrity, Celebrity's merchandise, and/or any so-called "DI/TI Alaskan Rescue Plan." DIAK has no knowledge or information regarding anything called a "DI/TI

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 8 of 20

EXHIBIT D-8

Alaskan Rescue Plan" and no such thing was discussed with Mr. Domanski.

**INTERROGATORY NO. 8**: Please describe in detail what is meant by the term "DIAMOND INTELLIGENCE" as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:** The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." DIAK does not know what the parties to the PPI e-mails meant by "Diamond Intelligence." DIAK believes that Mr. Domanski visited New York and spoke with Albert Gad and/or Michael Villani. These conversations simply related to DIAK's business and merchandise in general. Nothing in these conversations related to Celebrity, Celebrity's merchandise, "Diamond Intelligence," and/or any so-called "DI/TI Alaskan Rescue Plan." DIAK has no knowledge or information regarding anything called a "DI/TI Alaskan Rescue Plan" or "Diamond Intelligence" as referenced in the PPI e-mails, and no such things were discussed with Mr. Domanski.

**INTERROGATORY NO. 9**: Please identify all court cases in the past ten (10) years in which Albert Gad, Morris Gad or any of the entities comprising DIAK have been named as a party, including the case name, the case number, the place where the case was filed, the nature of the case, whether DIAK or the Gads were represented by an attorney and, if so, the identity of the attorney including address and phone number, and the results of the court case.

**ANSWER:** DIAK objects to this Interrogatory as being overbroad and as seeking

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 9 of 20

EXHIBIT D-9

information that is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, however, DIAK responds that neither it nor Albert or Morris Gad, or any entity related to DIAK has been involved in litigation involving allegations similar to those expressed in Celebrity's Complaint. Other than this case, the only court actions in which DIAK has been involved in Alaska during the past ten years have related to employment matters and contractual disputes with construction related service providers. Townsend, Zagar v. Diamonds International of Alaska, Morris Gad, Albert Gad, Ron Gad, Case No. 1KE-98-357 Civ. (employment case – defense verdicts after jury trial for all defendants against Zagar and also as to all claims but one made by Townsend – hung jury on one remaining claim by Townsend – this one remaining claim settled favorably to defendants before re-trial). Kevin G. Clarkson was the attorney for defendants. Diamonds International of Alaska v. Southeast Remodel, Inc., and Tim Hulse, Case No. 1JU-05-542 Civ. (construction contract dispute – case pending). Kevin G. Clarkson is the attorney for Plaintiff. Very recently, another case was filed in the District Court for the State of Alaska at Juneau, entitled Shapiro v. Diamonds International of Alaska, Ltd., Case No. 1JU-05-785 Civ. (sale contract dispute – case pending) Kevin G. Clarkson is the attorney for defendant.

**INTERROGATORY NO. 10**: Please describe in detail all of the services DIAK was receiving from PPI during the period from January 1, 2000 through March 24, 2004.

**ANSWER:** DIAK contracted with PPI for promotional and advertising services during the period of 2000-2004 – PPI's services to DIAK varied during some of the years within the period 2000-2004. For additional details regarding the activities of PPI in providing promotional and advertising services to DIAK, please refer to DIAK's Answers to Plaintiff's First Set of Requests

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 10 of 20

EXHIBIT D-10

for Admission.

**INTERROGATORY NO. 11**: Please describe in detail the "15K Alaskan mandate [that] came up out of the face to face Princess negotiation" and as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al.*, dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:** The e-mails attached to Celebrity's Amended Complaint represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK specifically has no information or knowledge regarding anything called or referred to as the "DI/TI Alaskan Rescue Plan." DIAK has no information or knowledge regarding any "15K Alaskan mandate." DIAK does not know what the parties to the PPI e-mails meant by "15K Alaskan Mandate." DIAK believes that Mr. Domanski visited New York and spoke with Albert Gad and/or Michael Villani. These conversations simply related to DIAK's business and merchandise in general. Nothing in these conversations related to Celebrity, Celebrity's merchandise, "Diamond Intelligence," any so-called "DI/TI Alaskan Rescue Plan," and/or any "15K Alaskan Mandate." DIAK has no knowledge or information regarding anything called a "DI/TI Alaskan Rescue Plan" or "Diamond Intelligence" or "15K Alaskan Mandate" as referenced in the PPI e-mails, and no such things were discussed with Mr. Domanski.

**INTERROGATORY NO. 12**: Please specifically identify all evidence DIAK possesses which demonstrates that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques, including:

A. Celebrity only purchases diamonds from a pool of diamonds that DI has already

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 11 of 20

EXHIBIT D-11

rejected out of hand.

B. Celebrity sells brown Diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.

C. Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.

D. Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.

**ANSWER:** This Interrogatory, like the Interrogatories above, relates to the e-mails attached to Celebrity's Amended Complaint. Those e-mails represent communications between PPI personnel, principally Rick Domanski and other PPI personnel. The e-mails were not sent, and they do not reflect that they were sent, to anyone at or with DIAK. DIAK has no information or knowledge regarding the e-mails. DIAK has no information or knowledge regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK has never taken a position regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK must conduct discovery to determine what the facts are regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK markets its merchandise by truthfully representing the quality of DIAK merchandise. DIAK does not know what the parties to the PPI e-mails relied upon when they made statements regarding Celebrity's business practices and/or the quality of Celebrity's merchandise. DIAK believes that Mr. Domanski visited New York and spoke with Albert Gad and/or Michael Villani. These conversations simply related to DIAK's business and merchandise in general. Nothing in these conversations related to Celebrity, Celebrity's merchandise, Celebrity's business practices, "Diamond Intelligence," any so-called "DI/TI Alaskan

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 12 of 20

EXHIBIT D-12

Rescue Plan" and/or any "15K Alaskan Mandate." The statements reflected in the PPI e-mails regarding Celebrity's merchandise and/or business practices were not made by any representative of DIAK and DIAK thus has no information related to the statements.

**INTERROGATORY NO. 13**: Please specifically identify all records, documents and information relating to PPI and/or the cruise lines including, but not limited to, all contracts, onboard sales records, fees and/or commissions paid by DIAK to PPI and/or the cruise lines their agents, employees, representatives or subcontractors, accounts receivable ledgers, and all communications by and between DIAK, PPI and/or the cruise lines, for the period beginning January 1, 2000 and through March 24, 2004.

**ANSWER:** DIAK objects to this Interrogatory as being overbroad as it relates to contracts with PPI. There are master contracts between PPI and entities related to DIAK which relate to and govern the contractual services that PPI has provided and performed related to DIAK's business and merchandise. These master contracts govern not only PPI's work for DIAK but also for other companies tangentially related to DIAK through common ownership. These tangentially related companies conduct business in locations other than Alaska. DIAK will make redacted copies of the master contracts, deleting all provisions unrelated to DIAK, available to Celebrity for review and photocopy, upon reasonable advance notice at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The redacted copies of the contracts number approximately twenty-five pages. If Celebrity pays for photocopying and shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

DIAK has records that reveal onboard sales and commissions paid to PPI for the period 2000 through 2004. DIAK, however, objects to this Interrogatory as being overbroad. The Interrogatory

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 13 of 20

EXHIBIT D-13

is overbroad because it addresses all of DIAK's business with PPI in Alaska which includes stores outside Juneau. DIAK's sales information for stores outside Juneau is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. DIAK competes with Celebrity only in Juneau, because Celebrity operates only in Juneau. DIAK also objects to this request to the extent that it seeks a description of each individual document related to onboard sales and commissions paid to PPI. The answer to this portion of the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding onboard sales and commissions paid to PPI regarding DIAK's Juneau store for the period 2002 through 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The pertinent records are contained within approximately ten boxes. If Celebrity pays for photocopying and shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

To the extent that there are communications between DIAK and PPI during the period January 1, 2000 through March 24, 2004, the answer to the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding communications with PPI for the period January 1, 2000 through March 24, 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The pertinent documents are contained within approximately ten boxes. If Celebrity pays for photocopying and

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 14 of 20

EXHIBIT D-14

shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

To the extent that there are contracts and/or communications between DIAK and cruise lines during the period January 1, 2000 through March 24, 2004, the answer to the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding communications with PPI for the period January 1, 2000 through March 24, 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The pertinent records are contained within approximately ten boxes. If Celebrity pays for photocopying and shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

**INTERROGATORY NO. 14**: Please specifically identify all fees and commissions paid by DIAK to PPI and/or the cruise lines from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission).

**ANSWER:** DIAK has records that reveal onboard sales and commissions paid to PPI for the period 2000 through 2004. DIAK, however, objects to this Interrogatory as being overbroad. The Interrogatory is overbroad because it addresses all of DIAK's business with PPI in Alaska which includes stores outside Juneau. DIAK's sales information for stores outside Juneau is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. DIAK competes with Celebrity only in Juneau because Celebrity operates only in Juneau. DIAK also objects to this request to the extent that it seeks a description of each individual document related to onboard sales

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 15 of 20

EXHIBIT D-15

and commissions paid to PPI.

The total annual fees and commissions paid by DIAK to PPI regarding Juneau for the period January 2000 through 2001 will be set out in a report produced with DIAK's documents. The answer to this portion of the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records regarding onboard sales and commissions paid to PPI regarding DIAK's Juneau store for the period 2002 through 2004 available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The pertinent records are contained with approximately ten boxes. If Celebrity pays for photocopying and shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

**INTERROGATORY NO. 15**: Please identify the various cruise lines operating in Southeast Alaska with whom DIAK contracts and specifically describe the various services DIAK either receives from and/or provides those entities. Please also specifically identify the manner in which compensation is exchanged, including whether such compensation is based upon a percentage of sales, flat fee, etc.

**ANSWER:** DIAK objects to this Interrogatory as being overbroad. DIAK's business and/or business relationships with cruise lines other than those on which PPI provides contractual services to DIAK are irrelevant to this action and information in this regard cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK contracts directly only with one cruise line and that is NCL. The terms of this contract may be derived from reviewing the contract and the

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 16 of 20

EXHIBIT  D-16

burden of deriving or ascertaining the terms of the contract is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make the contract available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036. The contract will be produced at Celebrity's request. The cruise lines operating in Southeast Alaska that stop in Juneau and on which PPI provides contractual services to DIAK include: Holland America Line; Radisson Seven Seas Cruises; and Princess Cruise Lines. If Celebrity pays for photocopying and shipping in advance, then DIAK will copy and ship the documents to Celebrity care of its counsel, Z. Kent Sullivan, Esq.

DIAK objects to this Interrogatory because DIAK's relationships with cruise lines and business with cruise lines outside of DIAK's business with PPI is irrelevant to the subject matter of this action and information in this regard cannot reasonably be expected to lead to the discovery of admissible evidence. Celebrity's claim in this action is that DIAK allegedly conspired with PPI to deprive PPI of the benefit of its contracts with PPI.

**DIAK designates the information disclosed in this Interrogatory Answer as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**INTERROGATORY NO. 16**: Please specifically describe all services provided to DIAK by PPI for the years 2000 through the present, including any variation or deviation in the services so provided.

**ANSWER:** Promotion and advertising, in various forms, provided 2000 to present.

**INTERROGATORY NO. 17**: If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all facts which you contend support your refusal to unqualifiedly admit the request.

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 17 of 20

EXHIBIT D-17

**ANSWER:** See Response to First Set of Requests for Admission.

**INTERROGATORY NO. 18**: If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all documents, notes, reports, memoranda, electronic and/or tape recordings, photographs, oral statements, or other tangible things which support your refusal to unqualifiedly admit the request.

**ANSWER:** The answer to this portion of the Interrogatory may be derived or ascertained from DIAK's business records and the burden of deriving or ascertaining the answer is substantially the same for Celebrity as it would be for DIAK. Therefore, pursuant to Fed. R. Civ. P. 33(d) DIAK will simply make its business records for the period 2002 through 2004 that contain information responsive to this Interrogatory available to Celebrity for review and photocopy, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**INTERROGATORY NO. 19**: If your response to any request for admission set forth below is anything other than an unqualified admission, please provide the name, address, and telephone number of all persons, including consultants and/or experts, purporting to have any knowledge or factual data upon which you base your refusal to make an unqualified admission to the request. The purpose of this interrogatory is to have you reveal everything presently known to you that bears upon your refusal to respond to the request with an unqualified admission.

**ANSWER:** The individuals with information regarding the various subjects addressed in Celebrity's Requests for Admission include, but are not necessarily limited to, Morris Gad Co-President **(Attorney Client Privilege)**, Albert Gad (Co-President) **(Attorney Client Privilege)**, Donna Gad (Vice President/Secretary/Treasurer) **(Attorney Client Privilege)**, Steven Davis (Chief Financial Officer) **(Attorney Client Privilege)**, Michael Villani (Project Manager) **(Attorney Client**

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 18 of 20

EXHIBIT D-18

**Privilege**), Julie Feldman (former employee, no longer with company), Abe Terapani (Management), Wendy Terapani (Management), Jacob Hassid (Management), Jose I. Martin (Chief Financial Officer, Panoff Publishing, Inc.), DIAK's managers in Southeast Alaska during the period of 2000 through present; and DIAK's employees in Southeast Alaska during the period of 2000 through present. See Exhibit A hereto.

DATED this _____ day of _________________, 2005.

**As to Answers:**

Diamonds International of Alaska, Ltd.

By ______________________________
Morris Gad

**As to Objections:**

BRENA, BELL & CLARKSON, P.C.
Attorneys for Defendants
Diamonds International of Alaska, Ltd.

By ______________________________
Kevin G. Clarkson
Alaska Bar No. 8511149

Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 19 of 20

EXHIBIT D-19

**CERTIFICATE OF SERVICE**

I hereby certify that on Nov. 23, 2005, a true and correct copy of the foregoing document was mailed ✓, hand delivered ___ faxed ___ to:

Z. Kent Sullivan, Esq.
P.O. Box 32819
Juneau, AK 99803

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, FL 33134

William G. Ruddy, Esq.
P.O. Box 34338
Juneau, AK 99803

Robert C. Gilbert, Esq.
2200 Alhambra Circle, Suite 400
Coral Gables, FL 33134

Eileen Frison
Eileen Frison

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 20 of 20

EXHIBIT D-20

**EXHIBIT A**
**TO**
**DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**Batjija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)**

**2002 - ALASKA EMPLOYEES**
**DIAMONDS INTERNATIONAL OF ALASKA, LTD.**

Jingle Bandoy
P.O. Box 307202
St. Thomas, VI 00802
Former Employee/Sales
Sales Practices

Jessica Beck
18454 Waco St., NW
Elk River, MN 55330
Former Employee/Sales
Works for GIA, Carlsbad, CA
Sales Practices

Jennifer Bostrom
17020 President Dr.
Castro Valley, CA 94546
Former Employee/Sales, Juneau, AK
Sales Practices

Linda Chase
1923 Mattis Drive
Dayton, OH 45439
Former Employee/Sales
Works for Princess
Sales Practices

Arturo Contreras
326 4th St., #406
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Marianne Delaraz
4429 Julep Street
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Betty Diaz
c/o DI Cozumel
Former Employee/Management
Now works for Little Swiss in Key West
Sales Practices

Juan Diaz
c/o DI Cozumel
Former Employee/Management
Now works for Little Swiss in Key West
Sales Practices

Jose Duenas
326 4th St., Apt. 1012
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Cyla Garcia
5875 Glacier Hwy, #74
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Paul Carcia
c/o DI USVI
Former Employee/Sales
Sales Practices

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
Page 1 of 8

EXHIBIT D-21

Nicholas Hall
3875 Melissa Lane
Castro Valley, CA 94546
Former Employee/Sales
Sales Practices

Jennifer Hanlon
3149 Lawson Creek kRoad
Douglas, AK 99824
Former Employee/Courtesy Associate
Sales Practices

Monica Laskay
3375 Manderwill Canyon Road
Los Angeles, CA 90049
Former Employee/Sales
Sales Practices

Tony Manacio
1800 North Wood River, No. C-24
Juneau, AK 99803
Former Employee
Maintenance-Housekeeping
Sales Practices

Miranda Marashal
Nisky Mail Box #539
Nisky Center
St. Thomas, VI 00802
Former Employee/Management
Sales Practices, and Interaction and Relationship with PPI

Zahyda Montenegro
704 B S 15th Street
Alington, VA 22202
Former Employee/Sales
Sales Practices

Scarlett Otero
3 Fox Hollow Lane
Hopewell Jct, NY 12533
Former Employee-New York
Management, and Interaction and Relationship with PPI

Erica Peterson
P.O. Box 416
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Daniel Scherr
7433 Tescott Dr.
Lake Worth, FL 33467
Former Employee/Sales
Sales Practices

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
Page 2 of 8

EXHIBIT D-22

**2003 - ALASKA EMPLOYEES**
**DIAMONDS INTERNATIONAL OF ALASKA LTD.**

Charles Abbott
Juneau, AK
Former Employee
Maintenance-Housekeeping
Janitorial Work and Housekeeping

Jennifer Bostrom
17020 President Drive
Castro Valley, CA 94546
Former Employee/Sales
Sales Practices

Andrea Cadiente
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Virginia Custer
9211 Gee Street
Juneau, AK 99801
Former Employee/Courtesy Associate
Sales Practices

Betty Diaz
c/o DI Cozumel
Former Employee/Management
Now works for Little Swiss in Key West
Sales Practices, and Interaction and Relationship with PPI

Juan Diaz
c/o DI Cozumel
Former Employee/Management
Now works for Little Swiss in Key West
Sales Practices, and Interaction and Relationship with PPI

Jose Octavio Duenas
326 4th St., Apt. 1012
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Nicholas Hall
3875 Melissa Lane
Castro Valley, CA 94546
Former Employee/Sales
Sales Practices

Jennifer Hanlon
P.O. Box 183
Yakutat, AK 99689
Former Employee/Sales
Sales Practices

Naomi Laurence
c/o DI USVI
St. Thomas, VI
Current Employee/Cashier, St. Thomas
Sales Practices

Lisa Marcum
c/o DI USVI
St. Thomas, VI
Former Employee/Management
Sales Practices

Jennifer Michaels
Juneau, AK 99801
Former Employee/Management
Sales Practices

Jose Mario Montes De Oca
c/o DI Cozumel
Former Employee/Jeweler
Sales Practices

EXHIBIT D-23

Bruce Negron
850 15th Street, No. 4
Miami Beach, FL 33139
Former Employee/Sales
Works for Little Swiss in Key West
Sales Practices

Scarlet Otero
3 Fox Hollow Lane
Hopewell Jct., NY 12533
Former Employee-New York
Management
Sales Practices, and Interaction and
Relationship with PPI

Anisia Sisikin
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Kathleen Sullivan
238 Charles Street
Westfield, NJ 07090
Former Employee/Sales
Current Address: 1229 Park Avenue
Hoboken, NJ
Sales Practices

Rachelle Todman
c/o DI USVI
St. Thomas, VI
Former Employee/Sales
Sales Practices

April Xavier
c/o DI USVI
Current Employee/Cashier
St. Thomas, VI
Sales Practices

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
Page 4 of 8

EXHIBIT D-24

**2004 - ALASKA EMPLOYEES**
**DIAMONDS INTERNATIONAL OF ALASKA LTD.**

Brian Adamson
8186 Grant Street
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Steve Bean
4493 Columbia Boulevard
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Charles Abbott
Juneau, AK 99801
Former Employee/Housekeeping
Janitorial Work and Housekeeping

Dornamay Adams
P.O. Box 9765
St. Thomas, USVI 00801
Current Employee/Cashier
Sales Practices

Tom Kearns
P.O. Box 295
St Thomas, USVI 00804
Current Employee/Sales
Sales Practices

Marc Edgar King
4609 Anlo Avenue
Waco, TX 76710
Former Employee/Sales
Sales Practices

Dean Dodson
Sales Practices

Ronan Gad
c/o DI Cozumel
Current Employee/Management in Mexico
Sales Practices, and Interaction and Relationship with PPI

Olena Cave
2201 Meadow Lane
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Jarrett Cherkas
P.O. Box 6555
FDR Station, NY 10150
Current Employee/Sales, St. Thomas
Sales Practices

Carol Chrespin
c/o DI Cozumel
Current Employee/Management, Cozumel
Sales Practices, and Interaction With and Relationship With PPI

Jonathan Collard
2760 Douglas Highway, No. 5
Juneau, AK 99801
Former Employee
Sales Practices

Crystal Coogan
P.O. Box 34499
Juneau, AK 99803
Former Employee/Sales
Sales Practices

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
Page 5 of 8

EXHIBIT D-25

Grace Dalman
4933 Hummingbird Lane
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Betsy Davey
P.O. Box 1095
Juneau, AK 99802
Former Employee/Cashier
Sales Practices

Marianne De la Paz
4429 Julep Street
Juneau, AK 99801
Former Employee/Sales
Sales Practices

George Gattas
6501 Red Hook Plaza, St. 201
c/o Carolyn Colmer
St. Thomas, USVI 00802
Former Employee/Jeweler
Sales Practices and DIAK Merchandise

Legamas George
P.O. Box 20651
Juneau, AK 99802
Former Employee
Sales Practices

Tal Harris
c/o Almod 592 5th Avenue
New York, NY 10036
Current Employee/On Leave - Maternity
Sales Practices

Rogee Hulse
P.O. Box 5025
Ketchikan, AK 99901
Former Employee/Maintenance; Repair and Maintenance of Store Building Facility

Marah Joseph
3-A Main Street
St. Thomas, USVI 00802
Current Employee/Cashier, St. Thomas
Sales Practices

Mike Kaznakoff
P.O. Box 32651
Juneau, AK 99803
Former Employee/Sales
(Worked one day)
Sales Practices

Eric Koons
763 Lawrence Avenue
Westfield, NJ 07090
Former Employee/Sales
Sales Practices

Efrat Lamdan
15 Steven Drive
Hewlett, NY 11557
Current Employee/Sales
Sales Practices

David Langs
186-19 Williamson Avenue
Springfield Gardens, NY 11413
Former Employee/Sales
Sales Practices

Cecilia Lecaros
13650 Barkley Place
Chino, CA 91710
Former Employee/Sales, Cozumel
Sales Practices

Laura McCammon
103 Elm Springs
Boerne, TX 78006
Former Employee/Sales
Sales Practices

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
Page 6 of 8

EXHIBIT D-26

Josiah McCleod
10411 Ivy Ridge
Houston, TX 77043
Former Employee/Sales
Sales Practices

Jennifer Michaels
5010 N. Douglas Highway, No. 16
Juneau, AK 99801
Former Employee/Sales
Sales Practices

Katherine Nalan
1800 Northwood Drive
Juneau, AK 99801
Former Employee
Sales Practices

Troy Opsal
9188 Cinema Drive
Juneau, AK 99802
Former Employee/Sales
Sales Practices

Scarlett Otero
3 Fox Hollow Lane
Hopewell Jct, NY 11533
Former Employee-New York
Management; and Interaction and
Relationship with PPI

Suzanne Pin
Juneau, AK 99801
Former Employee
Sales Practices

Stephen Porter
394-161 Hidden Valley
St. Thomas, USVI 00802
Current Employee/Sales
Sales Practices

Daid Del Real
4 New Britain Circle
Salinas, CA 93906
Former Employee/Sales, Mexico
Sales Practices

Erick Del Real
4 New Britain Circle
Salinas, CA 93906
Former Employee/Sales
Sales Practices

Rashel Remor
c/o Almod 592 5th Avenue
New York, NY 10036
Former Employee/Sales
Sales Practices

Daniel Rosenthal
Juneau, AK 99801
c/o Almod 592 5th Avenue
New York, NY 10036
Current Employee/Management
Sales Practices, and Interaction and
Relationship with PPI

Jessica Ryan
P.O. Box 32225
Juneau, AK 99803
Former Employee/Cashier
Sales Practices

Jerry Salidian
3700 W. Flamingo Road
Suite 21A, BOC 204 c/o Diamonds Int'l
Las Vegas, NV 89103
Former Employee/Sales-Jeweler
Sales Practices, and DIAK Merchandise

EXHIBIT  D-27

Stephanie Scanlon
9039 Lupine Lane
Juneau, AK 99801
Current Employee/Sales, Mexico
Sales Practices

Jim F. Schmidt
P.O. Box 20917
Juneau, AK 99801
Former Employee/Maintenance
Sales Practices

Randy L. Schmidt
1617 Douglas Hwy, No. A-7
Juneau, AK 99801
Former Employee
Sales Practices

Jennifer Sharp
9317 Turn Street
Juneau, AK 99801
Former Employee/Courtesy Associate
Sales Practices

Byron Scott Smith
3880 E. Foxhunter Road
Fayetteville, AR 72703
Former Employee/Sales-Administration
Sales Practices, and Interaction and
Relationship with PPI

Kathleen Sullivan
238 Charles Street
Westfield, NJ 07090
Former Employee/Sales
Sales Practices

Tonie Vonda
4020 Slate Drive
Juneau, AK 99801
Former Employee
Sales Practices

Catherine Wenzlaff
P.O. Box 21733
Juneau, AK 99802
Former Employee
Sales Practices

Gina Zakariasan
36241 Christmas Pt. Td.
Grand Rapids, MN 55744
Former Employee/Sales
Sales Practices

Matthew Bennett
16069 Chiwi Road
Apple Valley, CA 92307
Former Employee/Cashier
Sales Practices

Anthony Bieler
455 S. Franklin
Juneau, AK 99801
Former Employee/Maintenance
Sales Practices

Savannah Bell
P.O. Box 240064
Douglas, AK 99824
Former Employee/Cashier
Sales Practices

Arthur Bennett
455 S. Franklin St.
Juneau, AK 99801
Former Employee/Maintenance
Sales Practices

Alyce Smith
3880 E. Foxhunter Road
Fayetteville, AR 72703
Former Employee/Manager
Sales Practices

**EXHIBIT A TO DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
Page 8 of 8

EXHIBIT D-28

**EXHIBIT B**

**VERIFICATION REGARDING DIAK'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**AS TO ANSWERS:**

DIAMONDS INTERNATIONAL OF ALASKA LTD.

Date____________________

By________________________________________
Morris Gad
Co-President

STATE OF NEW YORK )
) ss.
NEW YORK COUNTY )

THIS IS TO CERTIFY that on the _____ day of ________________, 2005, before me, the undersigned, a Notary Public in and for New York, duly commissioned and sworn, personally appeared Morris Gad, as Co-President of Diamonds International of Alaska Ltd., to me known and known to me to be the identical individual described herein, and who read and executed the within and foregoing document.

____________________________________________
NOTARY PUBLIC in and for New York.
My Commission Expires:______________________

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

EXHIBIT D-29