Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) Case No. J04-0011 Civil (RRB) ) |

## DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER RELATING TO CONFIDENTIAL INFORMATION AND DISCOVERY MATERIALS

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

EXHIBIT E-1

Defendants Panoff Publishing, Inc. ("Panoff Publishing"), PPI Fleet Services, Inc. ("PPI Fleet"), and Port Promotions, Inc. ("Port Promotions") (collectively the "PPI Group"), and Diamonds International of Alaska, Ltd. ("DIAK") (the PPI Group and DIAK are collectively referred to herein as "defendants"), through their respective undersigned counsel, request entry of a protective order governing confidential information and discovery materials. This motion is supported by the memorandum of law set forth below and the Declarations filed herewith.

## FACTS

1.    Plaintiff Shivalay, Inc. ("Celebrity") owns and operates a retail jewelry store in Juneau, Alaska.

2.    This case involves claims by Celebrity alleging, *inter alia*, breach of contract, unfair competition, violations of the antitrust laws, fraud and misrepresentation on the part of the defendants.

3.    The PPI Group is a Florida-based travel industry marketing and advertising firm engaged in the business of advertising and promoting various business establishments through the use of lecturers and promotions offered to guests aboard cruise ships. The PPI Group contracts with certain cruise lines on whose ships it provides such services, and with business establishments in various ports of call which are desirous of having their businesses promoted by the PPI Group. At one time, Celebrity was one of the business establishments with whom the PPI Group entered into such a contract.

4.    The business in which the PPI Group is engaged is extremely competitive. There are a limited number of cruise lines with whom the PPI Group is able to contract. The PPI Group's

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

MOTION FOR PROTECTIVE ORDER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 2 of 7

EXHIBIT  E-2

principal competitor in the United States, Onboard Media, Inc., is also based in Miami, Florida.

5.    DIAK owns and operates a chain of retail jewelry stores in Alaska which primarily cater to cruise line passengers. DIAK and Celebrity are competitors in Juneau, Alaska. DIAK also has other competitors in Southeast Alaska who compete for cruise line passenger business.

6.    Internal information concerning the manner in which defendants conduct their respective businesses, including internal operational documents and financial information, among other things, is highly confidential. Were such information to become publicly available or disclosed by Celebrity to defendants' competitors, such disclosure would be detrimental to defendants' businesses. See Declarations of William A. Panoff and Morris Gad.

## ARGUMENT

Discovery in this case is anticipated to involve the production of information regarding defendants' internal communications, operations, finances, market analyses and other highly confidential information. It is anticipated that deposition testimony will be elicited regarding these same confidential matters. The disclosure of the defendants' confidential information to the public, which includes the defendants' direct competitors, would be detrimental to the defendants and thus the entry of a protective order limiting public access to the information is warranted. See *Brown Bag Software v. Symantec Corp.*, 960 F. 2d 1465, 1470 (9th Cir. 1992).

Federal Civil Rule 26(c) provides in relevant part that "[u]pon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (2) that the disclosure or discovery may be had on specified terms and conditions

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

MOTION FOR PROTECTIVE ORDER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 3 of 7

EXHIBIT  E - 3

. . .; . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way. . . ." This Rule authorizes the district court, for good cause, to alter the general rule that the fruits of pre-trial discovery are presumptively public, and to enter an order limiting public access to confidential information and materials. *See, e.g., Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-12 (9th Cir. 2002); *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11 (*citing Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public, and private interests to decide whether a protective order is necessary." *Id.* at 1211 (*citing Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995)). "The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Id.* (emphasis in original) (*citing and quoting Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("broad discretion on the trial court to decide when a protective order is appropriate")); *accord* Wright, Miller & Marcus, *Federal Practice and Procedure*, § 2036, at 489 (2d ed. 1994 & Supp. 2004).

By this motion the defendants do not ask for a protective order limiting or denying the plaintiff access to information or materials. Rather, the defendants simply ask for a protective order limiting public access to their confidential commercial information and materials. This point is

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

MOTION FOR PROTECTIVE ORDER
Bathiia, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 4 of 7

EXHIBIT _E-4_

important to keep in mind because at this time there is no member of the public who is seeking access to the defendants' confidential information. In these circumstances, district courts are not required to individually review the torrent of material and information transferred in discovery but never used at trial. Instead, the court may enter a blanket protective order limiting public access to confidential information and material, leaving it to the parties to designate such material. If at a later time an objection to a confidential designation arises, or if a member of the public seeks access to information or materials, then the court can make a detailed review of whatever specific information or material is in question. *See, e.g., Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3rd Cir. 1986); *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993).

Defendants attempted in good faith to resolve the matters addressed in this motion by stipulation with the plaintiff. On January 13, 2005, in order to protect the confidentiality of defendants' business information, defendants' counsel prepared and forwarded to Celebrity's counsel a proposed Stipulation and Request for Entry of Order Governing Confidential Information (the "Stipulation"). A copy of the Stipulation is attached as Exhibit A. On January 18, 2005, Celebrity's counsel advised that the Stipulation, as drafted, was overly broad in his view and that he would propose an alternative draft. A copy of the email from Celebrity's counsel is attached as Exhibit B.

To date, however, Celebrity has failed to provide an alternative draft of the Stipulation. Then, during the May 11, 2005 hearing with the court on the status of the Stipulation, Celebrity's counsel announced for the very first time that Celebrity opposes entry of any stipulation governing confidentiality. Celebrity's present objection notwithstanding, a mechanism needs to be put in place to protect from public disclosure the confidentiality of sensitive commercial, business and financial

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

MOTION FOR PROTECTIVE ORDER
Bathija, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 5 of 7

EXHIBIT E - 5

information which will be the subject of discovery in this matter. The defendants' proposed protective order runs to the benefit of the plaintiff as well as to the defendants. Courts frequently approve confidentiality stipulations and enter confidentiality orders to protect legitimate business interests in pending litigation. Samples of several such orders are attached as Composite Exhibit C.

Since the parties have been unable to agree on the contents of the Stipulation governing confidentiality, defendants request that the Court enter an order protecting confidential business information, produced in documents or via testimony, the disclosure of which may cause harm to the competitive position of the respective parties.

## CONCLUSION

Defendants respectfully request that this Court enter a protective order precluding the parties from disclosing confidential information consistent with the defendants proposed order, and for such other relief as this Court deems necessary.

DATED this 25th day of May, 2005.

BRENA, BELL & CLARKSON, P.C.
Attorneys for Defendants Diamonds International
of Alaska, Ltd.

By _____
Kevin G. Clarkson, Alaska Bar No. 8511149

-and-

Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

MOTION FOR PROTECTIVE ORDER
Bathiia, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 6 of 7

EXHIBIT  E-6

RUDDY, BRADLEY & KOLKHORST
Attorneys for the PPI Group

By _____
          William G. Ruddy, Alaska Bar No. 603017

-and-

Robert C. Gilbert, Esq.
ROBERT C. GILBERT, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134
Tel:    (305) 529-9100
Fax:    (305) 529-1612

**CERTIFICATE OF SERVICE**
I hereby certify that on May 25, 2005,
a true and correct copy of the foregoing
document was mailed ✓, hand delivered ___
faxed ___ to:

Z. Kent Sullivan, Esq.
Baxter Bruce & Sullivan, P.C.
P.O. Box 32819
Juneau, AK 99803

_____
Eileen Frison

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

MOTION FOR PROTECTIVE ORDER
Bathia, et al. v. Panoff Publishing, Inc., et al., Case No. J04-0011 Civil (RRB)
Page 7 of 7

EXHIBIT  E-7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MOHAN BATHIJA, VINOD BATHIJA,
RAJESH BATHIJA and SHIVALAY, INC.,
an Alaskan corporation,

       Plaintiffs,

vs.

PANOFF PUBLISHING, INC., a Florida
corporation, PPI FLEET SERVICES, INC.,
a Florida corporation, PORT
PROMOTIONS, INC., a Florida corporation,
DIAMONDS INTERNATIONAL OF
ALASKA, LTD., an Alaskan corporation,
DIAMONDS INTERNATIONAL, L.L.C., a
New York corporation, and DOES 1-10,

       Defendants.
_____/

Case No. J04-0011 CV (RRB)

**STIPULATION AND REQUEST
FOR ENTRY OF ORDER
GOVERNING CONFIDENTIAL
INFORMATION**

      To prevent undue disclosure of confidential information, plaintiff Shivalay, Inc.

("Celebrity") and defendants Panoff Publishing, Inc., PPI Fleet Services, Inc., Port

Promotions, Inc. (collectively "PPI") and Diamonds International of Alaska, Inc. ("DI"),

through their respective undersigned counsel, stipulate as follows:

      1.   <u>Right to Designate Information as Confidential</u>.  Any or all of the parties may

designate as "Confidential Information," information (regardless of form) produced or

furnished by them to any other party(ies) in connection with this case. A party may designate

as confidential such information as it deems confidential on the basis that such information

is non-public and constitutes or relates to projections, analyses or studies, marketing, sales,

EXHIBIT  _A_
Page ___l___ of _ll_

EXHIBIT  E-8

promotion, profits or losses, costs, revenues, other financial information, pricing, internal policies, internal practices, internal procedures, purchasing, contracting, customer lists or customer relations, employer labor relations, employee compensation, and such other categories of documents or information which a party would ordinarily not disclose to persons other than their corporate affiliates, officers, directors, shareholders, or by Order of the Court.

2.    Definition of Confidential Information. As used herein, the term "Confidential Information" means information designated as Confidential Information by any party in writing, or orally if recorded as part of a deposition or court proceeding, and information which is or can be derived therefrom. Confidential Information shall include all such designated information whether disclosed during interviews, depositions, court proceedings, settlement discussions, production of tangible evidence, testimony or other discovery response or objection to discovery.

3.    Identification of Confidential Information. A party shall designate which materials are considered Confidential by placing on, or affixing to, each document the word "Confidential." In the case of deposition testimony or testimony in a court proceeding, such word shall be placed or affixed immediately preceding the portion of such matter as contains such Confidential Information. When only a portion of a document or page contains Confidential Information, only that portion may be so designated by the producing party. To designate confidential material consisting of multi-page documents bound together by staples or other binding, only the first page need be stamped or marked "Confidential."

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011CV (RRB)
STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL
Page 2 of 11

EXHIBIT ___A___
Page ___2___ of _II_

EXHIBIT E - 9

4.     Protection of Confidentiality.     Confidential Information and any notes, summaries, digests, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by litigation counsel for the receiving party and shall not be disclosed to any person except as provided herein.  Persons to whom access to Confidential Information is given pursuant to this Order shall keep such information and any copies, abstracts, digests or summaries and descriptions thereof secure in accordance with the purposes and intent of this Order, and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure thereof.

5.     Access to Confidential Information.  Counsel for the parties are governed by the following restrictions in their use of the Confidential Information produced to them and information derived therefrom:

(a)     Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case.  For that purpose only, counsel may disclose such information to the Court, the parties, bona fide and regular employees of the parties and their counsel, and experts retained by the parties for purposes of consultation or testimony at trial.

(b)     Before disclosure of Confidential Information to any person as permitted by the preceding paragraph (other than the Court and its employees), such person shall read a copy of this Stipulation and sign a Confidentiality Agreement in the form attached hereto as Appendix A.  Counsel disclosing Confidential Information shall maintain a copy of all Confidentiality Agreements signed by such persons.  No Confidential Information shall be

EXHIBIT  A
Page  3  of  11

EXHIBIT  E -10

disclosed to any person who refuses or has failed to sign a Confidentiality Agreement. In the event any person who has signed a Confidentiality Agreement refuses to comply therewith, or to knowledge of the disclosing counsel, fails to adhere to the terms thereof, counsel shall make no further disclosure to such person, and shall immediately notify counsel for the party who produced and designated the Confidential Information disclosed to such person.

6.    Limitation on Copying.   Confidential Information may be copied and summaries, digests or abstracts may be made, but all such copies, summaries, digests and abstracts shall be marked "Confidential" and shall be subject to the provisions of this Stipulation.

7.    Depositions. Nothing in this Stipulation shall prevent the use by counsel of Confidential Information at depositions, with appropriate safeguards. At any deposition or portion thereof in which Confidential Information will be disclosed, the designating party may require the deposition witness to read and sign a Confidentiality Agreement if she or he has not already done so. Persons in attendance at depositions, other than those listed in paragraph 5(a), shall be limited at the request of the designating party during the disclosure of Confidential Information to persons authorized by this Stipulation to receive Confidential Information. Upon request of the designating party, deposition or other testimony shall be designated "Confidential" by the court reporter transcribing the deposition, provided however, that if a deposition contains both Confidential Information and non-Confidential Information, only the portion containing Confidential Information thereof shall be so designated. Each party shall additionally have thirty (30) days after a deposition transcript

EXHIBIT __A__
Page __4__ of __11__

EXHIBIT __E-11__

has been provided to its counsel to designate those portions of the deposition testimony or exhibits which it deems to contain or reveal Confidential Information. Each party in possession of a copy of the transcript in issue shall annex thereto a copy of any such notice designating those portions of a transcript which another party designates as Confidential. Prior to the expiration of that thirty (30) day period, the entire deposition transcript shall be treated as Confidential. If such documents or information are used in other depositions, such documents or information, and all portions of the transcript of such depositions and exhibits thereto which refer or relate to such documents or information, shall be treated as Confidential Information and, if filed with the Court, shall be filed under seal.

8.    <u>Confidential Information to be Filed With Court Under Seal</u>. All portions of the pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce, summarize or paraphrase Confidential Information shall be filed under seal in accordance with the rules and procedures of the Court in which the case is pending. In each instance, the pleading, motion, brief, memorandum or other document shall be enclosed in a sealed envelope endorsed with the title of this action, an indication of the nature of the contents of such sealed envelope, the words "CONFIDENTIAL PURSUANT TO STIPULATION OF THE PARTIES AND ORDER OF THE COURT" and a statement substantially in the following form:

Confidential

This envelope contains information which has been designated as Confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its Clerks

EXHIBIT A
Page 5 of 11

EXHIBIT E-12

except by Order of the Court, or upon the stipulation of the parties.

9.    _Disputes as to Confidentiality_.  Any non-designating party may contest the designation of information designated by any other party as Confidential Information.  A failure to challenge the designation shall not constitute agreement that it is valid and shall not prejudice any party or person.  The party and any affected person shall confer and attempt to resolve the disagreement over the classification of the information.  If any party objects, in writing, to any designation of Confidential Information, and the parties are unable to resolve the dispute within thirty (30) days of receipt of that writing, the objecting party may within thirty (30) days thereafter, seek an order from the Court and the objecting party shall bear the burden of proving that the information is not entitled to such classification.  The information shall be treated as properly designated until the motion is determined.  Unless otherwise agreed in writing by the parties, failure to seek an order as set forth in this paragraph shall be deemed a waiver of the party's right to challenge the classification of the information as Confidential and the information shall be treated by the parties as being so designated for the remainder of this action.

10.    _References in Open Court_.  The parties shall not refer in open Court to any Confidential Information other than their own, it being understood and agreed that Confidential Information shall be heard by the Court only in the presence of counsel for the parties in this action, counsel's employees, and any individuals with knowledge of the Confidential Information prior to its disclosure in this action.

_Bathija, et al. v. Panoff Publishing, Inc., et al.;_ Case No. J04-0011CV (RRB)
STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL
Page 6 of 11

EXHIBIT _A_
Page _6_ of _11_

EXHIBIT _E-13_

11.    Legal Process. In the event a recipient of Confidential Information produced in connection with this action receives a subpoena, other legal process or request directed at compelling the production of Confidential Information, such recipient shall immediately notify the party that designated that information Confidential, so as to afford the producing party ample opportunity to contest the subpoena, legal process or request.

12.    Disclosure of Confidential Information. If Confidential Information is disclosed to anyone other than in a manner authorized by this Stipulation and Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every effort to prevent further disclosure. If Confidential Information is disclosed to anyone in violation of this Stipulation and Order, the violating party may be held liable for any and all damages that flow from such disclosure.  If the Court determines the disclosure of Confidential Information was intentional and/or willful, the Court may impose additional sanctions commensurate with such conduct. The prevailing party in any proceedings arising from this paragraph shall be entitled to recover attorneys' fees and costs.

13.    Inadvertent Production of Confidential Information. The production of. Confidential Information without a designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon receiving notice from a producing party or protected person that Confidential Information has not been appropriately designated, all such material shall be designated as "Confidential" and treated accordingly.  The parties shall re-designate the Confidential

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011CV (RRB)
STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL
Page 7 of 11

EXHIBIT A
Page 7 of 11

EXHIBIT E-14

Information and make a reasonable, good faith effort to ensure that any analyses, memoranda or notes that were generated based upon such material prior to its re-designation, shall immediately be treated in conformity with the requirements of this Order. Notice shall be provided within thirty (30) days of the prior inadvertent production.

14.    <u>Amendment</u>. This Stipulation may be amended only by written agreement of counsel for the parties, in the form of a stipulation subject to approval by the Court.

15.    <u>Disposition on Termination of Action</u>. Within thirty (30) days after the final resolution of this action, including any appeal or retrial, each party in possession of Confidential Information, and any person to whom disclosure of such materials has been made pursuant to the provisions of this Stipulation and Order, shall return such Confidential Information to the party that produced the designated materials or, alternatively, confirm in writing that the materials have been destroyed (including any transcript or pleading containing designated Confidential Information).

16.    <u>Court Shall Retain Specific Jurisdiction</u>. This Court shall retain specific jurisdiction over all issues relating to disclosure of Confidential Information even after resolution of this action.

17.    <u>Added or Substituted Parties</u>. In the event that one or more parties are added or substituted in this action at any time prior to the final resolution of this action, this Stipulation and Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties to seek relief form or modification of this Stipulation and Order.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011CV (RRB)
STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL
Page 8 of 11

EXHIBIT___A___
Page___8___of_11___

EXHIBIT___E-15___

18.    The parties agree to promptly file the original copy of this Stipulation with the

Court in which the case is pending and to jointly request entry of an order approving and

adopting this stipulation as an order of the Court.

DATED this _____ day of May, 2005.

Attorneys for Celebrity:                          Attorneys for PPI:

BAXTER BRUCE & SULLIVAN, P.C.          ROBERT C. GILBERT, P.A.
9309 Glacier Highway, Suite A-201          220 Alhambra Circle
PO Box 32819                                      Suite 400
Juneau, AK 99801                                  Coral Gables, FL 33134
Tel:    (907) 789-0047                            Tel:    (305) 529-9100
Fax:    (907) 789-0783                            Fax:    (305) 529-1612


By:_____          By:_____
        Z. Kent Sullivan                              Robert C. Gilbert

                                                  RUDDY, BRADLEY & KOLKHORST
                                                  PO Box 34338
                                                  Juneau, AK 99803
                                                  Tel:    (907) 789-0047
                                                  Fax:    (907) 789-0783


                                                  By:_____
                                                          William G. Ruddy


Attorneys for DI:                                 By:_____
                                                          Peter M. Hockman

LAW FIRM OF PETER M. HOCKMAN          BRENA, BELL & CLARKSON, P.C.
550 Biltmore Way                                  310 K Street
Suite 780                                         Suite 601
Coral Gables, FL                                  Anchorage, AK 99501
Tel:    (305) 447-9129                            Tel:    (907) 258-2000
Fax:    (305) 246-3939                            Fax:    (907) 258-2001


*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011CV (RRB)
STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL
Page 9 of 11

EXHIBIT ___A___
Page __9__ of _11_

EXHIBIT _E-16_

By:_____
      Kevin G. Clarkson

EXHIBIT ___A___
Page __10__ of _11_

EXHIBIT ___E-17___

## APPENDIX A
## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Stipulation and Order Governing Confidential Material in the case of *Bathija, et al. v. Panoff Publishing, Inc., et al.*, Case No. J04-0011CV (RRB), pending in the United States District Court for the District of Alaska at Juneau, a copy of which Stipulation and Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all of the terms of the Stipulation and Order Governing Confidential Material. I further agree and attest to my understanding that breach of this Agreement is directly actionable to any party who designated the Confidential Information that is disclosed in violation of this Stipulation and Order, at law and equity, and that in the event I fail to abide by the terms of the Stipulation and Order, I may be subject to sanctions, including sanctions by way of contempt of Court, imposed by the Court for such failure.

_____
Date

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City, State, Zip

_____
Occupation or Business

F:\Clients\PPI\Pleadings\Stip-Order Re Confidential Material.wpd

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011CV (RRB)
STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL
Page 11 of 11

EXHIBIT A
Page 11 of 11

EXHIBIT E-18

Message

## Eileen Frison

| | |
|---|---|
| **From:** | Kevin G. Clarkson [kclarkson@brenalaw.com] |
| **Sent:** | Monday, May 23, 2005 10:00 AM |
| **To:** | efrison@brenalaw.com |
| **Subject:** | FW: Parties' Scheduling and Planning Conference Report |

-----Original Message-----
**From:** Z Kent Sullivan [mailto:zsullivan@baxterbrucelaw.com]
**Sent:** Tuesday, January 18, 2005 10:19 AM
**To:** RGilblaw@aol.com; pmhlaw@bellsouth.net; kclarkson@brenalaw.com; wgr@alaska.net
**Subject:** Parties' Scheduling and Planning Conference Report

Gentlemen: I have reviewed the stipulation and request for entry of order governing confidential information. The stipulation as proposed is overly broad. I am in the process of re-writing the document, but, due to the nature and extent of the necessary revisions, doing so will take some time. In the meantime, on or before January 20, 2005, the parties are required to file a report with the Court regarding our scheduling and planning conference. In light of the debate that will likely ensue concerning confidentiality, I don't believe it is possible to resolve such issues prior to the deadline for filing the scheduling and planning conference report. As such, I would suggest that we proceed with obtaining the signatures necessary for filing the scheduling and planning conference report with the Court. In light of Mr. Gilbert's desire that confidentiality be addressed prior to filing the report, I would recommend filing the report as presently drafted and if within a reasonable length of time we are unable to reach agreement on confidentiality, then Mr. Gilbert can file a motion for a protective order with the Court. The other way to address the issue is for the parties to note in the report that confidentiality may be an issue that certain parties wish to address before any deadlines are imposed. However, as between the two options, I believe the first may be more appropriate and the least likely to draw criticism from the Court. Please let me know how you wish to proceed. Thanks, Kent

Z. Kent Sullivan
Baxter Bruce & Sullivan P.C.
P.O. Box 32819
Juneau, Alaska 99803
ph: (907) 789-3166
fax: (907) 789-1913
email: zsullivan@baxterbrucelaw.com

CONTACT INFORMATION:

BAXTER BRUCE & SULLIVAN P.C.

MAILING ADDRESS:
P.O. Box 32819
Juneau, AK 99803

PHYSICAL ADDRESS:
Professional Plaza
9309 Glacier Highway, Suite A-201
Juneau, AK 99801

TELEPHONE: (907) 789-3166; FACSIMILE: (907) 789-1913
TOLL FREE WITHIN SOUTHEAST ALASKA: 1-800-478-3888

For more information please visit our website at www.baxterbrucelaw.com

EXHIBIT ___B___
Page ___1___ of ___2___

5/23/2005

EXHIBIT  E-19

Confidentiality Notice:
This message is a confidential and privileged communication, intended only for
the use of the individual or entity to whom it is addressed, and should not
be read or used by anyone else. If you have received this message in error,
please immediately notify us by return e-mail or by collect call at
(907) 789-3166, delete the message from your system, and retain no hard copies.

5/23/2005

EXHIBIT  $\beta$
Page  2  of  2

EXHIBIT  E-20

Leroy J. Barker
Robertson, Monagle & Eastaugh
1400 W. Benson Blvd., Suite 315
Anchorage, AK   99503
Phone:  (907) 277-6693
Fax: (907) 279-1959

Attorneys for Defendant
The Cessna Aircraft Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JACKLYN BOBBY SMITH, individually and on behalf of the ESTATE OF LAWRENCE A. SMITH, deceased,<br><br>                    Plaintiffs,<br><br>vs.<br><br>THE CESSNA AIRCRAFT COMPANY,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)Case No. A00-333 Civ. (JWS)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

During discovery in this action, defendant, The Cessna

Aircraft Company ("Cessna"), may be required to produce

documents, answer interrogatories, and provide testimony that

might reveal confidential and proprietary information that should

not be disclosed except in a highly restricted fashion.   It is

EXHIBIT  C2
Page  1  of 40

hereby stipulated and agreed that:

1.    All documents and information disclosed, furnished, submitted, either voluntarily or pursuant to a court order, by or on behalf of Cessna to Jacklyn Smith that is subject to this Stipulated Protective Order shall be used solely in connection with pre-trial proceedings, preparation for trial, trial, or other proceedings in this litigation.

2.    The term "Protected Document" shall be deemed to refer to all drawings, test reports, test proposals, Type Inspection Reports and supporting documents thereto for the Cessna Model A185F aircraft and its component parts or any other models and their component parts.  Cessna will identify all documents containing confidential and proprietary information and which are subject to this Stipulated Protective Order, with the notation, "Protected Document."

3.    Documents that are designated as "Protected Document" and the information and material contained within such "Protected Document" shall not be communicated in any manner, directly or indirectly, to anyone other than a person to whom communication under the terms of this order is permitted.

4.    Access to materials designated "Protected Document" and to the information contained therein (including extracts and summaries derived from them) shall be restricted to:

STIPULATED PROTECTIVE ORDER                    Page 2

SMITH v. THE CESSNA AIRCRAFT CO.  (Case No. A00-333 (JWS))

ROBERTSON, MONAGLE & EASTAUGH, P. C.
1400 WEST BENSON BOULEVARD, SUITE 315
ANCHORAGE, ALASKA 99503
PHONE (907) 277-6895 FAX 278-1059

EXHIBIT ___C___
Page _2_ of _40_

EXHIBIT _E-22_

(a)  the attorneys in the law firms appearing in this action and personnel who are directly employed by those firms and are assisting the attorneys working on this action;

(b)  parties to this action, including corporate officers, directors and employees;

(c)  insurers to the parties to this action;

(d)  experts or consultants retained in connection with this action;

(e)  the Court and court personnel;

(f)  stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this litigation; and,

(g)  such other persons as the parties shall agree to in writing, or the Court shall determine.

5.   Each qualified person described in subparagraphs (b), (c), (d) or (f) of the preceding paragraph to whom "Protected Document" or the information contained therein are to be furnished, shown, or disclosed shall first be presented by the disclosing party with a copy of this Stipulated Protective Order and the Acknowledgment and Consent to be Bound attached thereto. All such persons shall agree to sign the Acknowledgment and Consent to be Bound and agree to be bound by the terms of this Stipulated Protective Order, and shall not permit disclosure of

STIPULATED PROTECTIVE ORDER                    Page 3

SMITH v. THE CESSNA AIRCRAFT CO.  (Case No. A00-333 (JWS))

ROBERTSON, MONAGLE & EASTAUGH, P. C.
1400 WEST BENSON BOULEVARD, SUITE 315
ANCHORAGE, ALASKA 99503
PHONE (907) 277-0693 FAX 279-1959

EXHIBIT __C__
Page __3__ of __40__

EXHIBIT E-23

the "Protected Document" or the information contained therein other than pursuant to the terms of the order.

6.    No "Protected Document," or the information contained therein, produced by Cessna in this litigation shall be provided to any subsequent party in this litigation unless that party has agreed to be bound to the terms of this Stipulated Protective Order.

7.    Upon termination of this action (whether by judgment, settlement, or otherwise), the parties shall assemble and return to Cessna all documents designated "Protected Document," including all copies thereof (but not including copies containing notes or other attorneys' work product containing information from "Protected Documents" that may have been placed thereon by counsel for Jacklyn Smith. All copies containing notes or other attorneys' work product shall be destroyed within ten days of the final resolution of this action, at which time counsel for Jacklyn Smith shall confirm in writing to counsel for Cessna that such destruction has occurred.

8.    Nothing in this order shall be deemed to restrict in any way any party or its attorneys with respect to that party's own documents.

9.    Upon settlement or final judgment, all copies of "Protected Documents" introduced into evidence in the subject

STIPULATED PROTECTIVE ORDER                    Page 4

SMITH v. THE CESSNA AIRCRAFT CO.  (Case No. A00-333 (JWS))



EXHIBIT C
Page 4 of 40

EXHIBIT E-24

action may be withdrawn from evidence and returned to The Cessna

Aircraft Company.

    10.  Any party may apply to the Court for a

modification of this order, and nothing in the order shall be

deemed to prejudice their rights to seek modification.


Dated: 14 Dec. 2000

Timothy J. Petumenos
ABA #7611147
Birch, Horton, Bittner & Cherot
Attorneys for Plaintiffs


Dated: Dec 14, 2000

Leroy J. Barker
ABA #6302003
Attorney for The Cessna Aircraft
Company

**FILED**

DEC 19 2000

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

**ORDER**

APPROVED AND SO ORDERED:


Dated: 12/19/00

The Honorable John W. Sedwick
Judge of the U.S. District Court


C:\Document\0473.061\PROTECTIVE ORDER.wpd

A00-0333--CV (JWS)
----------------------------------------
L. BARKER (ROBERTSON) —
T. PETUMENOS (BIRCH) —

ROBERTSON, MONAGLE & EASTAUGH, P. C.
1400 WEST BENSON BOULEVARD, SUITE 315
ANCHORAGE, ALASKA 99503
PHONE (907) 277-6693 FAX 279-1959

STIPULATED PROTECTIVE ORDER                     Page 5

SMITH v. THE CESSNA AIRCRAFT CO.   (Case No. A00-333 (JWS))

EXHIBIT C
Page 5 of 40

EXHIBIT E-25