UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-4485-CIV-UNGARO-BENAGES/Brown

HARLEY S. TROPIN, as substituted Receiver
of Cyprus Funds, Inc. and its affiliates; and
LLOYD L. SMITH and SHIRLEY ESTES,
individually and on behalf of all others similarly
situated,

      Plaintiffs,

v.

FIRST UNION NATIONAL BANK, a
National Banking Association, a successor by
merger to First Union National Bank of Florida;
and FIRST UNION SECURITIES, INC., a
successor by merger to First Union Brokerage
Services, a subsidiary of First Union National Bank,

      Defendants.



FILED by _____ D.C.

FEB 1 5 2001

CLARENCE MADDOX
CLERK U.S. DIST CT.
S.D. OF FLA.- MIAMI

_____/

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY

To prevent undue disclosure of confidential information, the Parties -- the Plaintiffs

Harley S. Tropin, as Substituted Receiver of Cypress Funds, Inc. and its affiliates (the "Receiver")

and Lloyd L. Smith and Shirley Estes, individually and on behalf of others similarly situated

(collectively, "Plaintiffs") and the Defendants First Union National Bank ("First Union") and First

Union Securities, Inc. ("FUSI") (collectively, "Defendants"), through their undersigned and

authorized counsel, stipulate as follows:

1.    <u>Right to Designate Information as Confidential</u>.  Plaintiffs and Defendants may

designate as "Confidential Information" information (regardless of form) produced or furnished by

them in response to  discovery.  Plaintiffs and Defendants may designate as confidential such

EXHIBIT C

Page 6 of 40

EXHIBIT E-26

Case No. 00-4485-CIV-UNGARO-BENAGES/Brown

information as they deem confidential on the basis that such information is non-public and constitutes or relates to projections, analyses or studies, marketing, sales, promotion, profits or losses, costs, revenues, other financial information, pricing, internal policies, internal practices, internal procedures, purchasing, contracting, customer lists or customer relations, employee or labor relations, employee compensation, and such other categories of documents or information which Plaintiffs or Defendants would not ordinarily disclose to persons other than their corporate affiliates, officers, directors, employers or employees, agents, or by Order of the Court.

2.    <u>Definition of Confidential Information</u>.  As used herein, the term "Confidential Information" means information designated as Confidential Information by Plaintiffs or Defendants in writing, or orally if recorded as part of a deposition or court proceeding, and information which is or can be derived therefrom.  Confidential Information shall include all such designated information whether disclosed during interviews, depositions, court proceedings, settlement discussions, production of tangible evidence, testimony or other discovery response or objection to discovery.

3.    <u>Identification of Confidential Information</u>. Plaintiffs and Defendants shall designate which materials are considered Confidential by placing on, or affixing to, each document the word "Confidential." In the case of deposition testimony or testimony in a court proceeding, such words shall be placed or affixed immediately preceding the portion of such matter as contains such Confidential Information.  When only a portion of a document or page contains Confidential Information, only that portion may be so designated by the producing party.  To designate confidential material consisting of multi-page documents bound together by staples or other binding, only the first page need be stamped or marked "Confidential."

-2-

EXHIBIT _C_
Page _7_ of _40_

EXHIBIT _E-27_

Case No. 00-4485-CIV-UNGARO-BENAGES/Brown

4.     <u>Protection of Confidentiality</u>.  Confidential Information and any notes, summaries, digests, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by litigation counsel for the receiving party and shall not be disclosed to any person except as provided herein.  Persons to whom access to Confidential Information is given pursuant to this Order shall keep such information and any copies, abstracts, digests or summaries and descriptions thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure thereof.

5.     <u>Access to Confidential Information</u>.  Counsel for the parties are governed by the following restrictions in their use of the Confidential Information produced to them and information derived therefrom:

A.     Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case.  For that purpose only, counsel may disclose such information to the Court, the parties, bona fide and regular employees of the parties and their counsel, and experts retained by the parties for purposes of consultation or testimony at trial.

B.     Before disclosure of Confidential Information to any person as permitted by the preceding paragraph (other than the Court and its employees), such person shall read a copy of this Stipulation and sign a confidentiality agreement in the form attached hereto as Appendix A.  The counsel disclosing Confidential Information shall maintain a copy of all Confidentiality Agreements signed by such persons.  No Confidential Information shall be disclosed to any person who refuses or has failed to sign a Confidentiality Agreement.  In the event any person who has signed a

-3-

EXHIBIT C
Page 8 of 40

EXHIBIT E-28

Case No. 00-4485-CIV-UNGARO-BENAGES/Brown

Confidentiality Agreement refuses to comply therewith, or to knowledge of the disclosing counsel, fails to adhere to the terms thereof, counsel shall make no further disclosure to such person, and shall immediately notify counsel for the party who produced and designated the Confidential Information disclosed to such person.

6.    Limitation on Copying.  Confidential Information may be copied and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be Confidential, shall be so marked, and shall be subject to the provisions of this Stipulation.

7.    Depositions.  Nothing in this Stipulation shall prevent the use by counsel of Confidential Information at depositions, with appropriate safeguards.  At any deposition or portion thereof in which Confidential Information will be disclosed, the designating party may require the deposition witness and/or reporter to read and sign a Confidentiality Agreement if he or she has not already done so.  Persons in attendance at depositions, other than those listed in paragraph 5(a), shall be limited at the request of the designating party during the disclosure of Confidential Information to persons authorized by this Stipulation to receive Confidential Information.  Upon request of the designating party, deposition or other testimony shall be designated "Confidential" by the court reporter transcribing the deposition.  The testimony to be so designated shall be transcribed separately, and the face of such transcript and every copy shall be stamped or marked "Confidential" by the court reporter, provided however, that if a deposition contains both allegedly confidential and non-confidential information, then only the confidential portion thereof shall be so designated.  The parties shall additionally have thirty (30) days after the deposition transcript has been made available to designate those portions of the deposition testimony or exhibits which it deems to contain or reveal Confidential Information.  Each party in possession of a copy of the transcript in issue shall

-4-

EXHIBIT  C
Page  9  of 40

EXHIBIT  E-29

Case No. 00-4485-CIV-UNGARO-BENAGES/Brown

annex thereto a copy of any such notice designating those portions of a transcript which are confidential. Prior to the expiration of that 30-day period, the entire deposition transcript shall be treated as confidential. If such documents or information are used in other depositions, such documents or information, and all portions of the transcript of such depositions and exhibits thereto which refer or relate to such documents or information, shall be treated as Confidential Information and, if filed with the Court, shall be filed under seal.

8.    <u>Confidential Information to be Filed with Court Under Seal</u>.  All portions of the pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce, summarize or paraphrase Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL PURSUANT TO STIPULATION OF THE PARTIES AND ORDER OF THE COURT" and a statement substantially in the following form:

Confidential

> This envelope contains information which has been designated as Confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its Clerks except by Order of the Court, or upon the stipulation of the parties.

9.    <u>Disputes as to Confidentiality</u>.  The non-designating party may contest the designation of any information designated as Confidential Information.  A failure to challenge the designation shall not constitute agreement that it is valid and shall not prejudice any party or person.  If a party objects, in writing, to any designation of Confidential Information, and the parties are unable to resolve the dispute within ten days of receipt of that writing, then the objecting party may within ten

EXHIBIT _C._
Page _10_ of _40_

EXHIBIT _E-30_

Case No. 00-4485-CIV-UNGARO-BENAGES/Brown

days thereafter, seek an order from the Court and the objecting party shall bear the burden of proving that the information is not entitled to such classification. The information shall be treated as properly designated until the motion is determined, and any appeal therefrom exhausted. Unless otherwise agreed in writing by the parties, failure to seek an order as set forth in this paragraph shall be deemed a waiver of the party's right to challenge the classification of the information as Confidential and the information shall be treated by the parties as being so designated.

10.    <u>References in Open Court</u>.   The parties shall not refer in open court to any Confidential Information other than their own, it being understood and agreed that Confidential Information shall be heard by the Court only in the presence of counsel for the parties in this action, counsel's employees, and any individuals with knowledge of the Confidential Information prior to its disclosure in this action.

11.    <u>Legal Process</u>.  In the event a recipient of Confidential Information produced in connection with this action receives any subpoena, other legal process or request directed at compelling the production of Confidential Information, that recipient shall immediately notify the party that designated that information Confidential, so as to afford the producing party ample opportunity to contest that subpoena, legal process or request.

12.    <u>Amendment</u>.  This Stipulation may be amended only by the written agreement of counsel for the parties, in the form of a stipulation subject to approval by the Court.

13.    <u>Oral Argument, Trial and Post-Trial</u>.  This Stipulation shall apply to any oral arguments before the Court or trier of fact in this case, although any party may file a motion with respect thereto. It shall apply post-trial to any designated information not in the public record.

14.    <u>Disposition on Termination of Action</u>. Within 60 days of the entry of an order finally

EXHIBIT _____C_____
Page __11__ of _40_

EXHIBIT _E-31_

Case No. 00-4485-CIV-UNGARO-BENAGES/Brown

terminating this action, including all appeals, and unless the parties agree otherwise, the parties and any other person or party receiving Confidential Information shall assemble and turn over to counsel for the producing and designating party all materials, documents, summaries, digests and abstracts containing Confidential Information and all copies thereof, provided, however that counsel of record may retain one set of pleadings, documents filed with the Court, depositions and discovery responses, and may retain any documents and copies thereof which are work product, said materials to remain subject to this Stipulation.

DATED this 8ᵗʰ day of February 2001.

KOZYAK TROPIN & THROCKMORTON, P.A.
200 South Biscayne Boulevard
Suite 2800
Miami, Florida 33131
305-372-1800

By: _____
Harley S. Tropin, Esquire
Florida Bar No. 241253

Attorneys for Harley S. Tropin, as Substituted Receiver of Cyprus Funds, Inc. and its affiliates

GALLWEY GILLMAN CURTIS VENTO & HORN, P.A.
200 S.E. First Street, Suite 1100
Miami, Florida 33131
305-358-1313

By: _____
Stephen B. Gillman, Esquire
Florida Bar No. 196734

Attorneys for Defendants First Union National Bank and First Union Securities, Inc.

ROBERT C. GILBERT, P.A.
CommerceBank Center
220 Alhambra Circle, Suite 400
Coral Gables, Florida 33134
305-529-9100

By: _____
Robert C. Gilbert, Esquire
Florida Bar No. 561861

Attorneys for Plaintiff Class Members

-7-

EXHIBIT C
Page 12 of 40

EXHIBIT E-32

Case No. 00-4485-CIV-UNGARO-BENAGES/Brown

## ORDER

THE ABOVE STIPULATION IS ACCEPTED AND ADOPTED AS THE ORDER OF THE COURT this _15_ day of _Feb._, 2001.

_Ursula Ungaro-Benages_
URSULA UNGARO-BENAGES
United States District Court Judge

EXHIBIT _C_
Page _13_ of _40_

EXHIBIT _E-33_

**APPENDIX A**

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I have read and understand the Stipulation and Order Regarding Confidentiality in the case of *Michael I. Goldberg, as Receiver of Cyprus Funds, Inc. and its affiliates, et al., Plaintiffs, v. First Union National Bank, et al., Defendants*, Case No. 00-4485-CIV-UNGARO-BENAGES/Brown, pending in the United States District Court for the Southern District of Florida, a copy of which Stipulation and Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Stipulation and Order Regarding Confidentiality and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as stipulated in the Stipulation and Order Regarding Confidentiality. I further agree and attest to my understanding that breach of this Agreement is directly actionable by any party who designated the Confidential Information that is disclosed in violation of this Stipulation and Order, at law and equity, and that in the event I fail to abide by the terms of the Stipulation and Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City              State              Zip

_____
Occupation or Business

_____
Date

EXHIBIT _C_
Page _14_ of _40_

EXHIBIT _E-34_

'05/01/02  WED 13:21 FAX 202    3265                                    002

KBZ

FILED

MAY 01 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VISTA HEALTH PLAN, INC., f/k/a
HIP HEALTH PLAN OF FLORIDA, INC.,
on behalf of itself and all others
similarly situated,

                                    Plaintiff,

v.

BRISTOL-MYERS SQUIBB CO.,

and

AMERICAN BIOSCIENCE, INC.,

                                    Defendant.

Civil Action
No. 1:01CV01295
    (EGS)  [34-1]

~~[PROPOSED]~~ PROTECTIVE ORDER

IT IS HEREBY ORDERED that:

1.      CONFIDENTIAL INFORMATION, as defined herein, disclosed

by any party or a third party (hereinafter "producing party") to any other party (hereinafter

"receiving party") pursuant to discovery in this action shall be used solely for purposes of

this action.

2.      Each page of each document produced pursuant to discovery in this

action shall bear a unique identifying number.

3.      As used herein, CONFIDENTIAL INFORMATION refers to

information that a producing party claims in good faith to be its confidential business

information or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7).

Such information may be designated as CONFIDENTIAL. Information to be treated

under this Protective Order as CONFIDENTIAL INFORMATION shall include:

            a.      Information set forth in responses to discovery

requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced for

EXHIBIT _C_
Page _15_ of _40_

EXHIBIT _E-35_

003

inspection under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the receiving party, the responses or copies of documents are marked by the producing party with the following legend:

CONFIDENTIAL

b.    Information revealed during a deposition upon oral examination under Fed. R. Civ. P. 30, if the producing party has (i) indicated on the record or in writing at the time the deposition was taken or prior to the preparation of the transcript, that portions of the deposition contain CONFIDENTIAL INFORMATION and (ii) has instructed the court reporter prior to preparation of the transcript to indicate on the face page of the deposition that it contains CONFIDENTIAL INFORMATION; or (iii) has notified opposing counsel in writing within three (3) business days after the completion of the deposition that the deposition contains CONFIDENTIAL INFORMATION.

4.    Access to information designated as CONFIDENTIAL shall be limited to the following persons:

a.    outside counsel of record for a receiving party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION;

b.    two inside counsel for each receiving party and stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to CONFIDENTIAL INFORMATION, as designated by each receiving party within ten (10) calendar days of the entry of this order; and

c.    outside experts or consultants for a receiving party whose advice and consultation are being considered or will be used by such party solely in connection with this action, including their stenographic and clerical personnel;

2

EXHIBIT C
Page 16 of 40

EXHIBIT E-36

provided that disclosure to such experts or consultants and their stenographic and clerical personnel shall be made only on the following condition:

        i.      Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts or consultants shall first obtain a signed Agreement To Abide By Stipulation And Protective Order in the form of Exhibit A attached hereto from each such expert or consultant and each of his stenographic and clerical personnel who would require access to CONFIDENTIAL INFORMATION, and counsel shall retain in his file the original of each such signed Agreement To Abide By Stipulation And Protective Order.

        d.      Any witness or potential witness who: (i) is a current employee, agent or consultant for the designating party, or (ii) previously had authorized access to, or knowledge of, any CONFIDENTIAL INFORMATION at issue; and

        e.      the Court and its authorized staff, court reporters, and the jury.

        5.      With regard to persons listed in sections (b), (c), (d) and (e) of paragraph 4 above, no CONFIDENTIAL INFORMATION, as designated by the party, may be disclosed to a current employee of a current competitor[1] of that party, until after the expiration of a five (5) business day period commencing with the service by facsimile upon counsel for the producing party a copy of the signed Agreement To Abide By Stipulation And Protective Order from the employee. During the five (5) business day period after such service, counsel for the producing party may object in good faith to such disclosure. In the event of any such objection, there shall be no disclosure of.

---

[1] Each party is to provide all other parties with a list of its current competitors within (5) business days following entry of this protective order. Each party will amend and/or supplement such lists as necessary to reflect any changes in its current competitors.

EXHIBIT  C
Page  17  of  40

EXHIBIT  E-37

CONFIDENTIAL INFORMATION to such person, except by further order of the Court or by agreement of the parties. This provision does not apply to CONFIDENTIAL INFORMATION disclosed to a current employee of a current competitor who previously authored or received the CONFIDENTIAL INFORMATION.

6.    CONFIDENTIAL INFORMATION shall not be made public by the receiving party, shall be used only by persons permitted access to it under Paragraph 4 and shall be disclosed only to persons specified in Paragraph 4.

7.    If CONFIDENTIAL INFORMATION is to be filed with the Court in connection with any proceedings herein, it shall be filed in a sealed envelope marked with the caption of the case and the following legend:

"Contains CONFIDENTIAL INFORMATION
To Be Opened Only By Or As Directed By The Court
*HIP Health Plan of Florida, Inc. v. Bristol -Myers Squibb Co.
and American Bioscience, Inc.*
Civil Action No. 1:01CV02313 (EGS)"

In addition, any document that is to be filed with the Court and that contains CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page.

8.    The acceptance of CONFIDENTIAL INFORMATION by the parties shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL INFORMATION is in fact confidential. Any receiving party may at any time request that the designating party cancel the CONFIDENTIAL designation with respect to any document, object or information. Such request shall be made to counsel for the designating party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party contends is not confidential and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL designation, then the party contending that such documents or information are not confidential may request by motion that the Court remove such

4

EXHIBIT  C
Page 18 of 40

EXHIBIT  E-38

information from the restrictions of this Order. The burden of demonstrating that the information is confidential shall be on the designating party.

9.    This Stipulation and Protective Order shall not prevent a party from attempting to examine about CONFIDENTIAL INFORMATION, at depositions and at trial, persons who are authorized to receive CONFIDENTIAL INFORMATION as identified herein in paragraph 4. This Stipulation and Protective Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of CONFIDENTIAL INFORMATION, so long as such examination shall be in a manner that does not disclose the details of the CONFIDENTIAL INFORMATION. If a witness denies that he or she had prior knowledge of CONFIDENTIAL INFORMATION and the deposing party has a good faith belief that the witness knew otherwise but the deposing party is precluded from questioning the witness further because it might disclose the details of the CONFIDENTIAL INFORMATION, each party reserves the right to later seek to examine the witness concerning the CONFIDENTIAL INFORMATION.

10.    CONFIDENTIAL INFORMATION may be used in testimony at trial, at any motion hearing, and at depositions, and may be offered in evidence at trial or at any motion hearing, all subject to any further Order regarding confidentiality as this Court may enter, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion, all subject to paragraph 4, but may not be used for any other purpose except as expressly provided herein or by further Order of the Court. At the request of a producing party, any person(s) not permitted access to CONFIDENTIAL INFORMATION under paragraph 4 may be barred from attending any portion of trial, any motion hearing, or depositions at which CONFIDENTIAL MATERIAL is revealed, subject to any further Order regarding confidentiality as this Court may enter.

5

EXHIBIT C
Page 19 of 40

EXHIBIT E-39

05/01/02  WED 13:24 FAX 202    3265                                    ☒007

11.    Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION to unauthorized persons.

12.    The disclosure by a producing party of CONFIDENTIAL INFORMATION by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without the designation required by paragraph 3, shall constitute a waiver of any claim of confidentiality, except in the situation where (a) such disclosure resulted from inadvertence or mistake on the part of the producing party, (b) such inadvertent or mistaken disclosure has been brought to the attention of the receiving party promptly after discovery of such disclosure, but not later than ten (10) business days after such discovery; and (c) within ten (10) business days of such discovery, the producing party has provided properly marked documents. Upon such notice, and upon receipt of properly marked documents, the materials shall be treated as confidential and the receiving party shall return said unmarked documents and things to the extent practicable, and shall not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as CONFIDENTIAL INFORMATION.

13.    Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Stipulation and Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such CONFIDENTIAL INFORMATION and to bind such person to the terms of this Stipulation and Protective Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of all

6

EXHIBIT  C
Page 20 of 46

EXHIBIT  E-40

provisions of this Stipulation and Protective Order; (c) within five (5) business days of the discovery of such disclosure, identify such person to the producing party; and (d) request such person to sign the Agreement To Abide By Stipulation And Protective Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) business days of its execution by the party to whom CONFIDENTIAL INFORMATION was disclosed.

14.    Nothing in this Stipulation and Protective Order shall require disclosure of information.

15.    If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon request made by the producing party within seven (7) business days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made shall be returned within three (3) business days of such request and, if an inadvertently or mistakenly produced document, all copies of that document that may have been made shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information. If no request is made by the producing party within seven (7) business days of discovery of the inadvertent or mistaken production, the producing party may request that the Court issue an order compelling the return or destruction of all copies of the inadvertently or mistakenly produced document.

16.    The restrictions and obligations set forth in this Stipulation and Protective Order relating to CONFIDENTIAL INFORMATION shall not apply to any information which (i) the parties agree, or the Court rules, is already public knowledge,

7

EXHIBIT __C__
Page __21__ of __40__

EXHIBIT __E-41__

(ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, or (iii) is in the receiving party's legitimate possession independently of the producing party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of CONFIDENTIAL INFORMATION if said person already has legitimate possession thereof.

17.    This Stipulation and Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

18.    This Stipulation and Protective Order shall survive the termination of this action.

19.    After final termination of this action, the counsel designated in paragraph 4.a.-d. hereof for the receiving party may each retain one archival copy of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, one copy or sample of the CONFIDENTIAL INFORMATION produced by opposing counsel for reference in the event of a dispute over the use or dissemination of information, and CONFIDENTIAL INFORMATION to the extent it includes or reflects an attorney's work product. Such material shall continue to be treated as CONFIDENTIAL INFORMATION under this agreement. After final termination of this action, counsel for the receiving party either shall return all additional CONFIDENTIAL INFORMATION in his possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such CONFIDENTIAL INFORMATION in discovery or shall certify destruction thereof to such counsel. As to CONFIDENTIAL INFORMATION reflected in computer databases or backup tapes, the receiving party shall delete all such CONFIDENTIAL INFORMATION or shall impose passwords or designate the

8

EXHIBIT  C
Page 22 of 40

information in a manner reasonably calculated to prevent unauthorized access to the

CONFIDENTIAL INFORMATION.

20.     If a third party provides discovery to any party in connection with

this action, and if the third party so elects, then the provisions of this protective order

shall apply to such discovery as if such discovery were being provided by a party.  Under

such circumstances, the third party shall have the same rights and obligations under this

protective order as held by the parties to this action.

21.     This Order is not binding on the Court or Court personnel.  The

Court may amend this Order at any time.

SO ORDERED:

_____, 2002.

The Honorable Emmet G. Sullivan
United States District Judge

9

EXHIBIT  C
Page 23 of 40

EXHIBIT  E-43

FILED

2003 JUL 11 PM 6:20
RICHARD W. WIEKING
U.S. DISTRICT COURT
N.O. DIST. OF CA

1
2
3
4
5
6
7
8
9
10
11
12
13

# United States District Court
## Northern District Of California
## San Francisco Division

17  In re                                          )   Case No.: No. M-02-1486-PJH
                                                   )
18  DYNAMIC RANDOM ACCESS MEMORY                   )   STIPULATION AND [▮▮▮▮▮▮]
    (DRAM) ANTITRUST LITIGATION                    )   PROTECTIVE ORDER
19                                                 )
                                                   )
20  This Document Relates To:                      )
                                                   )
21      ALL ACTIONS.                               )
                                                   )
22                                                 )
                                                   )
23  _____   )

24
25
26      WHEREAS, the parties may have proprietary information and documents that are not in the

27  public domain and are confidential, the unrestricted disclosure of which may cause undue

28  irreparable damage to the parties and their respective businesses; and

EXHIBIT ___C___
Page __24__ of __40__

EXHIBIT __E-44__

1    WHEREAS, one of the purposes of this Protective Order is to protect the confidentiality of

2    such information and documents; and

3    WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of protective

4    orders limiting the disclosure of certain information in appropriate circumstances; and

5    WHEREAS, the parties have agreed to protect the confidentiality of such information in

6    accordance with the following terms and conditions:

7    1. Documents that contain non-public information may be designated as "Confidential" or

8    "Highly Confidential" in the manner described below, so long as the materials concern the

9    producing party's trade secrets or other confidential research and development or commercial

10   information, or information which the producing party otherwise has a compelling need for

11   confidentiality. This includes, without limitation: (a) documents, exhibits, answers to

12   interrogatories, responses to requests for admissions and deposition transcriptions and all original

13   written, recorded, graphic or electronic matters (and all identical and non-identical copies thereof),

14   (b) any copies, notes, abstracts or summaries of such information, and the information itself, or (c)

15   any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such

16   information (subsections (a) to (c) collectively referred to herein as "Litigation Materials"), all of

17   which may be designated as "Confidential" or "Highly Confidential" under this Protective Order, as

18   appropriate.

19   2. Only non-public documents produced in discovery may be designated as "Confidential"

20   or "Highly Confidential." Accordingly, "Confidential" or "Highly Confidential" materials shall not

21   include any documents concerning information that at any time has been: (a) produced, disclosed

22   or made available to the public or otherwise available for public access; or (b) disclosed in

23   connection with any governmental public filing or securities offering and could not reasonably be

24   assumed to be or have been intended to be kept confidential. Documents containing trade secrets,

25   or other confidential research and development or proprietary business information, the disclosure

26   of which to other parties might competitively disadvantage the producing party, may be designated

27   as "Highly Confidential." Any document concerning information that has not been preserved or

28   maintained in a manner calculated to preserve its confidentiality shall not be designated as

EXHIBIT C
Page 25 of 40

EXHIBIT E-45

1   "Confidential" or "Highly Confidential." Notwithstanding the foregoing, a producing party may

2   designate as "Confidential" or "Highly Confidential" any documents transmitted or disclosed to any

3   governmental entity pursuant to a written confidentiality agreement or which is protected as

4   confidential by statute, rule or regulation. In addition, because the grand jury production by

5   defendants as set forth in the Stipulation and Order Limiting Scope of Discovery, dated April 15,

6   2003, must be made within 30 days of entry hereof, and defendants may not have time to review all

7   of these documents before producing them, the grand jury production shall temporarily be deemed

8   "Highly Confidential." However, 120 days after the date of the entry of this Protective Order that

9   temporary designation of "Highly Confidential" shall expire and the grand jury production shall

10  temporarily be treated as "Confidential," but documents that the producing party has designated as

11  "Highly Confidential" pursuant to this Protective Order or has undesignated, or a party has used the

12  procedures in paragraph 4 herein to challenge successfully the confidential designation thereof,

13  shall be treated accordingly and not be subject to the temporary designation of "Confidential."

14  Additionally, 240 days after the date of the entry of this Protective Order, the temporary designation

15  of Confidential shall expire and the documents in the grand jury production that have not been

16  designated as "Highly Confidential" or "Confidential" pursuant to this Protective Order shall be

17  deemed non-confidential. The producing party shall review in good faith the documents in the

18  grand jury production to determine their proper designation under this Protective Order during these

19  two 120-day periods, and the producing party shall send a letter to the other parties at the expiration

20  of the first 120-day period reporting on the results of its designation of documents in the grand jury

21  production as "Highly Confidential," "Confidential" or non-confidential.

22      3.  All "Highly Confidential" or "Confidential" Litigation Materials shall be used by the

23  parties and their counsel solely for the purpose of the prosecution or defense of this litigation, Case

24  No. M 02-1486-PJH, including preparing for and conducting pre-trial proceedings in this action.

25  Litigation Materials designated as "Confidential" or "Highly Confidential" shall not be disclosed to

26  anyone except as provided herein and the contents thereof shall not be used for any business,

27  commercial or competitive purpose, or used in any manner in any other case, litigation or

28  proceeding whether or not factually related to this action.

EXHIBIT __C__
Page _26_ of _40_

EXHIBIT  E-46

1    4. (a) Parties shall designate documents in good faith, and shall not indiscriminately

2    designate documents, so that produced documents are not over-designated as "Confidential" or

3    "Highly Confidential." Any party may object in good faith to the designation of Litigation

4    Materials. The process for resolving disputes as set forth below presumes this good faith in the

5    initial designations, objections and meet and confer process. The following process will apply to

6    resolution of disputes hereunder: 1) any party who objects to a designation by a producing party

7    shall state concisely the basis for those objections in a letter to the producing party which said letter

8    shall not exceed 5 pages; 2) the letter need only be served by fax on the producing party to start this

9    process; 3) the objecting party and producing party shall have ten days from the date the letter is

10   faxed to meet and confer to resolve the objections and/or narrow issues to be briefed; 4) any

11   objections not so resolved shall be the subject of a regularly noticed motion filed by the objecting

12   party, but the producing party shall have the burden to support the contested designations; 5) said

13   motion shall be filed and served no later than thirty days after the meet and confer period ends; 6)

14   the objecting party shall be allowed to file an extended reply brief of up to 25 pages, unless leave of

15   Court is obtained to file a longer reply brief; and 7) only the objecting and producing parties shall

16   file briefs, but other parties may file a two-page brief, unless leave of Court is obtained to file a

17   longer brief.

18       (b) In addition to the procedures described above, the following shall apply to the process:

19   1) a party shall not be obligated to challenge the propriety of a confidential designation at the time

20   that designation is made, and failure to so challenge does not preclude a subsequent challenge; 2)

21   with the permission of the Court, either the producing or objecting party may request a short

22   informal discovery conference to be held telephonically with the Court in order to avoid the need

23   for any motion; 3) said conference should be held during the ten-day meet and confer period, or the

24   thirty-day period for bringing the motion in accordance with the convenience of the Court; 4) if the

25   producing party does not oppose the motion, then designations which are the subject of the

26   objections are declassified; and 5) the parties will attempt in good faith to combine as many issues

27   under this Protective Order as possible so that said matters can be handled efficiently and

28

W02-SF:5JM\61373134.1/10738358v3    -4-    STIPULATION AND [PROPOSED]
PROTECTIVE ORDERTECTIVE ORDER
EXHIBIT _C_
Page _27_ of _40_

EXHIBIT _E-47_

1  effectively, and the parties further reserve the right to request, for good cause shown, additional

2  time to file any motion.

3      5. Any Litigation Materials the designation of which is subject to such dispute shall be

4  treated as "Confidential" or "Highly Confidential" as designated by the producing party pending

5  resolution of the dispute by this Court.

6      6. If any party or non-party uses Litigation Materials designated as "Confidential" or

7  "Highly Confidential" pursuant to this Protective Order during the course of a deposition herein,

8  that portion of the deposition record reflecting such "Confidential" or "Highly Confidential"

9  information shall be stamped as "Confidential" or "Highly Confidential" and access thereto shall be

10  limited pursuant to the other terms of this Protective Order.  Counsel may invoke the provisions of

11  this Protective Order by stating on the record during the deposition that testimony given at the

12  deposition is designated "Confidential" or "Highly Confidential," or by designating the deposition

13  transcript or portions thereof as "Confidential" or "Highly Confidential" before the time expires

14  within which the witness may sign the deposition transcript.  No person shall be present during

15  portions of the depositions designated "Confidential" or "Highly Confidential," unless such person

16  is authorized under the terms of this order to receive Litigation Materials containing such

17  confidential information or unless the producing party consents to such person being present.  All

18  information disclosed during a deposition shall be deemed to have been designated "Highly

19  Confidential" until the time within which the witness may sign the transcript expires, whether or not

20  any portion of the transcript has been so designated previously.

21      7. Nothing in this Order affects the right of the party or non-party that produced

22  "Confidential" or "Highly Confidential" Litigation Materials to use or disclose such information in

23  any way.  Such disclosure shall not waive the protections of this Protective Order and shall not

24  entitle other parties, non-parties or their attorneys to use or disclose such information in violation of

25  the Protective Order, except that if the producing party uses such materials in a manner inconsistent

26  with their confidential status, then that shall serve as a basis to object to the designation and said

27  objections shall be resolved as set forth in paragraph 4 above.

28

EXHIBIT ____ C

Page ___28___ of __40__

EXHIBIT E-48

8. In the event that documents or Litigation Materials are produced by another person which are actual copies of documents or other Litigation Materials which a party has produced and designated "Confidential" or "Highly Confidential," that party may designate such materials under this Protective Order even if they have not been so designated by the person producing them. To the extent that a person produces documents which are not actual copies of documents previously produced and designated by a party but which contain a party's "Confidential" or "Highly Confidential" information, a party may designate those documents, or portions thereof as may be appropriate, as "Confidential" or "Highly Confidential," subject to the dispute resolution process set forth in paragraph 4 above. Said designations shall be made as soon as reasonably possible, and shall contain the Bates stamp number(s) of the portions of the documents designated, the nature of the designations, and if an entire document is designated, which portions of the document contain the information supporting the designation so that an objecting party may determine what information is specifically at issue.

9. Litigation Materials marked or treated as "Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

 a. the Court, all Court personnel, any discovery referee or any settlement mediator;

 b. court reporters and videographers who record depositions or other testimony in this action;

 c. named parties, including an officer, director or in-house counsel of a named party or its affiliated companies;

 d. other employees of a named party or its affiliated companies, but only for the specific purpose of working directly on the litigation at the request or at the direction of counsel;

 e. outside counsel for the named parties and employees of such counsel to whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

 f. pursuant to the provisions of paragraph 12(a), consultants and experts to whom it is necessary that the Litigation Materials be shown for purpose of assisting counsel in this litigation;

 g. deposition witnesses;

EXHIBIT _C_
Page _29_ of _40_

EXHIBIT _E-49_

1    h. employees of copying, imaging and computer services for the purpose of copying,

2 imaging or organizing documents provided that all documents designated as "Confidential" are

3 retrieved by the party furnishing those documents upon completion of the services;

4    i. any other person upon the written agreement of the party or non-party who

5 designated the Litigation Materials as "Confidential" (which agreement may be recorded in a

6 deposition or other transcript), or pursuant to court order; and

7    j. the author, addressees and recipients of the documents or any person who would

8 have had access to such information by virtue of his/her employment.

9    10. Litigation Materials marked or treated as "Highly Confidential" or copies or extracts

10 therefrom and the information therein, may be given, shown, made available to or communicated to

11 only the following:

12    a. the Court, all Court personnel, any discovery referee or any settlement mediator;

13    b. Court reporters and videographers who record depositions or other testimony in

14 this action;

15    c. employees of copying, imaging and computer services for the purpose of copying,

16 imaging or organizing documents provided that all documents designated as "Highly Confidential"

17 are retrieved by the party furnishing those documents upon completion of the services.

18    d. counsel of the law firms signing this stipulation or employees of such counsel to

19 whom it is necessary that the Litigation Material be shown for purposes of this litigation;

20    e. in-house counsel for a named party or its affiliated companies, so long as this in-

21 house counsel has executed the Agreement attached hereto as Exhibit A, provided, however, that if

22 (i) such person is an in-house counsel for a party that is a defendant in this action or for an affiliated

23 company of a defendant and (ii) the "Highly Confidential" documents have been produced by a

24 defendant, then such in-house counsel must be approved in writing by the producing defendant to

25 receive its "Highly Confidential" documents, unless otherwise ordered by the Court;

26    f. pursuant to the provisions of paragraph 12(a)-(c), consultants and experts to

27 whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this

28 litigation; and

W02-SF:5JM\61373134.1/10738358v3    -7-    STIPULATION AND [PROPOSED]
·PROTECTIVE ORDERTECTIVE ORDER
EXHIBIT _____ C
Page 30 of 40

EXHIBIT E-50