Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation, <br><br> Plaintiff, <br><br> v. <br><br> PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br><br><br><br><br><br><br><br><br><br><br> Case No. J04-0011 Civil (RRB) |

### DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF
Page 1 of 2

EXHIBIT _G - 1_

Comes Now the Defendant, DIAMONDS INTERNATIONAL OF ALASKA, LTD., by and through its attorneys, Brena, Bell & Clarkson, P.C., and pursuant to Fed. R. Civ. P. 37(a)(2)(B) and D. Ak. LR 37.1 moves the court for an order compelling discovery from the Plaintiff, Shivalay, Inc. as set forth in the attached memorandum. This motion is supported by the attached memorandum and exhibits. Also attached is a Good Faith Certificate (Form 37.1).

DATED this 28th day of July, 2005.

BRENA, BELL & CLARKSON, P.C.
Attorneys for Defendants Diamonds International
of Alaska, Ltd.

By _____
Kevin G. Clarkson
Alaska Bar No. 8511149

**CERTIFICATE OF SERVICE**
I hereby certify that on July 28 , 2005,
a true and correct copy of the foregoing
document was mailed ✓ , hand delivered ___
faxed ___ to:

Z. Kent Sullivan, Esq.
Baxter Bruce & Sullivan, P.C.
P.O. Box 32819
Juneau, AK 99803

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, FL 33134

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
P.O. Box 34338
Juneau, AK 99803

Robert C. Gilbert, Esq.
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134

_____
Eileen Frison

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF
Page 2 of 2

EXHIBIT  G - 2

Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT JUNEAU

| | | |
|---|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. J04-0011 Civil (RRB) |

## DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM PLAINTIFF

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 1 of 18

EXHIBIT  G - 3

## INTRODUCTION

Diamonds International of Alaska, Ltd. ("DIAK"), moves the court for an order pursuant to Fed. R. Civ. P. 37(a)(2)(B) and D. Ak. LR 37.1 compelling discovery from the Plaintiff, Shivalay, Inc. ("Celebrity") in the form of responsive, informative, and legally adequate interrogatory answers. On March 29, 2005, DIAK served Celebrity with a First Set of Interrogatories. [Exh. 1] Many of the interrogatories that DIAK served upon Celebrity were straight forward "contention interrogatories" that simply asked Celebrity to state the factual basis for various allegations contained within Celebrity's complaint. In response, rather than answer DIAK's contention interrogatories with "facts," Celebrity in most cases simply referred DIAK to the allegations contained in the complaint that initiated this action. Celebrity's interrogatory answers are wholly inadequate. [Exh. 2]

It is widely recognized by federal courts that a proper answer to a "contention interrogatory" is a "narrative answer" that states the specific factual bases for the principle allegations of the complaint and not a mere circular reference back to the allegations of the complaint. Under no circumstances did DIAK's "contention interrogatories" ask for a mere regurgitation of the allegations of the complaint, and this court should not view Celebrity's answers as being either adequate or in compliance with Fed. R. Civ. P. 33. Civil Rule 33(b)(1) expressly requires that "[e]ach interrogatory shall be answered separately and fully." A contention interrogatory requires that the specific facts supporting the broad and general allegations of a complaint be specifically and fully stated in the answer to the interrogatory and this court should order Celebrity to provide such answers to DIAK.

DIAK attempted to resolve the discovery issues addressed in this motion informally with Celebrity. DIAK's counsel wrote to Celebrity's counsel on May 16, 2005, and explained in detail

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathiia, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 2 of 18

EXHIBIT  G -4

what interrogatory answers DIAK viewed as being inadequate and explained why the answers were inadequate. [Exh. 3] Celebrity responded with a ten page letter that provided some small capitulation along with supplemental answers, but unfortunately, in large part simply attempted to explain that DIAK's interrogatories were premature and that DIAK must wait for further discovery before it may obtain detailed factual answers to its interrogatories. [Exh. 4] DIAK's interrogatories are appropriate at this time, DIAK's motion should be granted, and Celebrity should be required to answer the interrogatories with full and complete factual information.    Celebrity can supplement its interrogatory answers in this case at a later date if additional discovery reveals additional facts supporting the allegations of the complaint.

## ARGUMENT

### I.    DIAK'S CONTENTION INTERROGATORIES ARE PROPER AT THIS TIME

Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted. . . . The Supreme Court of the United States has stated that these rules 'are to be accorded a broad and liberal treatment.'" Trevino v. Celanse Corp., 701 F.2d 397, 405 (5th Cir. 1983) (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)).

"Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil actions of any matter, not privileged, which is relevant to the subject matter involved. . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

EXHIBIT __G -5__

the discovery of admissible evidence." Information "is relevant if it relates to the claim or defense of the party seeking discovery or any other party, or to the credibility of any witness." Schwarzer, Tashima & Wagstaff, California Practice Guide: Federal Civil Procedure Before Trial, § 11.21 (1995 revised). "Rule 26(b)(1) remains the same following the 1993 amendments. There are no substantial changes to any of the definition (sic) or the old rule standards relating to . . . relevancy under the revised Rule 26(b)(1)." Haydock & Herr, Discovery Practice, § 1.4 (Little Brown & Co. 2d ed. 1988 and Supp. 1994).

Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to the discovery of admissible evidence; but the discoverable information need not be admissible at trial. Cable & Computer Tech., Inc. v. Lockeed Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Ca. 1997) (citing Jones v. Commander, Kansas Army Ammunitions Plant, 147 F.R.D. 248, 250 (D. Kan. 1993). Information and documents requested in discovery need only be relevant to the "subject matter involved." "This is an explicit recognition that the question of relevancy is to be more loosely construed at the discovery stage than at trial." 8 Wright & Miller, Federal Practice and Procedure, § 2008 (West 1994); Liew v. Breen, 640 F.2d 1046, 1049 (9th Cir. 1981); Kerr v. United States District Court, 511 F.2d 192, 196 (9th Cir. 1975) aff'd 426 U.S. 394, 397-99, 99 S. Ct. 2119, 2122 (1976); Heathman v. United States District Court, 503 F.2d 1032, 1035 (9th Cir. 1974); Financial Building Consultants, Inc. v. American Druggists Ins. Co., 91 F.R.D. 59, 61 (N.D. Ga. 1981).

Although DIAK's interrogatories in this instance focus upon the allegations stated in Celebrity's complaint by asking for specific facts that Celebrity believes form the factual basis for

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 4 of 18

EXHIBIT __G - 6__

the allegations, relevance for purposes of discovery is not measured by the issues framed by the pleadings (see 4 Moore, Federal Practice, ¶ 26.56[1]).  Relevance for purposes of discovery is construed broadly to include "any matter that bears on, any issue that is or may be in the case." Midland-Ross Corp. v. United Steelworkers of America, 83 F.R.D. 426, 427 (W.D. Pa. 1979).  A request for discovery is relevant if there is any possibility that the information sought may be relevant to, or may lead to the discovery of information which is relevant to, the subject matter of the action.  Henderson v. National R.R. Passenger Corp., 113 F.R.D. 502, 506 (N.D. Ill. 1986); Am. International v. Eastman Kodak Co., 100 F.R.D. 255, 257 (N.D. Ill. 1981); In Re Folding Carton Antitrust Litigation, 83 F.R.D. 251, 254 (N.D. Ill. 1978); Miller v. Doctors General Hospital, 76 F.R.D. 136, 138-39 (W.D. Ok. 1977); Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 422 (E.D. Wa. 1976).  Judge Irving Kaufman has stated that "[a]t the early stages of litigation, it is rare that a showing can be made that a particular item of requested information is not 'relevant' under the broad definition given that word in Rule 26.  In the ordinary case the judge will order the question answered [discovery granted], subject to a later finding of irrelevancy."  Kaufman, Judicial Control Over Discovery, 28 F.R.D. 111, 119 (1961); accord Marshall v. Electric Hose & Rubber Co., 68 F.R.D. 287 (D. Del. 1975) (discovery should be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action).

Federal Rule 33(c) provides that interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1) and that "[a]n interrogatory answer otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

EXHIBIT  G - 7

interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time." Fed. R. Civ. P. 33(c). Under Rule 33(c) "there is no longer any automatic rule that an interrogatory must be disallowed merely because it calls for an opinion or contentions." Wright, Miller & Marcus, Federal Practice and Procedure: Civil, § 2167, p. 247 (2d ed. 1994). "In 1970, when the provision was added to Rule 33(b) making it clear that contention interrogatories were not *per se* objectionable, the Advisory Committee took the position that 'requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery.'" In re Convergent Technologies Securities Litigation, 108 F.R.D. 328, 336 (N. D. Ca. 1985) (*quoting* Federal Civil Rule 33(b), advisory committee note to 1970 amendments)).

Celebrity has objected to many of DIAK's interrogatories on the basis that they are "contention interrogatories" that are allegedly premature at this early stage of the case. [Exh. 3] "The phrase 'contention interrogatory' is used imprecisely to refer to many different kinds of questions. Some people would classify as a contention interrogatory any question that asks another party to indicate what it contends. Some people would define contention interrogatories as embracing only questions that ask another party whether it makes some specified contention. . . . Another kind of question . . . asks an opposing party to state all of the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention." Convergent, 108 F.R.D. at 332. DIAK's interrogatories simply seek the

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 6 of 18

EXHIBIT  *G - 8*

specific factual events upon which Celebrity bases specified contentions. [Exhs.1, 2]

Celebrity bases its objection to DIAK's contention interrogatories almost entirely upon the 1985 decision of Judge Brazil in <u>Convergent</u>. [Exh. 4]. There, Judge Brazil concluded, in the context of complex securities litigation, that contention interrogatories – the type of contention interrogatory he did not specify – should be used after substantial documentary and testimonial discovery has been completed unless the proponent of the discovery can show that early discovery would materially advance the goals of the Federal Rules. <u>Convergent</u>, 108 F.R.D. at 338-39. Celebrity does not, however, acknowledge that Judge Brazil later modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See <u>McCormick-Morgan, Inc. v. Teledyne Industries, Inc.</u>, 134 F.R.D. 275, 287 (N.D. Ca. 1991) (*cited in* <u>Cable</u>, 175 F.R.D. at 652).

Contention interrogatories should appropriately be considered by the court in the same manner that the court would consider any other interrogatory. <u>Cable</u>, 175 F.R.D. at 652. In the context of a motion to compel, the burden of persuasion should be placed upon the party opposing discovery rather than shifting the burden to the proponent of the contention interrogatories to justify their propoundment. <u>Id.</u> Parties should answer contention interrogatories at the time that they are propounded based upon the information that the parties possess at the time – that is the most basic and precise point of discovery, namely to identify the factual information that the other party possesses and believes supports its claims. <u>Id.</u> If additional or different information is discovered in the course of litigation, parties can later amend their answers to interrogatories under Rule 33 or supplement their interrogatory answers under Rule 26(e). <u>Id.</u>

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

<u>Bathiia, et al. v. Panoff, et al.</u>, Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 7 of 18

EXHIBIT  G - 9

Celebrity also does not acknowledge that the contention interrogatories principally at issue in <u>Convergent</u> asked the plaintiffs to "disclose all facts . . . that relate in any way to the allegations that . . . two defendants exercised . . . control" "over various reports and statements. . . ." 108 F.R.D. at 341. "Control persons" is a legal term that is defined in the Securities Act of 1933 with the definition focusing upon whether the persons possessed and exercised ownership and power over the entity at issue. <u>Id</u>. at 342. Whether a person is or is not a control person is a complicated question of fact that can be answered only on a case by case basis and only after considering a wide range of potentially relevant factors. <u>Id</u>. at 343. The court found that the plaintiffs had satisfied their initial disclosure and discovery obligations by providing detailed factual allegations in their complaint regarding the defendant's ownership and power. <u>Id</u>.

Unlike <u>Convergent</u>, DIAK's contention interrogatories do not focus upon complicated legal terms of art, but instead ask for historical information about who did or said what, when, where, and how. Moreover, unlike <u>Convergent</u>, Celebrity has given only some bare minimum of factual detail in its complaint - the length of Celebrity's complaint is meaningless because the content is extremely bare of factual detail.

## II.    CELEBRITY'S INTERROGATORY ANSWERS ARE INADEQUATE

The purpose of DIAK's contention interrogatories was to enable it to determine the bases for Celebrity's principle allegations so that DIAK might prepare appropriate motions and defenses and determine what further discovery or investigation may be necessary. In cases such as this, where critical information is in Celebrity's sole possession, and only Celebrity knows the specific facts which support its broad and generally stated allegations, it is entirely appropriate for DIAK to ask Celebrity for the specific factual bases of its broad and general allegations.

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

EXHIBIT  G -10

**Interrogatory No. 6:** Paragraph 33 of the complaint makes sweeping allegations to the effect that: 1) "the PPI Group has not upheld its end of the bargain"; 2) the PPI Group has not marketed Celebrity to cruise ship passengers in a fair or good faith manner; and 3) the PPI Group has engaged in an active campaign of knowingly and intentionally discouraging passenger business with Celebrity. Because Celebrity has alleged an interference with contract claim against DIAK, Interrogatory No. 6 asked Celebrity to "describe in detail the facts upon which you rely for the allegations", and to identify every person with knowledge of such facts, and to list documents relating to those facts.

Celebrity's answer that "[t]he allegations in paragraph 33 of the complaint speak for themselves" is completely inadequate and non-responsive. DIAK did not ask what the allegations of the complaint are because DIAK has already read the complaint. Celebrity's reference to later paragraphs in the complaint does not rectify the inadequacy and non-responsiveness of the answer because these paragraphs are also general and broad. The obvious point of the interrogatory is to require Celebrity to state the specific facts (who did or said what at what date(s) and to whom) that establish that PPI discouraged passenger business with Celebrity. Nothing in the complaint states anything regarding when, where, or how passengers were actually dissuaded (or even attempted to be dissuaded) from doing business with Celebrity; or encouraged to shop elsewhere.

The allegations in paragraphs 34-37 of the complaint relate only to communications about possible future conduct, not actual past conduct that had been carried out. Celebrity's answer referencing its initial disclosures is completely inadequate because the disclosures do not identify who it is that might have knowledge of any actual interaction that PPI may have had with passengers of the type generally described in the complaint – the interrogatory calls for who, when, where and

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 9 of 18

EXHIBIT   G - 11

what was done or said. Celebrity should be required to plainly state whatever specific factual basis it has at this time for its allegations.

With respect to documents, the interrogatory did not ask Celebrity to simply cut and paste the bates numbers of the documents Celebrity provided with its initial disclosures, but instead asked Celebrity to identify documents (perhaps disclosed, perhaps not) that relate to who, when, where, and what amounted to "discouraged passenger business" for Celebrity (and similar responses were called for regarding the other allegations). The point of the interrogatory is to require Celebrity to identify documents relating to the specific allegations addressed.

**Interrogatory No. 7:** Paragraphs 34-35 of the complaint make sweeping allegations regarding PPI's and DIAK's alleged "secretive, intentional and knowing campaign" to "divert business from" Celebrity to DIAK. The paragraphs also make sweeping allegations regarding DIAK's and PPI's alleged spreading of false information regarding Celebrity. DIAK asked Celebrity to "describe in detail the facts upon which you rely for the allegations," specifically the allegations to the effect that DIAK participated in, had knowledge of, and/or authorized the referenced "campaign" and/or e-mails. DIAK also asked Celebrity to identify every person with knowledge of such facts and to list documents relating to those facts.

Celebrity's answer that "[t]he allegations contained in paragraphs 34-35 of the complaint speak for themselves" is completely inadequate and non-responsive. Again, DIAK did not ask for a regurgitation of the allegations of the complaint. Celebrity's reference to later paragraphs in the complaint does not rectify the inadequacy and non-responsiveness of the answer. The obvious point of the interrogatory is to require Celebrity to state the specific facts (who did or said what at what date(s) and to whom) that establish that DIAK participated in, knew about, or authorized this

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 10 of 18

EXHIBIT  G -12

"campaign" or "slander." Nothing in the complaint states anything about the when, where, who, or what details of DIAK's alleged involvement, knowledge of, or participation in the alleged campaign or slander. In fact, there is nothing in the complaint about any actual carrying out of the alleged campaign or slander – meaning interaction or communication with potential customers. Moreover, there are no details in the complaint regarding who at DIAK might have agreed with who at PPI to carry out the alleged campaign and slander – not to mention when, where, and how the alleged agreement was made or came to fruition.

Again, Celebrity's answers referencing its initial disclosures are inadequate because the initial disclosures do not identify who it is that might have knowledge of any actual interaction or communication with passengers of the type generally described in the complaint. The interrogatory calls for who, when, where and what was done or said. Celebrity should be required to plainly state whatever specific factual basis it has at this time for its allegations.

Once again, the interrogatory did not ask Celebrity to simply cut and paste the bates numbers of the documents it provided with its initial disclosures, but instead asked Celebrity to identify documents (perhaps disclosed, perhaps not) that relate to the who, when, where, and what of the alleged "campaign" or "slander." Celebrity should be required to identify specific documents as it is able at this time and then supplement or amend its answers later as discovery proceeds.

**Interrogatory No. 8**: Paragraphs 36, 54, 62, 69, and 80 of the complaint make sweeping allegations regarding PPI's and DIAK's alleged "coordinated conspiracy" or "conspiracy" to "direct business away from Celebrity." DIAK asked Celebrity to "describe in detail the facts upon which you rely for the allegations." Celebrity's answer that "[t]he allegations . . . speak for themselves" is completely inadequate and non-responsive. Again, DIAK did not ask what the allegations of the

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

EXHIBIT G - 13

complaint are because DIAK has already read the complaint.

The interrogatory plainly asked for facts regarding who it is that formed this alleged conspiracy, when they did it, where they did it, how they did it, what they said and agreed to, and what they might allegedly have done to actually carry out the conspiracy. None of this information is provided in the allegations of the complaint. Federal courts have held that a party is not entitled to answer a contention interrogatory such as this by simply referring to deposition transcripts or "all affidavits filed thus far." Dipietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992). Celebrity is required to answer the interrogatory "separately and fully" [Fed. R. Civ. P. 33(b)]. It is not DIAK's duty to try to guess which parts of which affidavits Celebrity believes present the factual basis for the allegation that a conspiracy was formed and executed.

Once again Celebrity has not identified anybody with knowledge of facts related to the formation and carrying out of this conspiracy, and no documents are identified which relate to this specific topic.

**Interrogatory No. 9**: Paragraph 38 of the complaint alleges that during 2002-2003 Celebrity observed a "marked decline in average per person sales from passengers associated with the PPI Group affiliated cruise lines." The paragraph further alleges that in 2003 Celebrity observed "significantly lower per passenger sales between PPI Group affiliated cruise ship passengers and the per passenger sales realized by the PPI Group's main competitor." The interrogatory asked for the factual basis of this allegation. Celebrity's answer that "[t]he allegations . . . speak for themselves" is completely inadequate and non-responsive.

Neither the complaint nor the interrogatory answer state the numbers of sales, the value of the individual sales, or even the average value of the individual sales. No statistics are provided that

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 12 of 18

EXHIBIT  G - 14

enable anyone to identify which sales comparisons Celebrity might be making with respect to the allegation. Again, Celebrity does not identify anybody with knowledge of facts related to the formation and carrying out of this conspiracy, and no documents are identified which relate to this specific topic.

**Interrogatory No. 10:** Paragraph 39 of the complaint alleges that Celebrity experienced "harm to . . . business reputation among the businesses of the community, the cruise ship industry" and "the passengers and cruise lines." The interrogatory asked for the factual basis of the allegations. Celebrity's answer that "[t]he allegations . . . speak for themselves" is completely inadequate and non-responsive.

The point of this contention interrogatory was to determine such things as: 1) what was Celebrity's reputation before this alleged "conspiracy" and "slander", and 2) with whom did this reputation prevail? Who did what, or who said what, that impacted this reputation? To whom was this action directed, or to whom were these words directed? Who is it in the business community that now thinks less of Celebrity? And how? And why? And how has this impacted Celebrity's business? Which cruise lines now think less of Celebrity than before? Who can attest to any of these facts? All of this information, and more, is called for by this interrogatory and yet absolutely nothing was provided. Celebrity should be required to plainly state whatever specific factual basis it has at this time for its allegations. Once again, Celebrity has not identified any individuals with specific knowledge of the allegations, or any documents which relate to the allegations.

**Interrogatory No. 11:** Paragraphs 64-78 of the complaint allege RICO violations by PPI and DIAK. This interrogatory called upon Celebrity to describe in detail the "individuals", the "enterprises", and "associations in fact" that Celebrity alleges existed and were somehow part of,

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 13 of 18

EXHIBIT _G -15_

involved in, utilized regarding, and/or whose affairs were conducted in the alleged racketeering scheme. Celebrity's answer that the complaint speaks for itself says nothing because the complaint says nothing about any of these matters. Celebrity's complaint simply states a hodgepodge of allegations incorporating all of the above concepts without any factual specification.

The interrogatory called upon Celebrity to answer: Who are the individuals who conducted the racketeering scheme? It is interesting to note in Celebrity's disclosures that Celebrity claims that DIAK has connections to organized crime. If Celebrity truly thinks that this is something more than a scandalous allegation, then Celebrity must answer this interrogatory with specific facts regarding which organized crime faction or family – or "whatever" – Celebrity might be talking about, and which individuals Celebrity believes are involved in this organized crime.

What are the enterprises? If there was an association in fact, who was a part of this association, when was it formed, how was it formed, and what specifically did it do? What enterprise is Celebrity alleging? Is there one enterprise? More than one? Is it one of the PPI Group entities? Is it DIAK? Something else? These are but a few of the pieces of factual information that a proper response to the contention interrogatory should have provided, and which the complaint does not provide. The defendants are not required to guess at the factual basis for Celebrity's claims, particularly RICO claims premised upon allegations of fraud that are subject to Civil Rule 9(b). The defendants expect that Celebrity knows the factual basis for the claims that it has filed subject to Fed. R. Civ. P. 11.

**Interrogatory Nos. 12, 14, 15:** Interrogatory No. 12 asked for an identification of each and every predicate offense of racketeering activity that Celebrity alleges occurred. As the court knows, each separate individual violation of the predicate crimes listed in RICO constitute a separate

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 14 of 18

EXHIBIT G-16

predicate offense of racketeering. Thus, this interrogatory called for Celebrity to identify every telephone call, every e-mail, every facsimile, every letter, etc., that it believes establishes a separate predicate offense of racketeering. In response, Celebrity states simply and inadequately that the complaint speaks for itself.

Interrogatories 14 and 15 ask for identification of each use of the mails (every letter or other item mailed), and every use of the interstate telephone wires (every telephone call or e-mail) that Celebrity alleges as part of the alleged racketeering scheme. None of this information is provided in either the interrogatory answer or the complaint.

Celebrity should be required to plainly state whatever specific factual basis it has at this time for its allegations.

**Interrogatory No. 13:** This interrogatory asked Celebrity to identify the funds, by amounts and sources, that Celebrity alleges DIAK acquired through the alleged pattern of racketeering activity. Celebrity's answer, again simply referencing the complaint, is inadequate and non-responsive. It is also insufficient for Celebrity to answer generally to the effect that passenger business went from Celebrity to DIAK. Which, or even how many customers were moved from Celebrity to DIAK (who are they or at least how many are there)? How can you know that these customers moved because of a pattern of racketeering as opposed to just consumer choices? What did they buy from DIAK? What did they pay? These are but a few of the factual pieces of information that this interrogatory called for, and which Celebrity did not provide.

Celebrity should be required to plainly state whatever specific factual basis it has at this time for its allegations.

**Interrogatory No. 16:** Paragraphs 80-88 of the complaint make broad and sweeping

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 15 of 18

EXHIBIT _G -17_

allegations to the effect that DIAK and PPI made "various written and oral statements" to "cruise ship passengers" "regarding Celebrity's merchandise and sales efforts." The paragraphs also broadly and generally allege that "all of the statements were in fact relied upon." Finally, the paragraphs broadly and generally allege that "[t]he relying parties were ignorant of the falsity of the representations." DIAK's contention interrogatory asked Celebrity to state, regarding each alleged misrepresentation or fraud that Celebrity claims DIAK is responsible for: 1) the date of the statement, 2) the content of statement, 3) the maker of the statement, and 4) the hearer or recipient of the statement. DIAK also asked for the specific facts that Celebrity claims establish DIAK's direct and/or indirect involvement in and/or responsibility for each misrepresentation or fraud.

Celebrity's answer referencing the complaint is wholly inadequate. Celebrity has not stated any facts that identify the who, what, when, or where of any alleged misrepresentations or frauds communicated to "cruise ship passengers." Who made what statements? What cruise ship passengers received the statements? How did these cruise ship passengers rely on these unidentified statements? What facts does Celebrity have to establish the cruise ship passengers' "ignorance" of any matters, let alone Celebrity's business practices. Furthermore, what facts establish that DIAK was aware of, authorized, and/or participated in any of these alleged events? Once again, individuals with knowledge must be identified, as well as documents supporting the allegations (Celebrity has alleged written misrepresentations to cruise ship passengers, therefore Celebrity must identify the documents that it believes constitute the misrepresentations).

**Interrogatory No. 19**: Paragraphs 52-55 and 60-63 of the complaint generally and broadly allege antitrust claims. A competitive injury and/or an injury to competition is an essential element of an antitrust claim. The injury to competition element of an anti-trust claim is well established

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 16 of 18

EXHIBIT  G-18

under both the Alaska Restraint of Trade Act and the federal Sherman Act.    See Sisters of Providence in Washington v. A.A. Pain Clinic, Inc., 81 P.3d 989, 1000-01 (Alaska 2003); KOS v. Alyeska Pipeline Services Co., 676 P.2d 1069, 1073-74 (Alaska 1983); Odom v. Lee, 999 P.2d 755, 761-62 (Alaska 2000); Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 479, 97 S. Ct. 690, 50 L.Ed. 701 (1977).  DIAK's contention interrogatory, therefore, asked Celebrity to state the factual basis for any claim it might be making that there was a competitive injury and/or an injury to competition as a result of whatever it is that Celebrity is claiming the defendants did in this case. The complaint states absolutely nothing about a competitive injury and/or an injury to competition. How exactly was competition in the relevant market harmed?  Celebrity should be required to plainly state whatever specific factual basis it has at this time for its allegations.

**Interrogatory No. 20:** Paragraphs 56-59 of the complaint generally and broadly allege that DIAK committed unfair trade practices. DIAK's contention interrogatory asked Celebrity to identify what acts of unfair trade practice DIAK engaged in so as to form the basis for Celebrity's claim.  The answer to this interrogatory states absolutely nothing about any unfair trade practices DIAK engaged in (who, what, when, or where).  The e-mails attached to the complaint do not establish any unfair trade practices because they relate to possible future events, not past acts.  Celebrity claims that unfair trade practices were actually committed in interaction with cruise ship passengers, therefore, Celebrity must state the facts that establish such unfair trade practices actually occurred.  Celebrity should be required to plainly state whatever specific factual basis it has at this time for its allegations.

## CONCLUSION

For all of the above reasons, DIAK's Motion to Compel should be granted.  Celebrity should be ordered to provide adequate and complete answers to DIAK's Interrogatories No. 6-16 and 19-20.

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 17 of 18

DATED this _28_ day of July, 2005.

BRENA, BELL & CLARKSON, P.C.
Attorneys for Defendants Diamonds International
of Alaska, Ltd.

By _____
Kevin G. Clarkson
Alaska Bar No. 8511149

**CERTIFICATE OF SERVICE**

I hereby certify that on _July 28_, 2005,
a true and correct copy of the foregoing
document was mailed ✓, hand delivered ___
faxed ___ to:

Z. Kent Sullivan, Esq.
Baxter Bruce & Sullivan, P.C.
P.O. Box 32819
Juneau, AK 99803

Peter M. Hockman, Esq.
Peter M. Hockman
550 Biltmore Way, Suite 780
Coral Gables, FL 33134

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
P.O. Box 34338
Juneau, AK 99803

Robert C. Gilbert, Esq.
Robert C. Gilbert, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134

_Eileen Frison_
Eileen Frison

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Bathija, et al. v. Panoff, et al., Case No. J04-0011 Civil (RRB)
DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Page 18 of 18

EXHIBIT _G-20_

Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. J04-0011 Civil (RRB) |

## DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S
## <u>FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>

Comes Now Defendant, DIAMONDS INTERNATIONAL OF ALASKA, LTD. ("DIAK"),

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
<u>Bathija, et al. v. Panoff Publishing, Inc., et al.</u>, J04-0011 Civil (RRB)
Page 1 of 11

EXHIBIT _____
Page __1__ of __11__

EXHIBIT _G-21_

and through counsel, Brena, Bell & Clarkson, P.C., and pursuant to Federal Rule of Civil Procedure 33, requests that Plaintiff, SHIVALAY, INC., answer the following interrogatories.

Shivalay is directed to serve its responses on Defendant's counsel at 310 K Street, Suite 601, Anchorage, Alaska 99501 within thirty (30) days of service of these interrogatories.

## INSTRUCTIONS AND DEFINITIONS

1.    Please place your answers in the space provided following each interrogatory, or use additional pages if necessary.

2.    Each interrogatory calls not only for the knowledge of Shivalay, but also for all information that is available to it by reasonable inquiry of its shareholders, officers, directors, agents, representatives, attorneys, or others acting on its behalf.

3.    Unless otherwise stated, the time period for these interrogatories shall be from January 1, 2000, until the date of your response.

4.    It is not intended that these interrogatories require the disclosure of any information that is protected against disclosure as work product of attorneys or information protected by privilege. Accordingly, whenever information requested herein is claimed to be protected against disclosure as "work product" or "privileged" and is withheld on that ground, please provide a written response with the following information:

a.    A description of the information sufficiently particular to identify it and to enable you to identify, disclose or produce it in response to an order of the court;

b.    The nature of the protection claimed;

c.    A list of all persons with knowledge of the information.

5.    Shivalay is requested to supplement its responses in accordance with Federal Rule

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 2 of 11

EXHIBIT ___1___
Page _2_ of _11_

EXHIBIT  G - 22

of Civil Procedure 26(e).

6.    In each instance where you are asked to identify a person, you are requested to supply the person's full name, employer, address, and telephone number, if known.

7.    In each instance where you are asked to identify a document, or where a document is relied upon or forms the basis for any answer, the interrogatory calls for the document's title, date, sender, recipient, present location and custodian.

8.    In each instance where you are asked to identify an act, event, transaction or occurrence, the interrogatory calls for the date and location of the act, event, transaction or occurrence and the name of each person present at or involved in the act, event, transaction or occurrence.

9.    In every instance where you are asked to identify a communication, the interrogatory calls for a description of the content of the communication, the identity of each person who sent and each person who received such communication and the date of the communication.

10.    As used in this request, the following terms are defined as follows:

a.    "Document" means and includes the original and any copy, regardless of origin or location, of any kind of written, typewritten, printed, transcribed, punched, taped, recorded, filmed, photographic, or graphic material whatsoever, however produced or reproduced, including, without limitation, any writing filed for reporting or other purposes with any federal, state, or local agency; papers, books, pamphlets, periodicals, telegrams, reports, studies, handwritten notes, memoranda, letters, records, audited and unaudited financial statements, financial ledgers; minutes of directors, shareholders, or committee meetings; written communications with directors, officers, and shareholders; intra- or inter-office communications, notices, circulars, bulletins, manuals, results

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 3 of 11

EXHIBIT ___1___
Page ___3___ of _11_

EXHIBIT   G-23

of investigations, progress reports, studies made by or for business use, loan progress charts, requests for payment, any other financial reports, indexes, summaries, working papers, contracts, agreements, bills, books of account, vouchers, charts, graphs, maps, drawings, specifications, plans, plats, evaluations, pictures, tape recordings, transcriptions of conversations or tape recordings, desk calendars, bank checks, invoices, charge slips, receipts, expenses accounts, freight bills, statistical records, costs or data sheets, bids, abstracts of bids, journals, diaries, timesheets or logs, computer data, job or transaction files, permits or licenses or applications therefor, appointment books, abstracts and summaries of other documents, and drafts of any of the above, whether used or not.

      b.     As used herein, the masculine includes the feminine and the singular includes the plural.

      c.     "Person" refers to any natural person, corporation, partnership, joint venture, association, or other legal entity.

      d.     "Communication" means any transfer of information, ideas, opinions, or thoughts by any means, at any time or place, under any circumstances, and is not limited to transfers between persons, but includes other transfers, such as records and memoranda to file.

      e.     "You" or "Your" refers to Shivalay, Inc.; Celebrity Jewelers and Gifts; Mohan Bathija, Vinod bathija, Rajesh Bathija, and includes any of their respective shareholders, officers, directors, employees, agents, representatives, attorneys, or others acting on their collective or individual behalf.

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 4 of 11

EXHIBIT ___I___
Page__4__ of _11_

EXHIBIT  G-24

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify by name, address, telephone number, and employer, if known, each person with knowledge of the facts alleged in your Complaint.

    **ANSWER:**


**INTERROGATORY NO. 2:** Please identify each person whom you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

    **ANSWER:**


**INTERROGATORY NO. 3:** Please list all bank accounts – by bank, account number, names in which the account was maintained, type of account, and the names of any other person having an interest in said account – that you held and/or hold and/or maintained for the years 2001, 2002, 2003, and 2004, to present.

    **ANSWER:**


**INTERROGATORY NO. 4:** With reference to the allegations stated in paragraph 31 of your Complaint, please describe in detail the facts upon which you rely for the allegations, identify every person with knowledge of those facts, and list any documents relating to those facts.

    **ANSWER:**


BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAMONDS INTERNATIONAL OF ALASKA, LTD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 5 of 11

EXHIBIT ___1___
Page __5__ of 11

EXHIBIT _G -25_