

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York limited liability company, and DOES 1-10,<br><br>Defendants. | Case No. J04-0011 CV (RRB)<br><br><br><br><u>ORDER GRANTING MOTION TO COMPEL DISCOVERY</u> |

I.   INTRODUCTION

Before the Court is Defendant Diamonds International of Alaska, Ltd. ("DIAK") with a Motion to Compel Discovery from

ORDER GRANTING MOTION TO COMPEL - 1
J04-0011 CV (RRB)

EXHIBIT  H-1

Plaintiffs.[1]  Plaintiffs Mohan Bathija, Vinod Bathija, Rajesh Bathija and Shivalay, Inc. ("Celebrity") oppose and argue that DIAK's contention interrogatories are premature, no facts are being withheld from DIAK, and the facts provided are adequate.[2]

Because the Court concludes that the contention interrogatories are not premature and that they were not adequately answered by Plaintiffs, Defendant's Motion to Compel Discovery is **GRANTED**. However, the Court does not require Celebrity to pay DIAK's costs and attorney fees associated with this motion.

## II. FACTS

Celebrity Jewelers and Gifts is a retail store located in Juneau, Alaska.[3] It is operated by Mohan Bathija, Vinod Bathija, Rajesh Bathija, and Shivalay, Inc.[4] Celebrity entered into a series of contracts with a marketing firm to increase its share of the Juneau cruise ship business.[5] DIAK, which also operates a retail store in Juneau, also contracted with the same marketing firm to be the exclusive store for diamonds and tanzanite in

---

[1] Clerk's Docket No. 81.

[2] Clerk's Docket No. 83.

[3] Clerk's Docket No. 20 at 2. Items sold in Celebrity include diamond and tanzanite jewelry. Id. at 7.

[4] Clerk's Docket No. 6 at 4.

[5] Id. at 8.



Juneau.[6] In 2004, Celebrity filed suit, alleging that instead of the marketing firm promoting Celebrity, the marketing firm and DIAK engaged in a scheme to discourage cruise ship passenger business with Celebrity in favor of DIAK.[7]

On March 29, 2005, DIAK served Celebrity with a First Set of Interrogatories. Celebrity responded to the interrogatories on April 29, 2005. DIAK now seeks an order compelling Celebrity to provide "adequate and complete answers to DIAK's Interrogatories No. 6-16 and 19-20."[8]

III. DISCUSSION

Celebrity first argues that its interrogatory answers are sufficient because contention interrogatories are inappropriate at an early stage in the litigation before substantial discovery is completed.[9] However, this argument ignores that Celebrity is authorized and required to supplement its discovery responses as information becomes available to it.[10] Therefore, Celebrity should have responded to the interrogatories by informing DIAK of the specific facts on which it currently intends to rely and then

---

[6] Id.

[7] Id. at 10-15.

[8] Clerk's Docket No. 81 at 17.

[9] Clerk's Docket No. 83 at 5.

[10] See Fed. R. Civ. P. 26(e)(2).

ORDER GRANTING MOTION TO COMPEL - 3
J04-0011 CV (RRB)

EXHIBIT H-3

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>

<2>
</2>

<1>
</1>



supplementing its response at a later date, rather than simply refusing to provide a substantive answer to the interrogatories. In the Court's view, a response with later supplementation is the preferred course of action.[11] This is especially true given that DIAK's interrogatories concern the basic facts underlying Plaintiffs' claims for relief and not complex issues of mixed law and fact.

Celebrity next argues that it is not withholding any facts and the facts already provided are sufficient. Despite the lengthy and detailed nature of the Complaint, DIAK's interrogatories do ask for more facts than provided within the Complaint. For example, Interrogatory No. 7 states:

> With reference to the allegations stated in paragraphs 34-35 of your Complaint, please describe in detail the facts up on which you rely for any claim by you that DIAK or anyone acting on behalf of DIAK, and/or its affiliated or parent entities, participated in, had knowledge of, and/or authorized the referenced "campaign" and/or "e-mails." In your answer please identify every person with knowledge of those facts, and list any documents relating to those facts.

Celebrity responded to this interrogatory by referencing the Complaint and its initial disclosures. However, the Complaint does

---

[11] See Titre v. S.W. Bach & Co., 2005 WL 1692508 (S.D. Fla. July 20, 2005); 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2167 (2d ed, 1994) (noting that no per se rule exists prohibiting contention interrogatories at an early stage in the case).

ORDER GRANTING MOTION TO COMPEL - 4
J04-0011 CV (RRB)

EXHIBIT H-4

not address who at DIAK participated, knew, or authorized the "campaign" and/or "e-mails." It is not enough for Celebrity to argue that DIAK already has this knowledge because of its participation in the allegedly illegal actions. Upon being served with the interrogatories, Celebrity must provide the factual detail that it currently possesses underlying its allegations. The Court is not ordering Celebrity to provide more information or facts than it currently possesses, the Court is only stating that merely referring to the allegations in the Complaint is insufficient if the Complaint does not adequately answer the interrogatories. Celebrity must respond to the interrogatories by stating the specific facts upon which its claims are based.

VI. CONCLUSION

For the reasons stated herein, Defendant Diamonds International of Alaska, Ltd.'s motion is **GRANTED**. (Clerk's Docket No. 81). Plaintiffs shall fully answer interrogatories 6-16 and 19-20 on or before October 14, 2005.

ENTERED at Anchorage, Alaska, this 22 day of September, 2005.

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

PD 9/21/05

J04-0011--CV (RRB)
---
W. RUDDY
D. BRUCE
K. CLARKSON
Z. SULLIVAN

ORDER GRANTING MOTION TO COMPEL - 5
J04-0011 CV (RRB)

EXHIBIT H-5

| | |
|---|---|
| Subj: | **Bathija v. PPI/DIAK** |
| Date: | 9/22/2005 1:50:39 P.M. Eastern Daylight Time |
| From: | kclarkson@brenalaw.com |
| To: | rgilblaw@aol.com, pmhlaw@bellsouth.net, wgr@alaska.net |

Guys,

Judge Beistline granted DIAK's Motion to Compel in full. He stopped short, however, of making Celebrity pay our costs and fees. His Order is attached. We are developing credibility with the Judge and we are on his "good side" -- we should make certain to stay there.

Kevin

Solutions for Every Legal Challenge
**Brena, Bell & Clarkson, P.C.**
**Kevin G. Clarkson**
kclarkson@brenalaw.com
310 K. St., Suite 601
Anchorage, AK 99501
tel: 907-258-2000
fax: 907-258-2001
www.brenalaw.com

*Signature powered by Plaxo ... Want a signature like this?*

Thursday, September 22, 2005 America Online: RGilblaw

EXHIBIT H-6