Z. Kent Sullivan
Daniel G. Bruce
Baxter Bruce & Sullivan P.C.
P.O. Box 32819
Juneau, Alaska 99803
ph:  (907) 789-3166
fax: (907) 789-1913
zsullivan@baxterbrucelaw.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida Corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York limited liability company and DOES 1-10,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S COMBINED REPLY TO DEFENDANTS' OPPOSITIONS TO MOTION FOR APPOINTMENT OF A DISCOVERY MASTER

Case No. J04-0011 CV (RRB)

On December 30, 2005 Shivalay, Inc. ("Celebrity") moved for appointment of a discovery master in this case.  *See generally, Plaintiff's Motion for Appointment of Discovery Master,* dated December 30, 2005; *Plaintiff's Memorandum in Support of Motion for Appointment of Discovery Master,* dated December 30, 2005.  Celebrity filed

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 1 of 22

this motion based upon its belief that a discovery master would serve as the most time efficient and cost-effective means of resolving present and anticipated discovery disputes involving voluminous documents. *Id.* Defendants Panoff Publishing, Inc., PPI Fleet Services, Inc. and Port Promotions, Inc. ("PPI") filed its opposition to Celebrity's motion on January 17, 2006. *See generally, PPI's Response in Opposition to Plaintiff's Motion for Appointment of Discovery Master,* dated January 17, 2006. Defendant Diamonds International of Alaska, Ltd. ("DIAK") filed its opposition the same day. *See generally, Diamonds International of Alaska Ltd.'s Opposition to Plaintiff's Motion for Appointment of Discovery Master,* dated January 17, 2006.

Defendants argue in their oppositions that Celebrity has not capitalized on opportunities given to it by Defendants to obtain the documents requested. *See generally, PPI's Response in Opposition to Plaintiff's Motion for Appointment of Discovery Master; Diamonds International of Alaska Ltd.'s Opposition to Plaintiff's Motion for Appointment of Discovery Master.* Defendants also argue that Celebrity has avoided the requirements of Local Rule 37.1 by not conversing with Defendants' counsel before first filing the motion, or, alternatively, that Celebrity should have filed a motion to compel. *Id.* Celebrity takes issue with Defendants' arguments as set forth below.

It is no secret that between six and twelve discovery disputes presently exist between the parties that will likely result in both sides soon filing motions to compel in this case. However, the present motion is not a motion to compel, even though Defendants try to couch it as such in their oppositions. This motion is not even about

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 2 of 22

when Celebrity should, or should have, filed a motion to compel. Instead, this motion is about who will hear and rule on discovery issues which presently plague the parties and are either now, or soon will be, ripe for consideration.

Celebrity agrees with Defendants on two points: (1) the Court has effectively and timely addressed all discovery issues brought to the Court's attention thus far in this case; and (2) the Court is more than capable of continuing to address discovery issues as this case proceeds. However, this motion is not about the Court's *fitness* to rule on discovery issues presented in this case. The purpose of this motion is three-fold: (1) to notify the Court of ongoing, contentious discovery issues that have hindered the progress of discovery thus far in this case; (2) to notify the Court that these issues may only be solved by the parties filing numerous motions to compel that will likely flood the Court's calendar and force another extension of the discovery deadline and; (3) suggest an alternative that will allow the upcoming discovery issues to be solved in the most timely and cost-effective manner for all parties involved.

Contrary to Defendants' assertions, their refusal to label and/ or cooperate in producing requested documents in Juneau, Alaska has brought the discovery process to a virtual standstill. Further, there is nothing in the Fed. R. Civ. P. that prevents the Court from granting this motion; the Court clearly has the discretion to do so. Additionally, Fed. R. Civ. P. 37 and Local Rule 37.1 do not apply to this issue, because Celebrity filed a motion to appoint a discovery master, not a motion to compel. Nevertheless, Celebrity's counsel notified Defendants on more than one occasion of their discovery deficiencies in

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 3 of 22

order to attempt to resolve them and prevent the filing of this motion. Finally, even though Celebrity could have filed a complex motion to compel addressing between six and twelve separate discovery deficiencies, resolution of such issues in this manner would have only served to stall the discovery process further.

By granting this motion, this Court will be allowed to select a competent discovery master that will be able to deal exclusively with upcoming motions to compel and other discovery issues quickly and efficiently, saving the parties thousands of dollars in attorneys' fees and allowing the case to proceed to trial as scheduled.

I.   **CONTRARY TO DEFENDANTS' CLAIMS, CELEBRITY'S DISCOVERY HAS BEEN STYMIED IN THIS CASE.**

As Celebrity has indicated, it will soon be forced to file a motion to compel involving at least six different discovery issues. *See generally, Plaintiff's Memorandum in Support of Motion for Appointment of Discovery Master,* 5-7. Such issues will include, among other things, the fact that thus far in this case, despite numerous requests and discussions:

1.   Defendants have failed to effectively produce a single document to Celebrity's counsel for review;

2.   Defendants, despite claiming to possess between 10 and 12 boxes of relevant documentation each, have failed to Bates stamp any documents in this case and have failed to separately identify by Bates stamp number or description which documents are responsive to which discovery requests;

3.   Defendants have sought to limit their responses to only activities occurring in/relating to Juneau, Alaska, despite Celebrity's expert witness having indicated that information from all of DIAK's locations in Southeast Alaska and all of PPI's operations in

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 4 of 22

Southeast Alaska is necessary in order to calculate Celebrity's damages;

4.     Defendants have objected to production of certain information on the basis of privilege yet, as of the filing of this motion, neither Defendant has produced a privilege log separately identifying which documents are being claimed as privileged and as required by Fed. R. Civ. P. 26(b)(5);

5.     Defendant DIAK, in an apparent effort to avoid potential liability to an affiliated parent organization, is suggesting that it will only produce redacted copies of certain documentation, despite the protective order which is in place and the fact that the information supposedly redacted is relevant to this dispute; and,

6.     Defendant DIAK, contrary to Fed. R. Civ. P. 37(a)(2)(B) and *Payve v. Exxon Corp.*, 121 F.3d 503, 509-510 (9th Cir. 1997), is threatening to file a motion to compel for production of documentation originally requested by PPI and for which PPI has neither objected to nor challenged Celebrity's previous production of the same.

*Id.;  See generally, Initial Disclosures of Diamonds International of Alaska, Ltd.,* dated March 29, 2005, and attached hereto as Exhibit "1";  *PPI Defendants' Rule 26(a) Initial Disclosures,* dated March 29, 2005, and attached hereto as Exhibit "2";  *DIAK's Responses to Plaintiff's First Set of Interrogatories,* dated September 2, 2005, and attached hereto as  "3";  *DIAK's Responses to Plaintiff's First Set of Requests for Admission,* dated September 2, 2005, and attached hereto as Exhibit "4";  *DIAK's Responses to Plaintiff's First Set of Requests for Production,* dated September 2, 2005, and attached hereto as Exhibit "5";  *Defendant PPI Group's Responses to Plaintiff's First Set of Discovery Requests,* dated September 2, 2005, and attached hereto as Exhibit "6";  *Letter from Z. Kent Sullivan to Robert C. Gilbert, Esq., et al.,* dated October 27, 2005,

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 5 of 22

and attached hereto as Exhibit "7"; *DIAK's Supplemental Responses to Plaintiff's First Set of Interrogatories,* dated November 23, 2005, and attached hereto as Exhibit "8"; *Defendant PPI Group's Amended and Supplemental Responses to Plaintiff's First Set of Discovery Requests,* dated November 22, 2005, and attached hereto as Exhibit "9"; *Letter from Kevin G. Clarkson to Z. Kent Sullivan,* dated December 21, 2005, and attached to Celebrity's opening memorandum as Exhibit "1"; *Letter from Z. Kent Sullivan to Robert C. Gilbert, et al.,* dated December 30, 2005, and attached to Celebrity's opening memorandum as Exhibit "2"; *DIAK's Responses to Plaintiff's Second Set of Requests for Production,* dated January 9, 2006, and attached hereto as Exhibit "10"; *Defendant PPI Group's Responses to Plaintiff's Second Set of Discovery Requests,* dated January 9, 2006, and attached hereto as Exhibit "11".

Despite the existence of the above-referenced issues as reflected by the cited documentation, Defendants DIAK and PPI continue to paint an unrealistic picture for the Court that discovery is proceeding smoothly. To the contrary, as set forth below, Celebrity submits that its meaningful discovery is being obstructed.

Defendants' position all along has been that they are not obligated to deliver their business records to Juneau for the convenience of Celebrity's counsel. *DIAK's Opposition to Appointment of a Discovery Master,* 6; *PPI's Response in Opposition to Plaintiff's Motion for Appointment of Discovery Master,* 3. This assertion explains many of Defendants' responses to Celebrity's requests for production. *DIAK's Responses to Plaintiff's First Set of Requests for Production,* 2-4, 8-10 ("DIAK will produce any non-

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 6 of 22

privileged documents that it has that are responsive to this request…upon reasonable advance notice, at 592 5th Avenue, 9th Floor, New York, NY 10036."); *PPI's Responses to Plaintiff's First Set of Requests for Production,* 10, 21, 26-29 ("PPI will make available for inspection and copying at its offices in Fort Lauderale, FL, all non-privileged documents within its possession, custody and control responsive to this request.").  Defendants continue to assert that the documents required to be produced as part of their initial disclosures, and as responsive to Celebrity's requests for production, are available for inspection at such far-away locations as:

a.    220 Alhambra Circle, Coral Gables, Florida 33134l.   *PPI Defendants' Rule 26(a) Initial Disclosures,* 5, 6, dated March 29, 2005;

b.    4517 NW 31st Avenue, Fort Lauderdale, Florida 33309-3403.  *PPI's Responses to Plaintiff's First Set of Requests for Production,* 10, 21, 26-29 ("PPI will make available for inspection and copying at its offices in Fort Lauderdale, FL, all non-privileged documents within its possession, custody and control responsive to this request.").

c.    550 Biltmore Way, Suite 780, Coral Gables, Florida 33134.  *Initial Disclosures of Diamonds International of Alaska, Ltd.,* 3, dated March 29, 2005.

d.    592 5th Avenue, 9th Floor, New York, NY 10036.  *DIAK's Responses to Plaintiff's First Set of Requests for Production,* 2-4, 8-10 ("DIAK will produce any non-privileged documents that it has that are responsive to this request…upon reasonable advance notice, at 592 5th Avenue, 9th Floor, New York, NY 10036.");   *DIAK's Supplemental Responses to Plaintiff's First Set of Interrogatories,* 13-18;  *DIAK's Responses to Plaintiff's Second Set of Requests for Production,* 10.

e.    310 K. Street, Suite 601, Anchorage, Alaska 99501.   *DIAK's Responses to Plaintiff's Second Set of Requests for Production,* 2-5, 7-10.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 7 of 22

However, this uncooperative stance is not in accordance with the applicable Federal Rules of Civil Procedure, nor cases interpreting them. *See* Fed. R. Civ. P. 34(b)(a request for production shall specify a *reasonable time, place and manner* of making the inspection; the party upon whom the request is served must either state that the inspection will be permitted *as requested*, unless the request is objected to, in which event the reasons for the objection shall be stated) (emphasis added); *Cardenas v. Dorel Junvenille Group, Inc.,* 230 F.R.D. 611, 621 (D. Kan. 2005) (noting that a party may not unilaterally modify a discovery request without asserting an objection to it; when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion, the objection is deemed waived.)

Celebrity has, in every instance, identified its attorney's offices in Juneau as the place where Defendants were required to produce the documents requested. *Excerpt of Plaintiff's First Set of Discovery Requests to Defendant PPI,* 6, dated July 12, 2005, and attached hereto as Exhibit "12"; *Excerpt of Plaintiff's First Set of Discovery Requests to Defendant DIAK,* 6, dated July 12, 2005, and attached hereto as Exhibit "13"; *Excerpt of Plaintiff's Second Set of Discovery Requests to Defendant PPI,* 5, dated December 7, 2005, and attached hereto as Exhibit "14"; *Excerpt of Plaintiff's Second Set of Discovery Requests to Defendant DIAK,* 5, dated December 7, 2005, and attached hereto as Exhibit "15". Juneau is a reasonable place of production considering that this case was filed in District Court in Juneau, two of the three parties have local counsel in Juneau and DIAK is incorporated in Alaska. In addition, Defendants had two avenues in which to deal with

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 8 of 22

Celebrity's requests: (1) they could permit inspection as requested in Juneau; or (2) they could have objected to Juneau as the place of production in their initial responses. Defendants did neither, thus their objections are deemed waived and their unilateral attempts to modify the discovery requests should not be honored. *DIAK's Responses to Plaintiff's First Set of Requests for Production,* 2-4, 8-10; *PPI's Responses to Plaintiff's First Set of Requests for Production,* 10, 21, 26-29; *DIAK's Supplemental Responses to Plaintiff's First Set of Interrogatories,* 13-18; *Defendant PPI Group's Amended and Supplemental Responses to Plaintiff's First Set of Discovery Requests,* 29-31; *DIAK's Responses to Plaintiff's Second Set of Requests for Production,* 2-5, 7-10; *Defendant PPI Group's Responses to Plaintiff's Second Set of Discovery Requests,* 2-4.

Further, both Defendants claim that their delivery of supplemented discovery responses to Celebrity on November 22, 2005, cleared up all discovery disputes in this case. *PPI's Response in Opposition to Celebrity's Motion for Appointment of Discovery Master,* 2; *DIAK's Opposition to Plaintiff's Motion for Appointment of a Discovery Master,* 5. In reality, these supplements provided virtually nothing tangible to Celebrity. Although PPI suggested that it would make available for inspection and copying, unspecified and non-Bates stamped documents, it has yet to make such documents available for inspection in Juneau as instructed. *Defendant PPI Group's Amended and Supplemental Responses to Plaintiff's First Set of Discovery Requests,* 24.

DIAK, on the other hand, supplemented its responses to Celebrity's interrogatories by offering to ship at least 10 boxes of unspecified, non-Bates stamped business records

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 9 of 22

to Celebrity's counsel in Juneau, if Celebrity paid shipping and copying expenses in advance. *DIAK's Supplemental Responses to Plaintiff's First Set of Interrogatories,* 13. Once again, this supplemental response does not comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(d) (If a party elects the business records option to interrogatories, it shall specify the records from which the answer to the interrogatory may be derived; a specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained.). In addition, in its most recent discovery responses, DIAK continues to refuse to produce information or documentation for its other stores in Southeast Alaska. *DIAK's Responses to Plaintiff's Second Set of Requests for Production,* 2-10. DIAK continues to maintain this position, despite the fact that Celebrity's damages expert has indicated that such information is necessary in order to determine Celebrity's damages. *Letter from William E. Partin, CPA/ABV to Z. Kent Sullivan,* dated November 8, 2005, and attached hereto as Exhibit "16."

Only *after* the present motion was filed, has DIAK now offered to produce for inspection 15 boxes of unidentified and non-Bates stamped documents in Anchorage. *Letter from Kevin G. Clarkson to Z. Kent Sullivan, Esq.*, dated January 17, 2006, and attached hereto as Exhibit "17"("Please be advised that we are currently maintaining in our offices 15 boxes of discovery documents together with pertinent contracts, that are available for your inspection and copying. DIAK has transported these documents to

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 10 of 22

Anchorage for your more convenient review."). It is only as a result of filing the present motion that even this small gesture of discovery compliance has occurred.

Despite having local counsel in Juneau, Alaska, PPI still maintains its documents in Florida and insists that Celebrity and its counsel must either travel to Florida to inspect or copy the documents or pay for copy and delivery charges of these unspecified documents. *PPI's Response in Opposition to Plaintiff's Motion for Appointment of Discovery Master,* 3. PPI, like DIAK, has also refused to bates stamp or otherwise identify for Celebrity what categories of requested documents may be found in Florida. *See generally, PPI's Responses to Plaintiff's First Set of Requests for Production,* 10, 21, 26-29; *Defendant PPI Group's Amended and Supplemental Responses to Plaintiff's First Set of Discovery Requests,* 29-31; *Defendant PPI Group's Responses to Plaintiff's Second Set of Discovery Requests,* 2-4.

Defendants refusal to Bates stamp documents and reference which documents are responsive to which discovery requests creates a situation where Celebrity has no way to ascertain the number of copies or costs that would be involved in obtaining the documents it seeks. Celebrity also has no ability to confirm what types of documents it might receive or how beneficial they might be. The various boxes of documents referenced by Defendants could contain thousands of pages of irrelevant documentation. Based upon the manner in which Defendants have referenced such documents thus far, there is simply no way of knowing. *DIAK's Responses to Plaintiff's First Set of Requests for Production,* 2-4, 8-10; *PPI's Responses to Plaintiff's First Set of Requests for*

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 11 of 22

*Production,* 10, 21, 26-29;  *DIAK's Supplemental Responses to Plaintiff's First Set of Interrogatories,* 13-18;  *Defendant PPI Group's Amended and Supplemental Responses to Plaintiff's First Set of Discovery Requests,* 29-31;  *DIAK's Responses to Plaintiff's Second Set of Requests for Production,* 2-5, 7-10;  *Defendant PPI Group's Responses to Plaintiff's Second Set of Discovery Requests,* 2-4.

Defendants fail to cite legal authority for their position that Celebrity should be forced to inspect boxes of non-Bates stamped, likely disordered, and unspecified documents.  However, there is an abundance of legal authority supporting the proposition that Defendants must first specify, label, Bates stamp or otherwise order the volumes of documents that Celebrity has requested.  *See Wagner v. Dryvit Sys., Inc.,* 208 F.R.D. 606, 610-11 (D. Neb. 2001) ("producing large amount of documents in no apparent order does not comply with a party's obligation under Rule 34"); *Rowlin v. Alabama Dep't of Public Safety,* 200 F.R.D. 459, 462 (M.D. Ala. 2001) (finding producing party may elect how to produce its records "provided that the records have not been maintained in bad faith"); *Kozlowski v. Sears, Roebuck & Co.,* 73 F.R.D. 73, 76 (D. Mass. 1976) (stating that a party "may not excuse itself from compliance with Rule 34 ... by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition").

There is no doubt that the above-referenced actions have served to raise the level of contention between counsel in this case.  Further, cases cited by DIAK in their

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 12 of 22

opposition fail to support their position that Celebrity is entirely responsible for both the travel and reproduction costs of obtaining documents it requested.  For instance, in *F.T. C. v. Texaco, Inc.,* the court found it consistent with the FTC's inherent subpoena power, not the Fed. R. Civ. P. relating to discovery, that the agency travel to Texas to view subpoenaed documents.  555 F.2d 862, 883 (C.A.D.C. 1977).  Notwithstanding, the Court also found that the FTC should not be responsible for both the travel and reproduction expenses of obtaining the requested documents and modified the subpoena to reflect this finding.  *Id.*  Defendants still maintain that Celebrity should be responsible for both.

Further, *Compagnie des Bauxites,* also cited by DIAK, stands for the proposition that "when the answer to *an* interrogatory is contained in business records, and the burden of ascertaining the answer is substantially the same for both parties, the respondent may answer by *specifying* the relevant records and allowing an opportunity to examine them." 651 F. 2d 877, 883 (3rd Cir. 1981) (emphasis added).  The trouble with Defendants' reliance upon this case is that DIAK and PPI both continue to refuse to *specify* which documents, if any, in their combined 25 plus boxes of business records, correspond to Celebrity's individual interrogatories.  *DIAK's Responses to Plaintiff's First Set of Requests for Production,* 2-4, 8-10; *PPI's Responses to Plaintiff's First Set of Requests for Production,* 10, 21, 26-29;  *DIAK's Supplemental Responses to Plaintiff's First Set of Interrogatories,* 13-18;  *Defendant PPI Group's Amended and Supplemental Responses to Plaintiff's First Set of Discovery Requests,* 29-31;  *DIAK's Responses to Plaintiff's Second Set of Requests for Production,* 2-5, 7-10;  *Defendant PPI Group's*

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 13 of 22

*Responses to Plaintiff's Second Set of Discovery Requests,* 2-4.  This critical fact, undisclosed by Defendants, makes Celebrity's burden of ascertaining the answers to its own interrogatories, by sifting through thousands of pages of documents, much heavier than Defendants' burden of simply specifying which of those records correspond to which interrogatories.  Only Defendants know for sure what categories of business records are contained in those 25 plus boxes, and only they can efficiently specify which records are relevant to Celebrity's discovery requests.

In contrast to Defendants' actions, and after resolution of the earlier contention interrogatory issue, Celebrity has diligently sought to comply with its discovery obligations in this case.  To date, Celebrity has Bates stamped, categorized and disclosed over 29,681 documents in this case.  *Affidavit of Z. Kent Sullivan,* ¶ 6, dated January 27, 2006, and attached hereto as Exhibit "18."  Of these documents, many of them have been copied and delivered to Defendants free of charge.  *Id.* at ¶ 7.  Set forth below is a table outlining Celebrity's production thus far in this case:

| Bates #s | Date | Form of Disclosure | Form of Delivery |
|---|---|---|---|
| BAT000001-000841 | 3/05 | Initial Disclosures | produced free of charge |
| BAT000842-001262 | 4/05 | Supplemental Disc. 1 | produced free of charge |
| BAT001263-001664 | 6/05 | Supplemental Disc. 2 | produced free of charge |
| BAT001665-001917 & BAT029478-029488 | 11/05 | Privilege Log | log produced free of charge, docs. retained |

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 14 of 22

| | | | |
|---|---|---|---|
| BAT001918-002050 | 11/05 | Disc. Response Docs. | Offered for inspection in Juneau & offered to be delivered for a stated fee |
| BAT020051-029477 | 11/05 | Disc. Response Docs. | offered for inspection in Juneau & offered to be delivered for a stated fee |

*Id.* With two exceptions, all of the above-referenced documents, excluding those identified as privileged, have been copied and delivered to Defendants, free of charge. The exceptions were a significant volume of Celebrity's business records and a comprehensive set of reports by the McDowell Group. However, even in those instances, Defendants were advised exactly how many documents were responsive to their requests, and the exact dollar amount which would be necessary in order for Defendants to have the specified documentation copied and delivered to their attorneys' offices. *Id.* at ¶ 8.

Celebrity recites the above version of the facts not to drag the Court into Defendants' motion to compel analysis, but to emphasize for the Court two things: (1) the only parties that have seen discovery progress in this case are Defendants; and (2) due to Defendant's unwillingness to be forthcoming in discovery, the level of tension between the parties continues to rise. Both of these factors contribute to the need for a discovery master in this case.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 15 of 22

II.   **FED. R. CIV. P. 37 AND LOCAL RULE 37.1 ARE INAPPLICABLE TO THE PRESENT MOTION AND IRRESPECTIVE, CELEBRITY AND ITS COUNSEL HAVE MADE NUMEROUS GOOD FAITH ATTEMPTS AT RESOLVING THE ISSUES RAISED.**

Defendants incorrectly assert that Fed. R. Civ. P. 37(a)(2) and Alaska Local Rule 37.1 apply to the present discovery dispute.  Fed R. Civ. P. 37 narrowly applies to situations where a discovering party files a motion to compel after the responding party fails to answer a discovery request.  Only then is the discovering party required by the Federal Rules to first confer with the requested party in good faith regarding the discovery matter before filing a motion to compel.  *Id.* at 37(a)(2).  Alaska Local Rule 37.1 supplements Fed. R. Civ. P. 37 in that it requires the discovering party to attach a Good Faith Certificate to the motion to compel, in order to prove to the Court that all parties have conferred about the discovery issue and it is necessary for the motion to be filed.  *Id.* at Ak. Civ. F. 37.1.

Both of the above-referenced rules apply to motions to compel, not for motions to appoint discovery masters.  As such, the rules cited by the Defendants are inapplicable. Although it had the option, Celebrity did not file a motion to compel discovery with this Court.  DIAK even admits in its opposition brief that the present motion is not a motion to compel, but argues that Celebrity is required to conform to the "spirit" of Fed. R. Civ. P. 37 and Local Rule 37.1 here, because the motion is a "discovery related motion." *DIAK's Opposition to Plaintiff's Motion for Appointment of Discovery Master*, 2. Nowhere in the federal rules is it mandated that a party confer with the opposing party before filing a "discovery related motion."

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 16 of 22

Although Fed. R. Civ. P. 37 and Local Rule 37.1 are not applicable here, even if they were, counsel for Celebrity and Defendants have communicated frequently in order to address the various discovery disagreements they presently face. *Letter from Z. Kent Sullivan to Robert C. Gilbert, Esq., et al.* (dated October 27, 2005); *Letter from Kevin G. Clarkson to Z. Kent Sullivan* (dated December 21, 2005); *Letter from Z. Kent Sullivan to Robert C. Gilbert, et al.* (dated December 30, 2005); *Letter from Kevin G. Clarkson to Z. Kent Sullivan, Esq.* (dated January 17, 2006). Despite such efforts, these issues continue to remain unresolved. Also, contrary to statements in DIAK's opposition, *see generally, Diamonds International of Alaska Ltd.'s Opposition to Plaintiff's Motion for Appointment of Discovery Master,* Celebrity's counsel has previously recommended that a discovery master be appointed. *E-mail from Kevin G. Clarkson to Z. Kent Sullivan,* dated May 17, 2005, and attached hereto as Exhibit "19." This occurred at or about the time the parties were having difficulties with regard to the protective order. At that time, Mr. Clarkson indicated that Defendants had no interest in appointment of a discovery master. *Id.* Evidently, Defendants' position is no different now than it was then.

Fed. R. Civ P. 37 and Local Rule 37.1 do not apply to this motion. This motion is not a motion to compel. However, even if it were, Celebrity has satisfied both the spirit and intent of the good faith requirement of Fed. R. Civ. P. 37, by repeatedly contacting Defendants concerning their deficiencies before filing this motion.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 17 of 22

### III. CELEBRITY'S REQUEST FOR A DISCOVERY MASTER MEETS THE STANDARDS OF FED. R. CIV. P. 53.

The present motion is governed by Fed. R. Civ. P. 53(a). Contrary to DIAK's reading of the rule, the parties do not have to consent to the discovery master's duties before the court can appoint one. The three sections of Fed. R. Civ. P. 53(a)(1) are disjunctive, as subsections (b) and (c) are separated by "or", meaning the Court may appoint a master when it finds any one of the three sections to be met. It is Celebrity's contention that Fed. R. Civ. P. 53(a)(1)(c) will be met in this case, considering the flood of motions about to inundate the Court's calendar. Finally, it is within the Court's complete discretion to appoint a discovery master. Fed. R. Civ. P. 53(a). There is nothing in Rule 53 that prevents the Court from doing so here. *Id.*

DIAK's application of *Omnium* to the case at hand is also incorrect. First, the parties in this case *have* indicated to the Court that the filing of numerous discovery motions is likely. "DIAK has promised to move to compel documents withheld by Celebrity," although the documents withheld were documents requested by PPI, not DIAK. *Defendant DIAK Opposition to Celebrity's Motion for Appointment of Discovery Master,* 9. Although, it is noteworthy that neither the Rules of Civil Procedure nor case law interpreting those rules allows a non-requesting party to compel production of documents. Fed. R. Civ. P. 37(a)(2)(B); *Payve v. Exxon Corp.*, 121 F.3d 503,509-510 (9th Cir. 1997). Celebrity has also indicated in its opening motion that anywhere between six and twelve discovery issues remain unresolved. *See generally Celebrity's Memo in Support of Motion for Appointment of Discovery Master,* 5-7. Therefore, the

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 18 of 22

Court has already been put on notice of numerous outstanding discovery issues. Second, contention between counsel is at an all-time high, as both Defendants seek to draw discovery out as long as possible, and all the while claiming that Celebrity's "lack of diligence" is to blame for the stall in discovery. *PPI's Response in Opposition to Celebrity's Motion for Appointment of Discovery Master* at 3. Third, virtually all of these issues will involve voluminous, unlabeled and possibly technical documents that the Court will likely have to review in order to determine if they match Celebrity's requests for production. DIAK's motion to compel will also involve review of sensitive business records, that the Court will likely have to review in camera.

Finally, the benefit of appointing a discovery master in this case far outweighs its cost. There are many factors that affirm this proposition. First, a discovery master will be able to promptly schedule hearings and resolve disputes because the master will not be burdened with the workload of the Court. Second, a discovery master can also implement shorter schedules for the bringing of motions, can conduct discovery conferences when needed, and will have time to conduct in camera reviews of any withheld documents. Further, appointment of a discovery master will serve as an incentive to the parties to avoid such disputes in the future and to fulfill their discovery obligations without delay. Such an appointment will also reduce the use of delaying tactics because the parties will be able to promptly gain access to the discovery master and have such issues quickly resolved.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 19 of 22

As such, the purpose of Celebrity's present motion is to allow the Court to circumvent the time-consuming process of evaluating a high number of contentious discovery issues, involving voluminous documents.  In this instance, the Court has the discretion to delegate that responsibility to an able discovery master that can resolve such issues in a fraction of the time, saving the parties valuable resources and preserving the Court's calendar.

**IV.    DEFENDANTS ARE CORRECT IN THAT THE ABOVE-REFERENCED ISSUES COULD HAVE BEEN RAISED VIA NUMEROUS MOTIONS TO COMPEL, BUT THAT IS NOT THE MOST EFFICIENT COURSE OF ACTION HERE.**

Both Defendants insist that the above-referenced issues should have been raised via Celebrity filing a motion(s) to compel with the Court.  The Federal Rules do not require that a party make a motion to compel before moving for appointment of a discovery master.  Fed. R. Civ. P. 53.  Although it is true that Celebrity had the right to file motions to compel instead of this motion, there presently exist half a dozen to a dozen discovery issues in which the parties are at an impasse.  *See generally Celebrity's Memorandum In Support of Motion for Appointment of Discovery Master.*  While such issues might be resolved by the parties filing numerous motions to compel with the Court, Celebrity strongly believes that the most logical, efficient and least costly method of resolution of such issues would be for the Court to appoint a discovery master.

## CONCLUSION

Due to the numerous discovery challenges that presently confront the parties as well as the challenges that are likely to arise in the future, Celebrity filed this motion to

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 20 of 22

appoint a discovery master.  This is not a motion to compel, thus Fed. R. Civ. P. 37 and

Local Rule 37.1 are inapplicable here.  It is within the Court's complete discretion to

grant this motion and nothing in the Federal Rules prevents it.  It is Celebrity's position

that due to the rising tension between the parties, the voluminous documents being

withheld by Defendants, the impending motions to compel threatening the sanctity of the

Court's calendar and the minimal cost of a discovery master, a discovery master should

be appointed in this case.  Therefore, Celebrity respectfully suggests that a discovery

master would be the most efficient, cost-effective manner in which to deal with the

parties' ongoing discovery disputes in this case.

DATED this 27th day of January, 2006.


BAXTER BRUCE & SULLIVAN P.C.



By  s/ Z. Kent Sullivan
    Z. Kent Sullivan
    P.O. Box 32819
    Juneau, Alaska 99803
    Ph:  (907) 789-3166
    Fax: (907) 789-1913
    zsullivan@baxterbrucelaw.com
    ABA No. 0105038
    Attorneys for Plaintiff

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 21 of 22

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27<u>th</u> day of January, 2006, a true and correct copy of the foregoing combined reply to Defendants' oppositions to motion for appointment of a discovery master was served on the following via:

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
Box 34338
Juneau, Alaska  99803
ph:  (907) 789-0047
fax: (907) 789-0783
wgr@alaska.net
Attorneys for Defendants Panoff
Publishing, Inc., PPI Fleet Services,
Inc. and Port Promotions, Inc.
By:  ☐ Electronically via CM/ECF
     ☒ U.S. Mail

Robert C. Gilbert, Esq.
Robert C. Gilbert, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, Florida  33134
ph:  (305) 529-9100
fax: (305) 529-1612
rgilblaw@aol.com
Attorneys for Defendants Panoff
Publishing, Inc., PPI Fleet Services,
Inc. and Port Promotions, Inc.
By:  ☒ Electronically via CM/ECF
     ☐ U.S. Mail

Kevin G. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, Alaska  99501
ph:  (907) 258-2000
fax:  (907) 258-2001
kclarkson@brenalaw.com
Attorneys for Defendants Diamonds
International of Alaska, Ltd.
By:  ☒ Electronically via CM/ECF
     ☐ U.S. Mail

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, Florida  33134-5779
ph:  (305) 447-9129
fax: (305) 443-0279
pmhlaw@bellsouth.net
Attorneys for Defendants Diamonds
International of Alaska, Ltd.
By:  ☒ Electronically via CM/ECF
     ☐ U.S. Mail

By   s/ Z. Kent Sullivan
     Z. Kent Sullivan
     P.O. Box 32819
     Juneau, Alaska 99803
     Ph:  (907) 789-3166
     Fax: (907) 789-1913
     zsullivan@baxterbrucelaw.com
     ABA No. 0105038
     Attorneys for Plaintiff

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Combined Reply to Defendants' Oppositions to Motion for Appointment of a Discovery Master
Page 22 of 22