Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

RECEIVED
SEP - 6 2005
Baxter Bruce & Sullivan P.C.
Attorneys at Law

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

MOHAN BATHIJA, VINOD BATHIJA, )
RAJESH BATHIJA, and SHIVALAY, )
INC., an Alaska corporation, )
                            )
            Plaintiff, )
                            )
    v. )
                            )
PANOFF PUBLISHING, INC., a Florida )
corporation, PPI FLEET SERVICES, INC., )
a Florida corporation, PORT )
PROMOTIONS, INC., a Florida )
corporation, DIAMONDS )
INTERNATIONAL OF ALASKA, LTD., )
an Alaska corporation, DIAMONDS )
INTERNATIONAL, L.L.C., a New York )
corporation, and DOES 1-10, )
                            )
            Defendants. )   Case No. J04-0011 Civil (RRB)
_____)

**DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Comes now the Defendant, Diamonds International of Alaska, Ltd. ("DIAK"), by and through counsel, and pursuant to Fed. R. Civ. P. 36 hereby provides its Responses to Plaintiff's First

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 1 of 11

Exhibit 4
Page 1 of 12

c: client 9/6/05 JN

Set of Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 1**: Please admit that DIAK entered into contracts with PPI for the marketing and promotion of its merchandise to cruise ship passengers in Southeast Alaska during the 2000, 2001, 2002, 2003, and 2004 cruise ship tourist seasons.

**ANSWER**: The specific request is denied. DIAK admits that it contracted for services with PPI during the referenced period of time. DIAK admits that the services that PPI provided to DIAK varied during some years in the referenced period of time. DIAK admits that it contracted for marketing, promotional and advertising services from PPI in 2002, 2003, and 2004.

**REQUEST FOR ADMISSION NO. 2**: Please admit that in proving (sic) marketing services for DIAK and others, PPI places employees, agents, and/or independent contractors on board cruise ships with whom it affiliates.

**ANSWER**: The specific request is denied. See Answer to Request No. 1. DIAK admits that it contracts for marketing, promotional, and advertising services from PPI. DIAK admits that PPI places representatives on board ships to perform contractual services for merchants like DIAK, but DIAK has no knowledge of the contractual relationship between PPI and its on board representatives.

**REQUEST FOR ADMISSION NO. 3**: Please admit that the above-referenced personnel are commonly referred to as Port Shopping Ambassadors ("PSA").

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK also objects to the request to the extent that it is vague with respect to whom or in what contexts anyone might be referencing PPI personnel. Notwithstanding this objection, however, DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK admits that PPI's on board representatives

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 2 of 11

Exhibit 4
Page 2 of 12

are at times referred to as Port Shopping Ambassadors, among other titles.

**REQUEST FOR ADMISSION NO. 4:** Please admit that, in marketing the various Southeast Alaska merchants with whom PPI contracts, including DIAK, PSAs frequently place printed materials on board the cruise ships detailing the goods, services and locations of the participating local merchants.

**ANSWER:** The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK admits that in providing contractual services to DIAK, PPI places printed material containing information regarding DIAK's goods and store locations on board cruise ships sailing in the waters off Southeast Alaska.

**REQUEST FOR ADMISSION NO. 5:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently utilize on-board demonstration and exhibition of products of participating merchants.

**ANSWER:** The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK objects to the request to the extent that it is vague regarding the meaning of the word "frequently." Notwithstanding this objection, however, DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK admits that in providing contractual services to DIAK, PPI utilizes demonstrations and exhibitions of products on board cruise ships sailing in the waters off Southeast Alaska – but again, PPI's services to DIAK have varied during some of the years 2000-2004.

**REQUEST FOR ADMISSION NO. 6:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently secure contracts with participating merchants

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 3 of 11

Exhibit 4
Page 3 of 12

on behalf of cruise ship passengers.

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK objects to the request to the extent that it is vague regarding the meaning of the word "frequently." Notwithstanding this objection, however, DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK specifically denies that PPI personnel "secure contracts" or have ever at any time "secure[d] contracts" for DIAK with "cruise ship passengers" or any other customers.

**REQUEST FOR ADMISSION NO. 7**: Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently conduct promotional talks prior to the vessel's arrival in port and in order to promote the various participating merchants.

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK objects to the request to the extent that it is vague regarding the meaning of the word "frequently." Notwithstanding this objection, however, DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK admits that in providing contractual services to DIAK, PPI "conducts promotional talks on board cruise ships sailing in the waters off Southeast Alaska "prior to the vessel's arrival in port" and that these promotional talks relate at least in part to DIAK's stores and merchandise – but again, PPI's services to DIAK have varied during some of the years 2000-2004.

**REQUEST FOR ADMISSION NO. 8**: Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently conduct other on-board promotions including raffles and giveaways.

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 4 of 11

Exhibit 4
Page 4 of 12

objects to the request to the extent that it is vague regarding the meaning of the word "frequently" and the meaning of the phrase "other on-board promotions." Notwithstanding this objection, however, DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK admits that in providing contractual services to DIAK, PPI conducts promotional talks on-board cruise ships sailing in the waters off Southeast Alaska prior to the vessel's arrival in port and that these promotional talks relate at least in part to DIAK's stores and merchandise – but again, PPI's services to DIAK have varied during some of the years 2000-2004.

**REQUEST FOR ADMISSION NO. 9**: Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently display participating merchants' stores and products via closed circuit television on board ships.

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK objects to the request to the extent that it is vague regarding the meaning of the word "frequently." Notwithstanding this objection, however, DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK admits that in providing contractual services to DIAK, PPI plays videotapes for cruise ship passengers that are provided to PPI by DIAK – but again, PPI's services to DIAK have varied during some of the years 2000-2004.

**REQUEST FOR ADMISSION NO. 10**: Please admit that DIAK and PPI implemented a "plan" whereby it was agreed that PPI would exclusively market and promote DI for all diamond and tanzanite sales.

**ANSWER**: Denied.

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 5 of 11

Exhibit 4
Page 5 of 12

**REQUEST FOR ADMISSION NO. 11**: Please admit that the above-referenced plan was commonly referred to as the "DI/TI Alaskan Rescue Plan."

**ANSWER**: Denied.

**REQUEST FOR ADMISSION NO. 12**: Please admit that prior to implementation of the DI/TI Alaskan Rescue Plan, DIAK was aware that PPI was contractually bound to non-exclusively promote Celebrity with regard to all of the merchandise it sold, including diamonds and tanzanite.

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK denies that it had any "exclusive" promotion agreement or arrangement with PPI. DIAK denies that it is aware of or participated in anything referred to or known as a "DI/TI Alaskan Rescue Plan."

**REQUEST FOR ADMISSION NO. 13**: Please admit that pursuant to the DI/TI Alaskan Rescue Plan, PPI did in fact exclusively promote DIAK for all diamond and tanzanite products.

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK denies that it is aware of or participated in anything referred to or known as a "DI/TI Alaskan Rescue Plan."

**REQUEST FOR ADMISSION NO. 14**: Please admit that pursuant to the DI/TI Alaskan Rescue Plan, PPI actively, knowingly and intentionally discouraged passenger business with Celebrity.

**ANSWER**: The specific request is denied. DIAK admits that it contracts for marketing, promotional, and advertising services from PPI – PPI's services to DIAK have varied during some

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 6 of 11

Exhibit 4
Page 6 of 12

of the years 2000-2004. DIAK denies that it is aware of or participated in anything referred to or known as a "DI/TI Alaskan Rescue Plan."

**REQUEST FOR ADMISSION NO. 15:** Please admit that as part of the above-referenced plan, DIAK told PPI that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity only purchases diamonds from a pool of diamonds that DI has already rejected out of hand.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION NO. 16:** Please admit that as part of the above-referenced plan, DIAK told PPI that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity sells brown diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION NO. 17:** Please admit that as part of the above-referenced plan, DIAK told PPI that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION NO. 18:** Please admit that as part of the above-referenced plan, DIAK told PPI that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.

**ANSWER:** The specific request is denied. DIAK admits that it contracts for marketing,

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 7 of 11

Exhibit 4
Page 7 of 12

promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK contracted with PPI to advertise and promote DIAK's merchandise and business, not to disparage the merchandise or business of anyone else, including Celebrity. DIAK denies that PPI did anything for DIAK other than the advertising and promotion of DIAK's merchandise and business that PPI was contracted to do by DIAK. DIAK denies that it is aware of or participated in anything referred to or known as a "DI/TI Alaskan Rescue Plan."

**REQUEST FOR ADMISSION NO. 19**: Please admit that DIAK made the above-referenced comments to PPI intending that such information be given to PSAs in furtherance of the PSAs efforts to discourage diamond and tanzanite sales with Celebrity.

**ANSWER**: Denied.

**REQUEST FOR ADMISSION NO. 20**: Please admit that DIAK has no evidence, knowledge, information, or belief that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques.

**ANSWER**: The specific request is denied. DIAK admits that it has never taken a position regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques.

**REQUEST FOR ADMISSION NO. 21**: Please admit that based upon the actions of DIAK and PPI, and the actions of their management, personnel, employees and agents, numerous cruise ship passengers were in fact, specifically directed to DIAK and away from Celebrity.

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK admits that it contracts for marketing, promotional, and advertising services from PPI with the purpose and goal being to attract customers and business to its store in Juneau. DIAK admits that it lawfully competes for customers and business with Celebrity in Juneau. DIAK admits that it sold

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 8 of 11

Exhibit 4
Page 8 of 12

merchandise to customers in Juneau during the period 2000-2004 and that some of these customers arrived in Juneau traveling on cruise ships.

**REQUEST FOR ADMISSION NO. 22**: Please admit that the above-referenced campaign to direct sales away from Celebrity, and instead to DIAK, increased DIAK's volume and value of sales.

**ANSWER**: The specific request is denied. See Answers to Requests Nos. 1, 2. DIAK admits that it contracts for marketing, promotional, and advertising services from PPI with the purpose and goal being to attract customers and business to its store in Juneau – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK denies that it is aware of or participated in anything referred to or known as a "DI/TI Alaskan Rescue Plan." DIAK admits that it lawfully competes for customers and business with Celebrity in Juneau. DIAK admits that it sold merchandise to customers in Juneau during the period 2000-2004 and that some of these customers arrived in Juneau traveling on cruise ships.

**REQUEST FOR ADMISSION NO. 23**: Please admit that based upon the contracts entered into with PPI, DIAK is/was required to pay PPI commissions for each and every sale that occurs with a passenger from a PPI affiliated ship, irrespective of whether or not PPI was, in fact, responsible for generating the sale.

**ANSWER**: Admitted.

**REQUEST FOR ADMISSION NO. 24**: Please admit that prior to implementation of the DI/TI Alaskan Rescue Plan, DIAK was aware that any actions of PPI designed to discourage cruise ship passenger business with Celebrity, would be a breach of PPI's obligations with Celebrity.

**ANSWER**: The specific request is denied. DIAK admits that it contracts for marketing,

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 9 of 11

Exhibit 4
Page 9 of 12

promotional, and advertising services from PPI – PPI's services to DIAK have varied during some of the years 2000-2004. DIAK contracted with PPI to advertise and promote DIAK's merchandise and business, not to disparage the merchandise or business of anyone else, including Celebrity. DIAK denies that PPI did anything for DIAK other than the advertising and promotion of DIAK's merchandise and business that PPI was contracted to do by DIAK. DIAK admits that it lawfully competes for customers and business with Celebrity in Juneau. DIAK admits that it sold merchandise to customers in Juneau during the period 2000-2004 and that some of these customers arrived in Juneau traveling on cruise ships.

**REQUEST FOR ADMISSION NO. 25**: Please admit that DIAK participated in and/or was aware of an active conspiracy to retain trade involving Celebrity.

**ANSWER**: Denied.

**REQUEST FOR ADMISSION NO. 26**: Please admit that PPI representative Rick Domanski met with personnel from DIAK in New York City, New York, on or about July 29, 2003, in order to discuss and strategize how to best direct business away from "Indian stores like Celebrity."

**ANSWER**: Denied.

DATED this 2nd day of September, 2005.

As to Answers:

                                      Diamonds International of Alaska, Ltd.

                                  By _____
                                          Morris Gad

As to Objections:

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 10 of 11

Exhibit 4
Page 10 of 12

BRENA, BELL & CLARKSON, P.C.
Attorneys for Defendants
Diamonds International of Alaska, Ltd.

By _____
Kevin G. Clarkson
Alaska Bar No. 8511149

Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

**CERTIFICATE OF SERVICE**

I hereby certify that on Sept 2, 2005, a true and correct copy of the foregoing document was mailed ✓, hand delivered ___ faxed ___ to:

Z. Kent Sullivan, Esq.
P.O. Box 32819
Juneau, AK 99803

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, FL 33134

William G. Ruddy, Esq.
P.O. Box 34338
Juneau, AK 99803

Robert C. Gilbert, Esq.
2200 Alhambra Circle, Suite 400
Coral Gables, FL 33134

_____
Eileen Frison

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 11 of 11

Exhibit 4
Page 11 of 12

<u>EXHIBIT A</u>

VERIFICATION REGARDING
DIAK'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

AS TO ANSWERS:            DIAMONDS INTERNATIONAL OF
                          ALASKA LTD.

Date  11/11/05            By _____
                             Its _____

STATE OF NEW YORK      )
                       ) ss.
NEW YORK COUNTY        )

    THIS IS TO CERTIFY that on the 11th day of Nov, 2005, before me, the undersigned, a Notary Public in and for New York, duly commissioned and sworn, personally appeared Morris G__, as Co President of Diamonds International of Alaska Ltd., to me known and known to me to be the identical individual described herein, and who read and executed the within and foregoing document.

                                      NOTARY PUBLIC in and for New York.
                                      My Commission Expires: _____

DIANE M. DROBNER
Notary Public, State of New York
No. 03-1025400
Qualified in New York County
Commission Expires 7/31/09

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

Exhibit 4
Page 12 of 12