Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska, Ltd.

RECEIVED
SEP - 6 2005
Baxter Bruce & Sullivan P.C.
Attorneys at Law

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

MOHAN BATHIJA, VINOD BATHIJA, )
RAJESH BATHIJA, and SHIVALAY, )
INC., an Alaska corporation, )
                              )
              Plaintiff,      )
                              )
       v.                     )
                              )
PANOFF PUBLISHING, INC., a Florida )
corporation, PPI FLEET SERVICES, INC., )
a Florida corporation, PORT   )
PROMOTIONS, INC., a Florida   )
corporation, DIAMONDS         )
INTERNATIONAL OF ALASKA, LTD., )
an Alaska corporation, DIAMONDS )
INTERNATIONAL, L.L.C., a New York )
corporation, and DOES 1-10,   )
                              )
              Defendants.     )   Case No. J04-0011 Civil (RRB)
                              )

DIAK'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION

Comes now the Defendant, Diamonds International of Alaska, Ltd. ("DIAK"), by and

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 1 of 12

Exhibit 5
Page 1 of 12

C:Client 9/6/05

through counsel, and pursuant to Fed. R. Civ. P. 34 hereby provides its Responses to Plaintiff's First Set of Requests for Production as follows:

**REQUEST FOR PRODUCTION NO. 1**: If your response to any of the preceding requests for admissions is anything other than an unequivocal admission, please produce all documents that support your response. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK will produce any non-privileged documents that it has which are responsive to this request subject to the Protective Order previously entered by the Court, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

> **DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 2**: Please produce all documents or tangible items received by you, your attorneys, or the persons assisting your attorneys that mention, or relate to the allegations contained in the complaint or DIAK's answer thereto. If such written documentation has not already been produced, please provide a copy of any such documentation with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request as being vague and overbroad to the extent that it requests documents "received." Also, the request is broad enough to cover privileged

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 2 of 12

Exhibit 5
Page 2 of 12

communications. DIAK will produce any non-privileged documents that it has which are responsive to this request subject to the Protective Order previously entered by the Court, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 3**: Please produce any investigative reports, drawings, diagrams, tape recordings, documents or tangible items generated by you, your attorneys, investigators working for your attorneys and expert witnesses you have retained that relate to or mention the allegations contained in the complaint or DIAK's answer thereto. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request to the extent that it seeks documents protected by the attorney client privilege and/or the attorney work product doctrine. Notwithstanding this objection, DIAK has no investigative reports, drawings, diagrams and/or tape recordings related to the subject matter of this action. DIAK does have copies of promotional videotapes that it provided to PPI to be played on cruise ships in Southeast Alaska. DIAK specifically objects to this request to the extent that it requests documents generated by DIAK's attorneys – such documents are either covered by privilege or are excepted from discovery as attorney work product. DIAK has not retained experts regarding this case at this time.

**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents, data, or tangible

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 3 of 12

Exhibit 5
Page 3 of 12

items received, reviewed or generated by any expert witness that you have retained, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK has not retained any expert witnesses in this action at this time.

**REQUEST FOR PRODUCTION NO. 5**: Please produce any documents, data, or tangible items referenced in DIAK's response to the interrogatories identified above, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request to the extent that it seeks "exhibits to be used at trial." The identity of trial exhibits will be determined at a later appropriate time and will be revealed in DIAK's exhibit lists that will be served pursuant to the court's pretrial scheduling order. The identity of trial exhibits at this time is attorney work product because DIAK has not yet made these determinations and will do so only through legal counsel. DIAK will produce any non-privileged documents that it has which are responsive to this request subject to the Protective Order previously entered by the Court, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor,

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 4 of 12

Exhibit 5
Page 4 of 12

New York, NY 10036.

> DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.

**REQUEST FOR PRODUCTION NO. 6:** Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity only purchases diamonds from a pool of diamonds that DIAK has already rejected out of hand. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:** DIAK has no documents, information or knowledge regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK has never taken a position regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK must conduct discovery to determine what the facts are regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. Celebrity possesses documents and information regarding its merchandise of inferior quality and/or deceptive sales techniques. There are no documents responsive to this request within DIAK's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7:** Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity sells brown diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 5 of 12

Exhibit 5
Page 5 of 12

requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK has no documents, information or knowledge regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK has never taken a position regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK must conduct discovery to determine what the facts are regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. Celebrity possesses documents and information regarding its merchandise of inferior quality and/or deceptive sales techniques. There are no documents responsive to this request within DIAK's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 8**: Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK has no documents, information or knowledge regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK has never taken a position regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK must conduct discovery to determine what the facts are regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. Celebrity possesses documents and information regarding its merchandise of inferior quality and/or deceptive sales techniques. There are no documents

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 6 of 12

Exhibit 5
Page 6 of 12

responsive to this request within DIAK's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 9**: Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK has no documents, information or knowledge regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK has never taken a position regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. DIAK must conduct discovery to determine what the facts are regarding Celebrity's merchandise of inferior quality and/or deceptive sales techniques. Celebrity possesses documents and information regarding its merchandise of inferior quality and/or deceptive sales techniques. There are no documents responsive to this request within DIAK's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 10**: Please produce all internal e-mails, letters, documentation, etc., referencing 'the DI/TI Alaskan Rescue Plan" as referenced in e-mails attached to Celebrity's amended complaint. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK has no documentation referencing a "DI/TI Alaskan Rescue Plan" other

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 7 of 12

Exhibit 5
Page 7 of 12

than the internal PPI e-mails that DIAK received attached to Celebrity's Complaint in this action.

**REQUEST FOR PRODUCTION NO. 11**: Please produce any documents, data, or tangible items referenced in DIAK's initial disclosures and any supplements thereto, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK will produce any non-privileged documents that it has which are responsive to this request subject to the Protective Order previously entered by the Court, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 12**: Please produce DIAK's audited and unaudited financial statements, tax returns, and any other documentation summarizing income derived from its Juneau, Alaska store for the 2000, 2001, 2002, 2003 and 2004 tax years. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to the production of its financial statements as being irrelevant and unlikely to lead to the discovery of admissible evidence. DIAK will produce any non-privileged

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 8 of 12

Exhibit 5
Page 8 of 12

documents that it has which are responsive to this request which reflect its sales volumes and commissions paid to PPI subject to the Protective Order previously entered by the Court, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 13**: Please produce copies of any and all contracts, memorandums of understanding, agreements, etc., entered by and between DIAK and PPI or any of their affiliates for the 2000, 2001, 2002, 2003 and 2004 Alaskan tourist seasons. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this Request as being overbroad as it relates to contracts with PPI. There are master contracts between PPI and entities related to DIAK. These contracts relate to and govern the contractual services that PPI provides and performs for DIAK only in part. These master contracts govern not only PPI's work for DIAK but also the work that PPI performs for other companies that are only tangentially related to DIAK through common ownership. These tangentially related companies conduct business in locations other than Alaska. DIAK will make redacted copies of the master contracts, deleting all provisions unrelated to DIAK, available to Celebrity for review and photocopy at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 9 of 12

Exhibit 5
Page 9 of 12

**DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 14**: Please produce copies of all documents referencing fees and commissions paid by DIAK to PPI from January 2000 until the present, including amounts, date paid and characterization of payment (fee or commission). If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request as being overbroad to the extent that it seeks documents through "the present." Documents regarding fees and commissions paid by DIAK to PPI after March 24, 2004 are not relevant and cannot reasonably be expected to lead to the discovery of admissible evidence. Documents regarding fees and commissions paid by DIAK to PPI during the period January 1, 2000 through March 24, 2004 will be made available to Celebrity for review and photocopy, subject to the Protective Order previously entered by the court, upon reasonable advance notice at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 15**: Please produce organizational charts for the various entities and personnel compromising DIAK and which detail such organization structure as of June 30, 2003 and June 30, 2005. If such documentation has not already been produced, please

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 10 of 12

Exhibit 5
Page 10 of 12

provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to the request for organizational charts "as of . . . June 30, 2005." The events relevant to this action occurred no later than March 24, 2004. Organizational charts dated after March 24, 2004 have no relevance to the subject matter of this action and cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK objects to the request for organizational charts for entities other than DIAK. Notwithstanding this objection, DIAK responds that its corporate structure consists of Morris Gad, Albert Gad, and Donna Gad.

DATED this 2nd day of September, 2005.

BRENA, BELL & CLARKSON, P.C.
Attorneys for Defendants
Diamonds International of Alaska, Ltd.

By _____
Kevin G. Clarkson
Alaska Bar No. 8511149

Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 11 of 12

Exhibit 5
Page 11 of 12

## CERTIFICATE OF SERVICE

I hereby certify that on ___Sept 2___, 2005, a true and correct copy of the foregoing document was mailed ✓, hand delivered ___ faxed ___ to:

Z. Kent Sullivan, Esq.
P.O. Box 32819
Juneau, AK 99803

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, FL 33134

William G. Ruddy, Esq.
P.O. Box 34338
Juneau, AK 99803

Robert C. Gilbert, Esq.
2200 Alhambra Circle, Suite 400
Coral Gables, FL 33134

_Eileen Frison_
Eileen Frison

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 12 of 12

Exhibit 5
Page 12 of 12