RECEIVED
JAN 1 1 2006
BAXTER

Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

Kevin G. Clarkson, Esq.
BRENA, BELL & CLARKSON, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
(907) 258-2000

Attorneys for Diamonds International of Alaska Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York corporation, and DOES 1-10,<br><br>　　　　　Defendants. | Case No. J04-0011 Civil (RRB) |

**DIAK'S RESPONSES TO PLAINTIFF'S
SECOND SET OF REQUESTS FOR PRODUCTION**

Comes now the Defendant, Diamonds International of Alaska Ltd. ("DIAK"), by and through

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 1 of 11

Exhibit 10
Page 1 of 11

C: Client 1/11/06 AV

counsel, and pursuant to Fed. R. Civ. P. 34 hereby provides its Responses to Plaintiff's Second Set of Requests for Production as follows:

**REQUEST FOR PRODUCTION NO. 16**: Please produce copies of all DIAK's federal tax returns for the years 2000 through 2004. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request as calling for highly confidential material that cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK also objects to this request as being overbroad because DIAK's income tax returns relate to the entirety of its Alaska operations, whereas, DIAK only competes with Celebrity in Juneau. DIAK also objects to this request as being cumulative. In this respect, DIAK has arranged to, and will produce its sales records for Juneau for relevant time frames, along with reports reflecting sales and income therefrom in Juneau during relevant time frames. DIAK has prepared 15 bankers boxes of sales records regarding Juneau that are available for inspection and copying by Celebrity at the offices of DIAK's counsel, Brena, Bell & Clarkson, P.C., 310 K St., Suite 601, Anchorage, AK 99501. DIAK will make these non-privileged but confidential documents available for review by Celebrity, subject to the Protective Order previously entered by the Court, upon reasonable advance notice, during normal business hours, 8:00 a.m. to 5:00 p.m. (Alaska Time).

> **DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 17**: Please produce copies of City and Borough of Juneau and/or State of Alaska sales tax return forms for DIAK's Juneau stores for the period January

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 2 of 11

Exhibit 10
Page 2 of 11

2000 through to the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

RESPONSE: DIAK objects to this request to the extent that it asks for "State of Alaska" sales tax return forms because the State of Alaska has no sales tax and thus there are no State sales tax return forms to produce. With respect to the remainder of the request, DIAK will produce non-privileged but confidential documents, including City and Borough of Juneau tax returns, by making them available for review by Celebrity, subject to the Protective Order previously entered by the Court, upon reasonable advance notice, during normal business hours, 8:00 a.m. to 5:00 p.m. (Alaska Time).

> DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.

REQUEST FOR PRODUCTION NO. 18: Please produce copies of income statements for each DIAK store located in the State of Alaska for the period January 2000 through the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

RESPONSE: DIAK objects to this request as calling for highly confidential material that cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK also objects to this request as being overbroad because DIAK's income statements relate to the entirety of its Alaska operations, whereas, DIAK only competes with Celebrity in Juneau. To the extent that this request seeks income statements for DIAK stores outside Juneau, DIAK objects to the request as seeking irrelevant information that cannot reasonably be expected to lead to the discovery of

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 3 of 11

Exhibit 10
Page 3 of 11

admissible evidence. DIAK has arranged to, and will produce its sales records for Juneau for relevant time frames, along with reports reflecting sales and income therefrom in Juneau during relevant time frames. DIAK has prepared 15 bankers boxes of sales records regarding Juneau that are available for inspection and copying by Celebrity at the offices of DIAK's counsel, Brena, Bell & Clarkson, P.C., 310 K St., Suite 601, Anchorage, AK 99501. DIAK will make these non-privileged but confidential documents available for review by Celebrity, subject to the Protective Order previously entered by the Court, upon reasonable advance notice, during normal business hours, 8:00 a.m. to 5:00 p.m. (Alaska Time).

> **DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 19**: Please produce copies of balance sheets for each DIAK store located in the State of Alaska for the period January 2000 through the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request as calling for highly confidential material that cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK also objects to this request as being overbroad because DIAK's balance sheets relate to the entirety of its Alaska operations, whereas, DIAK only competes with Celebrity in Juneau. To the extent that this request seeks balance sheets for DIAK stores outside Juneau, DIAK objects to the request as seeking irrelevant information that cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK has arranged to, and will produce its sales records for Juneau for relevant time frames, along with reports reflecting sales and income therefrom in Juneau during relevant time

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 4 of 11

Exhibit 10
Page 4 of 11

frames. DIAK has prepared 15 bankers boxes of sales records regarding Juneau that are available for inspection and copying by Celebrity at the offices of DIAK's counsel, Brena, Bell & Clarkson, P.C., 310 K St., Suite 601, Anchorage, AK 99501. DIAK will make these non-privileged but confidential documents available for review by Celebrity, subject to the Protective Order previously entered by the Court, upon reasonable advance notice, during normal business hours, 8:00 a.m. to 5:00 p.m. (Alaska Time).

> **DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 20**: Please produce copies of fixed asset registers for each DIAK store located in the State of Alaska for the period January 2000 through the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request in that it seeks documents and information that are not relevant to the subject matter of this action and that cannot reasonably be expected to lead to the discovery of admissible evidence. Fixed assets have no bearing upon or any relevance to any possible issue in this case.

**REQUEST FOR PRODUCTION NO. 21**: Please (sic) copies of documentation identifying the number of employees employed at each DIAK store in the State of Alaska for years 2000 through 2005. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request as being overbroad because it asks for information regarding DIAK's employees outside Juneau. DIAK only competes with Celebrity in

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 5 of 11

Exhibit 10
Page 5 of 11

Juneau. To the extent that this request seeks employee information for DIAK stores outside Juneau, DIAK objects to the request as seeking irrelevant information that cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK has already produced to Celebrity a list of all of its Juneau employees for the years 2000-2004. DIAK's Juneau employees in 2005 have no bearing upon this action as the events that form the basis of Celebrity's claims allegedly occurred prior to 2005.

**REQUEST FOR PRODUCTION NO. 22**: For each employee identified above, and for each period of employment, please identify the employee's job description, salary and hours worked per week. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request for production because it is not actually a request for production, but in fact is actually an interrogatory. DIAK also objects to this request as being overbroad because it asks for information regarding DIAK's employees outside Juneau. DIAK only competes with Celebrity in Juneau. To the extent that this request seeks employee information for DIAK stores outside Juneau, DIAK objects to the request as seeking irrelevant information that cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK has already produced to Celebrity a list of all of its Juneau employees for the years 2000-2004. On the list that DIAK has already produced, DIAK stated the positions that the employees held with DIAK. DIAK objects to the request for job descriptions, salary and hours worked. Job descriptions do not exist for most of the Juneau employees listed, and thus there is nothing to produce in the form of documents. For the most part, the employees' job descriptions are self-explanatory from the titles on the list previously provided (e.g., employees described as working in retail sales obviously had

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 6 of 11

Exhibit 10
Page 6 of 11

jobs for which the job description is "selling merchandise"). The salaries paid and the hours worked to DIAK employees is not relevant and cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK's Juneau employees in 2005 have no bearing upon this action as the events that form the basis of Celebrity's claims allegedly occurred prior to 2005.

**REQUEST FOR PRODUCTION NO. 23**: Please produce a copy of any and all store lease agreements for each and every DIAK store located in the State if Alaska. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request as calling for documents that are not relevant to the subject matter of this action and that cannot reasonably be expected to lead to the discovery of admissible evidence. DIAK's costs of operation and cost of occupying its store locations is not relevant to this action, not is it reasonably likely to lead to the discovery of admissible evidence. DIAK's lease agreements have no bearing upon any matter in this action. Moreover, DIAK objects to this request as being overbroad because it seeks leases for stores outside Juneau.

**REQUEST FOR PRODUCTION NO. 24**: For each store and/or lease identified above, please produce documentation reflecting the total square footage of each store and the total square footage display area for each such store. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK will produce documentation reflecting the square footage of its Juneau stores. The documents will be made available for inspection and copying at the offices of DIAK's counsel, Brena, Bell & Clarkson, P.C., 310 K St., Suite 601, Anchorage, AK 99501, upon reasonable

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 7 of 11

Exhibit 10
Page 7 of 11

advance notice during normal business hours, 8:00 a.m. to 5:00 p.m. (Alaska Time). DIAK objects to this request to the extent that it seeks documents reflecting square footage for stores outside Juneau. DIAK competes with Celebrity only in Juneau. Square footage for stores outside Juneau is not relevant and it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 25**: Please provide the following information for each DIAK store located in the State of Alaska for the years 2000 through 2005:

   a.   Number of items sold;

   b.   Sales by product category;

   c.   Markup by product category;

   d.   Year end physical inventory counts and pricing at cost by item and by product category;

   e.   Commission reports submitted to PPI; and

   f.   Commission reports submitted to any other cruise ship marketing organization.

If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to this request as being overbroad to the extent that it seeks information and documents related to DIAK stores outside Juneau. Celebrity competes with DIAK only in Juneau. Documents and information regarding DIAK's stores outside Juneau are irrelevant and cannot reasonably be expected to lead to the discovery of admissible evidence. With respect to DIAK's Juneau stores, DIAK has prepared 15 bankers boxes of sales records regarding Juneau that are available for inspection and copying by Celebrity at the offices of DIAK's counsel, Brena, Bell & Clarkson, P.C., 310 K St., Suite 601, Anchorage, AK 99501. DIAK will make these non-privileged but confidential documents available for review by Celebrity, subject to the Protective

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 8 of 11

Exhibit 10
Page 8 of 11

Order previously entered by the Court, upon reasonable advance notice, during normal business hours, 8:00 a.m. to 5:00 p.m. (Alaska Time).

DIAK objects to the request for "markup" documentation. Markup is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

**REQUEST FOR PRODUCTION NO. 26**: Please produce copies of any contracts, agreements, cancelled checks, general ledger account detail listing, and all other documentation listing advertising expenditures on behalf of each DIAK store located in the State of Alaska for the period January 2000 through the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE**: DIAK objects to the request for "cancelled checks" as being irrelevant, cumulative, and unduly burdensome. Otherwise, DIAK will produce non-privileged documents that it has that are responsive to this request subject to the Protective Order previously entered by the Court, upon reasonable advance notice, at the offices of DIAK's counsel, Brena, Bell & Clarkson, P.C., 310 K St., Suite 601, Anchorage, AK 99501, during normal business hours between 8:00 a.m. and 5:00 p.m.

**DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 9 of 11

Exhibit 10
Page 9 of 11

**REQUEST FOR PRODUCTION NO. 27:** Please produce any and all e-mails, including but not limited to current, backed-up and archived programs, regarding communications by and between DIAK and PPI during the period from 2000 through March 2004, and as related to DIAK's business operations in Southeast Alaska. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:** DIAK will produce non-privileged documents that it has which are responsive to this request subject to the Protective Order previously entered by the Court, upon reasonable advance notice, at 592 Fifth Avenue, 9th Floor, New York, NY 10036.

**DIAK designates the documents produced in response to this Request as "Confidential" pursuant to the Court's Order Granting Motion for Entry of Protective Order and the provisions of the Protective Order attached as Exhibit A to Defendant's Motion.**

DATED this ___ day of January, 2006.

BRENA, BELL & CLARKSON, P.C.
Attorneys for Defendant
Diamonds International of Alaska Ltd.

By _____
Kevin G. Clarkson
Alaska Bar No. 8511149

Peter M. Hockman, Esq.
LAW OFFICE OF PETER M. HOCKMAN
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134
(305) 447-9129; (305) 443-0279-fax

BRENA, BELL & CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 10 of 11

Exhibit 10
Page 10 of 11

**CERTIFICATE OF SERVICE**

I hereby certify that on  Jan. 9 , 2006,
a true and correct copy of the foregoing
document was mailed ✓, hand delivered ___
faxed ___ to:

Z. Kent Sullivan, Esq.
P.O. Box 32819
Juneau, AK 99803

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, FL 33134

William G. Ruddy, Esq.
P.O. Box 34338
Juneau, AK 99803

Robert C. Gilbert, Esq.
2200 Alhambra Circle, Suite 400
Coral Gables, FL 33134

_Eileen Frison_
Eileen Frison

BRENA, BELL &
CLARKSON, P.C.
310 K STREET
SUITE 601
ANCHORAGE, AK 99501
(907) 258-2000

DIAK'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
Bathija, et al. v. Panoff Publishing, Inc., et al., J04-0011 Civil (RRB)
Page 11 of 11

Exhibit 10
Page 11 of 11