Z. Kent Sullivan
Daniel G. Bruce
Baxter Bruce & Sullivan P.C.
P.O. Box 32819
Juneau, Alaska 99803
ph:  (907) 789-3166
fax: (907) 789-1913
Attorneys for Plaintiff


### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida Corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York limited liability company and DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT PPI <br><br> Case No. J04-0011 CV (RRB) |

TO:  Defendants Panoff Publishing, Inc., a Florida corporation, PPI Fleet Services, Inc., a Florida corporation, and Port Promotions, Inc., a Florida corporation, and its attorneys, William G. Ruddy, Esq., Ruddy, Bradley & Kolkhorst, 8800 Glacier Highway, Suite 223, P.O. Box 34338, Juneau, Alaska  99803, and Robert C. Gilbert, Esq., Robert C. Gilbert, P.A., 220 Alhambra Circle, Suite 400, Coral Gables, Florida  33134.

COMES NOW Plaintiff, Shivalay, Inc. ("Celebrity"), by and through its attorneys

of record, Baxter Bruce and Sullivan P.C., and pursuant to Rules 26, 33, 34, and 36, Fed.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 1 of 28

Exhibit 12
Page 1 of 28

R. Civ. P., hereby requests that Defendants Panoff Publishing, Inc., PPI Fleet Services, Inc., and Port Promotions, Inc., ("PPI"), answer and respond to the following discovery requests in writing and under oath within thirty (30) days from the time service was made upon you or your attorneys.

## PRELIMINARY STATEMENT

Included in these discovery requests are requests for admissions generated pursuant to Rule 36, Fed. R. Civ. P. Please admit or deny these requests within thirty (30) days after service upon you or your attorneys. If you cannot truthfully admit or deny each request for admission, please set forth in detail the reasons why you can not truthfully admit or deny the request for admission. If you must qualify an answer or deny only a part of the matter requested to be admitted, please specify so much of the request for admission that is true and qualify or deny the remainder.

PPI iss also being served interrogatories pursuant to Rule 33, Fed. R. Civ. P. Please complete the answers in the space provided, and if needed, add additional pages. The interrogatories are to be answered under oath and in accordance with the following definitions and procedures, within thirty (30) days of the date on which you or your attorneys receive service of these documents.

Finally, requests for production are also being served pursuant to Rule 34, Fed. R. Civ. P. Pursuant to that rule, PPI must produce the documents listed below for inspection and/or copying at the office of Celebrity's counsel within thirty (30) days of the date of the requests.

A.     <u>Scope of Answers.</u>

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 2 of 28

Exhibit 12
Page 2 of 28

By the use of the pronoun "you," it is intended that the answers are to include all information known by PPI, and each of its divisions, subsidiaries, predecessors and successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on their behalf or on behalf of its or their divisions, subsidiaries, predecessors or successors.  The pronoun "you" is also intended to reference all of the entities comprising PPI, including each of the divisions, subsidiaries, predecessors and successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on behalf of such entities.

Reference to "Celebrity" shall collectively refer to Shivalay, Inc., Mohan Bathija, Vinod Bathija, Rajesh Bathija, and any other representatives, employees, or agents of Shivalay, Inc.   Reference to "Diamonds International" "DI" and/or "DIAK" shall collectively refer to Diamonds International of Alaska, Ltd, its divisions, subsidiaries, predecessors and successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on their behalf or on behalf of its or their divisions, subsidiaries, predecessors or successors.

B.    Continuing Interrogatories and Requests for Production.

These requests are continuing and in the event you discover further information or documents that are responsive to the questions raised, you are to supplement your answers by additional answers.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 3 of 28

Exhibit 12
Page 3 of 28

C.     Documents.

As used herein, the term "document" or "Document" means and includes any writing and any other tangible thing in the custody, possession or control of any of the persons or entities identified in paragraph "A" above, whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason, including, but not limited to, letters, reports, agreements, communications (including intercompany communications), correspondence, telexes, facsimiles, telegrams, memoranda, summaries or records of personal conversations, formal or informal notes, diaries, forecasts, photographs, pictures, tape recordings, videotapes, cassettes, models, statistical statements, graphs, computer printouts, laboratory reports, notebooks, charts, plans, drawings, minutes or records of conferences, expressions of statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any document, revisions or drafts of any document, invoices, receipts and original preliminary notes.  Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

D.     Identify or Identity.

As used herein, "identify," or "identity" is used in reference to:

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 4 of 28

Exhibit 12
Page 4 of 28

1.      An individual <u>person</u> means to state that person's full name, present address and phone number, that person's present or last known position and business affiliation and that person's position and business affiliation at the time in question.

2.      A <u>document</u> means to state the date and author or, if different, the signer(s), the address, the type of document (e.g. letter, memorandum, telegram, etc.) and all other means of identifying it with particularity and its present location or custodian. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

3.      A <u>statement</u> means to quote or state it as precisely as possible, to state the time, place and media through which it was published and to identify the person or entity making the statement.

4.      An <u>act</u> means to state its nature and contents, the time and place where it was performed and to identify the person or entity performing it.

E.      <u>Instructions</u>.

1.      In responding to these requests, you are required to produce all documents in your possession, custody or control or otherwise available to you, including, without limitation by reason of enumeration, documents in the possession of your attorneys or their investigators, accountants, consultants or associates, whether past or present.

2.      If any document or answer to interrogatory is withheld under claim of privilege or attorney work product, the privilege involved shall be stated. For any document withheld each document shall be identified by date, author and subject matter

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 5 of 28

Exhibit 12
Page 5 of 28

(without disclosing its contents) sufficient to allow its description to the Court for ruling thereon.

3.    If you are unable to produce any document called for by this request, state the reason why you are unable to produce such document and identify the document with as much accuracy as possible.

4.    With respect to the production of any category of documents which you contend is in some way burdensome or oppressive, state the specific reason for this objection and produce examples of the documentation in question.

5.    PPI shall produce the writings and documents to the offices of Baxter Bruce & Sullivan P.C., P.O. Box 32819, Juneau, Alaska 99803-2819, unless other arrangements are made with Celebrity's counsel.  These requests are deemed continuing and must be supplemented in a timely manner as PPI gains additional knowledge or information.

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 1</u>:**  Please identify the name, title and position of all persons presently or formerly affiliated with PPI having direct knowledge or information regarding the facts and circumstances set forth in the complaint or in PPI's answer thereto.  Also, please provide a complete summary of each person's knowledge.

**<u>ANSWER</u>:**

**<u>INTERROGATORY NO. 2</u>:**  Please identify the name, title, and position of the person or persons within PPI primarily responsible for gathering the information set forth in these responses and in communicating that information to your attorneys.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 6 of 28

Exhibit 12
Page 6 of 28

**ANSWER**:

**INTERROGATORY NO. 3:**  Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who are current employees or independent contractors performing services for Defendant PPI.

**ANSWER:**

**INTERROGATORY NO. 4:**  Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who were employed by, or performed services as independent contractors for, Defendant PPI for the period from January 1, 2000 through March 24, 2004.

**ANSWER:**

**INTERROGATORY NO. 5:**  Please identify all merchants, entities, or persons doing business in Southeast Alaska with whom PPI was affiliated, represented, promoted, or contracted with at any time between January 1, 2000 and March 24, 2004, but with whom PPI no longer provides such services.

**ANSWER:**

**INTERROGATORY NO. 6:**  Please describe in detail all of the facts and specifics regarding the meaning, genesis, implementation, date of inception and oversight of the "DI/TI Alaskan Rescue Plan" as referenced in the e-mails attached to Celebrity's amended complaint.

**ANSWER:**

**INTERROGATORY NO. 7:**  Please name every expert witness you expect or intend to call at trial and for each, state the witness' area or areas of expertise; a summary

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 7 of 28

Exhibit 12
Page 7 of 28

of his or her qualifications; the subject matter on which he or she is expected to testify; the substance of the facts and opinions to which she or he is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

**INTERROGATORY NO. 8:**  Please describe all facts, details and individuals participating in all conversations and meetings referred to in the e-mail from Rick Domanski to Amsterdam PSA, *et al*., dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:**

**INTERROGATORY NO. 9:**  Please describe in detail what is meant by the term "DIAMOND INTELLIGENCE" as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al*., dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:**

**INTERROGATORY NO. 10:**  Please identify all court cases in the past ten (10) years in which either Bill Panoff or any of the entities comprising PPI have been named as a party, including, the case name, the case number, the place where the case was filed, the nature of the case, whether PPI or Mr. Panoff were represented by an attorney and, if so, the identity of the attorney including address and phone number, and the results of the court case.

**ANSWER:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 8 of 28

Exhibit 12
Page 8 of 28

**INTERROGATORY NO. 11:** Please describe in detail all of the services PPI claims it provided Celebrity during the period from January 1, 2000 through March 24, 2004.

**ANSWER:**

**INTERROGATORY NO. 12:** Please describe in detail the "15K Alaskan mandate [that] came up out of the face to face Princess negotiation" and as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al*., dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:**

**INTERROGATORY NO. 13:** Please specifically identify all evidence PPI possesses which demonstrates that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques, including:

A.     Celebrity only purchases diamonds from a pool of diamonds that DI has already rejected out of hand.

B.     Celebrity sells brown Diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.

C.     Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.

D.     Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.

**ANSWER:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 9 of 28

Exhibit 12
Page 9 of 28

**INTERROGATORY NO. 14:**  Please specifically articulate the basis for PPI's contention in its answer that it only engaged in "isolated and infrequent business contacts with the State of Alaska in the course of providing" services.  Please specifically identify the number of merchants (without disclosing their identity) with whom PPI currently contracts in Southeast Alaska and the gross receipts PPI realized from the merchants it contracted with during the 2000, 2001, 2002, 2003 and 2004 tourist seasons.

**ANSWER:**

**INTERROGATORY NO. 15:**  Please specifically identify all records, documents and information relating to Celebrity, including, but not limited to, all contracts, on board sales records, fees paid by Celebrity, commissions paid by Celebrity or PPI to PPI agents, employees, representatives or subcontractors, accounts receivable ledgers, and all communications by and between Celebrity and PPI for the period beginning January 1, 2000 and through the present date.

**ANSWER:**

**INTERROGATORY NO. 16:**    Please specifically identify all fees and commissions paid by Celebrity to PPI from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission).

**ANSWER:**

**INTERROGATORY NO. 17:**  Please specifically identify all records, documents and information relating to DI, DIAK and/or any of their affiliates, involving the Southeast Alaska cruise ship market, including, but not limited to, on board sales records, fees paid by DI/DIAK, commissions paid by DI/DIAK or PPI to PPI agents, employees,

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 10 of 28

Exhibit 12
Page 10 of 28

representatives or subcontractors, contracts, accounts receivable ledgers, and all communications by and between DI/DIAK and PPI for the period beginning January 1, 2000 and through March 24, 2004.

    **ANSWER:**

**INTERROGATORY NO. 18:**    Please specifically identify all fees and commissions paid by Celebrity to DI/DIAK from January 2000 through March 24, 2004, including amounts, date paid, and characterization of payment (fee or commission).

    **ANSWER:**

**INTERROGATORY NO. 19:**    Please specifically describe the dates of employment and/or period of contract if independent contractors, job title and job duties of Rick Domanski and Jake Soto.  Please further identify whether or not Rick Domanski and Jake Soto are current employees and/or independent contractors of PPI.

    **ANSWER:**

**INTERROGATORY NO. 20:**  Please identify the various cruise lines operating in Southeast Alaska with whom PPI contracts, and specifically describe the various services PPI either receives from and/or provides those entities.  Please also specifically identify the manner in which compensation is exchanged, including whether such compensation is based upon a percentage of sales, flat fee, etc.

    **ANSWER:**

**INTERROGATORY NO. 21:**  If your response to any request for admission set forth below is anything other than an unqualified admission, please  identify all facts which you contend support your refusal to unqualifiedly admit the request.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 11 of 28

Exhibit 12
Page 11 of 28

**ANSWER:**

**INTERROGATORY NO. 22:**  If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all documents, notes, reports, memoranda, electronic and/or tape recordings, photographs, oral statements, or other tangible things which support your refusal to unqualifiedly admit the request.

**ANSWER:**

**INTERROGATORY NO. 23:**  If your response to any request for admission set forth below is anything other than an unqualified admission, please provide the name, address, and telephone number of all persons, including consultants and/or experts, purporting to have any knowledge or factual data upon which you base your refusal to make an unqualified admission to the request.  The purpose of this interrogatory is to have you reveal everything presently known to you that bears upon your refusal to respond to the request with an unqualified admission.

**ANSWER:**


**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  Please admit that PPI was contractually bound to non-exclusively promote Celebrity to cruise ship passengers, on certain cruise ships with whom PPI was affiliated, during the 2000, 2001, 2002, 2003 and 2004 cruise ship tourist seasons.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 12 of 28

Exhibit 12
Page 12 of 28

**REQUEST FOR ADMISSION NO. 2:** Please admit that the contracts between Celebrity and PPI together with oral representations made by PPI, its employees and agents, provided that Celebrity's store and merchandise would be fairly promoted by PPI to cruise ship passengers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Please admit that at the time PPI contracted with Celebrity, PPI knew that diamond and tanzanite sales comprised a substantial portion of Celebrity's total business.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Please admit that in furtherance of its marketing efforts, PPI places employees, agents, and/or independent contractors on board cruise ships with whom it affiliates.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Please admit that the above-referenced personnel are commonly referred to as Port Shopping Ambassadors ("PSA").

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently place printed materials on board the cruise ships detailing the goods, services and location of the participating local merchants.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 13 of 28

Exhibit 12
Page 13 of 28

**REQUEST FOR ADMISSION NO. 7:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently utilize on-board demonstration and exhibition of products of participating merchants.

.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently secure contracts with participating merchants on behalf of cruise ship passengers.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently  conduct promotional talks prior to the vessel's arrival in port and in order to promote the various participating merchants.

**RESPONSE:**

**REQUEST  FOR  ADMISSION  NO. 10:**  Please  admit  that,  in  marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently conduct other on-board promotions including raffles and giveaways.

**RESPONSE:**

**REQUEST  FOR  ADMISSION  NO.  11:**  Please  admit  that,  in  marketing Southeast  Alaska  merchants  with  whom  PPI  contracts,  PSAs  frequently  display participating merchants' stores and products via closed circuit television on board ships.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 14 of 28

Exhibit 12
Page 14 of 28

**REQUEST FOR ADMISSION NO. 12:** Please admit that PPI management controls the detailed information and instructions regarding exactly how PSAs are to conduct the activities referenced in Requests for Admissions 6-11.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Please admit that Celebrity was advised that the services referenced in Requests for Admissions 6-11 would be provided to it by PPI and its PSAs.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Please admit that Celebrity was not advised that the services referenced in Requests for Admissions 6-11 would be provided to PPI merchants in a disparate or unequal manner.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Please admit that in exchange for such services and promotion, Celebrity has paid fees and commissions to PPI since January 1, 2000, totaling approximately $129,950.00.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Please admit that instead of marketing Celebrity to cruise ship passengers in a manner consistent with PPI's representations, PPI engaged in an active campaign of knowingly and intentionally discouraging passenger business with Celebrity.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.; Case No. J04-0011 CV (RRB)*
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 15 of 28

Exhibit 12
Page 15 of 28

**REQUEST FOR ADMISSION NO. 17:**  Please admit that PPI implemented a "plan" whereby it agreed to exclusively market and promote DI for all diamond and tanzanite sales.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**  Please admit that as part of the above-referenced plan, PPI management told its PSAs to specifically discourage cruise ship passenger business with Celebrity and other Indian owned stores characterized as "the Indian Brethren."

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**  Please admit that PPI encouraged PSAs to promote DI exclusively, over and above all other merchants, for certain items such as diamonds and tanzanite.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**  Please admit that as part of the above-referenced plan, PPI management told its PSAs to discourage passenger business with Celebrity and that the PSAs should advise passengers that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity only purchases diamonds from a pool of diamonds that DI has already rejected out of hand.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**  Please admit that as part of the above-referenced plan, PPI management told its PSAs to discourage passenger business with Celebrity and that the PSAs should advise passengers that Celebrity utilizes merchandise

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 16 of 28

Exhibit 12
Page 16 of 28

of inferior quality and deceptive sales techniques, including that Celebrity sells brown Diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**  Please admit that as part of the above-referenced plan, PPI management told its PSAs to discourage passenger business with Celebrity and that the PSAs should advise passengers that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**  Please admit that as part of the above-referenced plan, PPI management told its PSAs to discourage passenger business with Celebrity and that the PSAs should advise passengers that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**  Please admit that PPI has no evidence, knowledge, information, or belief that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 17 of 28

Exhibit 12
Page 17 of 28

**REQUEST FOR ADMISSION NO. 25:** Please admit that based upon PPI's actions, and the actions of its management, personnel, employees and agents, numerous cruise ship passengers were, in fact, specifically directed to DI and away from Celebrity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Please admit that the above-referenced campaign to direct sales away from Celebrity, and instead to DI, increased DI's volume and value of sales.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Please admit that based upon the contracts entered into with PPI, Celebrity is/was required to pay PPI commissions for each and every sale that occurred with a passenger from a PPI affiliated ship, irrespective of whether or not PPI was, in fact, responsible for generating the sale.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Please admit that any actions designed to discourage cruise ship passenger business with Celebrity, would be a breach of PPI's obligations with Celebrity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Please admit that any act by PPI to discourage passenger business with Celebrity or to disparage Celebrity and its products would be contrary to the contractual rights and interests Celebrity had created with PPI.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 18 of 28

Exhibit 12
Page 18 of 28

**REQUEST FOR ADMISSION NO. 30:**  Please admit that PPI participated in and/or was aware of an active conspiracy to restrain trade involving Celebrity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**  Please admit that the e-mails attached to the first amended complaint as Exhibits 5-7 are true and correct copies of e-mails sent by PPI employees and/or independent contractors to PSAs on board the PPI affiliated cruise lines.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**  Please admit that PPI president William Panoff was aware of the e-mails attached to the first amended complaint as Exhibits 5-7 at or near the time that the e-mails were sent.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**  Please admit that at or about the time that the e-mails attached to the first amended complaint as Exhibits 5-7 were sent, the senders, Rick Domanski and Jake Soto were either executives and/or managers of Defendant PPI.

**RESPONSE:**


## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  If your response to any of the preceding requests for admissions is anything other than an unequivocal admission, please produce all documents that support your response.  If such documentation has not

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 19 of 28

Exhibit 12
Page 19 of 28

already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**    Please produce all documents or tangible items received by you, your attorneys, or the persons assisting your attorneys that mention, or relate to the allegations contained in the complaint or PPI's answer thereto.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**    Please produce any investigative reports, drawings, diagrams, tape recordings, documents or tangible items generated by you, your attorneys, investigators working for your attorneys and expert witnesses you have retained that relate to or mention the allegations contained in the complaint or PPI's answer thereto.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 20 of 28

Exhibit 12
Page 20 of 28

**REQUEST FOR PRODUCTION NO. 4:**  Please produce any documents, data, or tangible items received, reviewed or generated by any expert witness that you have retained, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  Please produce any documents, data, or tangible items referenced in PPI's response to the interrogatories identified above, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**    Please provide copies of the "DYNAMITE new sheet that explains all of this quality stuff in writing" as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al*., dated July 31, 2003, and as

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 21 of 28

Exhibit 12
Page 21 of 28

attached to Celebrity's amended complaint as Exhibit "7." If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity only purchases diamonds from a pool of diamonds that DI has already rejected out of hand. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity sells brown diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the

*Bathija, et al. v. Panoff Publishing, Inc., et al.; Case No. J04-0011 CV (RRB)*
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 22 of 28

Exhibit 12
Page 22 of 28

production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**    Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**    Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 23 of 28

Exhibit 12
Page 23 of 28

**REQUEST FOR PRODUCTION NO. 11:**  Please produce all internal e-mails, letters, documentation, etc., referencing "the DI/TI Alaskan Rescue Plan" as referenced in e-mails attached to Celebrity's amended complaint.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  Please produce any documents, data, or tangible items referenced in PPI's initial disclosures and any supplements thereto, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  Please produce PPI's audited and unaudited financial statements, tax returns, and any other documentation summarizing income derived from its business activities in Southeast Alaska for the 2000, 2001, 2002, 2003 and 2004 tax years.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 24 of 28

Exhibit 12
Page 24 of 28

you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  Please produce copies of any and all contracts, memorandums of understanding, agreements, etc., entered by and between PPI and DI, DIAK or any of their affiliates for the 2000, 2001, 2002, 2003 and 2004 Alaskan tourist seasons.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  Please produce copies of any and all contracts, memorandums of understanding, agreements, etc., entered by and between PPI and Celebrity for the 2000, 2001, 2002, 2003 and 2004 Alaskan tourist seasons.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  Please produce copies of all documents referencing fees and commissions paid by Celebrity to PPI from January 2000

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 25 of 28

Exhibit 12
Page 25 of 28

until the present, including amounts, date paid, and characterization of payment (fee or commission). If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Please produce copies of all documents referencing fees and commissions paid by DI/DIAK to PPI from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission). If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Please produce organizational charts for the various entities and personnel comprising PPI and which detail such organization structure as of June 30, 2003 and June 30, 2005. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 26 of 28

Exhibit 12
Page 26 of 28

# **VERIFICATION**

STATE OF ALASKA        )
                                  ) ss.

FIRST JUDICIAL DISTRICT     )

        I, _____, the _____ of PPI, state that I have read the above interrogatories and the responses thereto, and that the answers are true and correct to the best of my knowledge and belief.

                                   PPI

                                   _____

                                   By:_____

                                   Title:_____

        SUBSCRIBED AND SWORN TO this ___ day of _____, 2005, at_____, _____.

                                   _____

                                   Notary in and for the State of _____

                                   My Commission Expires: _____

        DATED this _____ day of July, 2005.

                                   BAXTER BRUCE & SULLIVAN P.C.

                                   By_____

                                     Z. Kent Sullivan, ABA No. 0105038

                                     Attorneys for Plaintiff

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 27 of 28

Exhibit 12
Page 27 of 28

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of July 2005, a true and correct copy of the foregoing was delivered to the party indicated below via:

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
8800 Glacier Highway, Suite 223
P.O. Box 34338
Juneau, Alaska  99803
ph:  (907) 789-0047
fax: (907) 789-0783
Attorneys for Defendants Panoff
Publishing, Inc., PPI Fleet Services,
Inc. and Port Promotions, Inc.
By:  ☒  U.S. Mail
     ☒  Fax
     ☐  Court Box
     ☐  Federal Express

Robert C. Gilbert, Esq.
Robert C. Gilbert, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, Florida  33134
ph:  (305) 529-9100
fax: (305) 529-1612
Attorneys for Defendants Panoff
Publishing, Inc., PPI Fleet Services,
Inc. and Port Promotions, Inc.
By:  ☒  U.S. Mail
     ☒  Fax
     ☐  Court Box
     ☐  Federal Express

Kevin G. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, Alaska  99501
ph:  (907) 258-2000
fax:  (907) 258-2001
Attorneys for Defendants Diamonds
International of Alaska, Ltd.
By:     ☒  U.S. Mail
        ☒  Fax
        ☐  Court Box
        ☐  Federal Express

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, Florida  33134-5779
ph:  (305) 447-9129
fax: (305) 443-0279
Attorneys for Defendants Diamonds
International of Al aska, Ltd.
By:  ☒  U.S. Mail
     ☒  Fax
     ☐  Court Box
     ☐  Federal Express

By _____
     Amber Niebuhr

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant PPI
Page 28 of 28

Exhibit 12
Page 28 of 28