Z. Kent Sullivan
Daniel G. Bruce
Baxter Bruce & Sullivan, P.C.
P.O. Box 32819
Juneau, Alaska 99803
ph: (907) 789-3166
fax: (907) 789-1913
Attorneys for Plaintiff


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida Corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York limited liability company and DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

PLAINTIFF'S FIRST SET OF
DISCOVERY REQUESTS TO
DEFENDANT DIAK

Case No. J04-0011 CV (RRB)

TO:   Defendant Diamonds International of Alaska, Ltd. and its attorneys, Peter M. Hockman, Esq., 550 Biltmore Way, Suite 780, Coral Gables, Florida 33134-5779 and Kevin G. Clarkson, Esq., Brena, Bell & Clarkson, P.C., 310 K Street, Suite 601, Anchorage, Alaska 99501.

COMES NOW Plaintiff, Shivalay, Inc. ("Celebrity"), by and through its attorneys

of record, Baxter Bruce and Sullivan, P.C., and pursuant to Rules 26, 33, 34, and 36, Fed.

R. Civ. P., hereby requests that Defendant Diamonds International of Alaska, Ltd.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 1 of 24

Exhibit 13
Page 1 of 24

("DIAK"), answer and respond to the following discovery requests in writing and under oath within thirty (30) days from the time service was made upon you or your attorneys.

## PRELIMINARY STATEMENT

Included in these discovery requests are requests for admissions generated pursuant to Rule 36, Fed. R. Civ. P. Please admit or deny these requests within thirty (30) days after service upon you or your attorneys. If you cannot truthfully admit or deny each request for admission, please set forth in detail the reasons why you can not truthfully admit or deny the request for admission. If you must qualify an answer or deny only a part of the matter requested to be admitted, please specify so much of the request for admission that is true and qualify or deny the remainder.

DIAK is also being served interrogatories pursuant to Rule 33, Fed. R. Civ. P. Please complete the answers in the space provided, and if needed, add additional pages. The interrogatories are to be answered under oath and in accordance with the following definitions and procedures, within thirty (30) days of the date on which you or your attorneys receive service of these documents.

Finally, requests for production are also being served pursuant to Rule 34, Fed. R. Civ. P. Pursuant to that rule, DIAK must produce the documents listed below for inspection and/or copying at the office of Celebrity's counsel within thirty (30) days of the date of the requests.

A.    <u>Scope of Answers.</u>

By the use of the pronoun "you," it is intended that the answers are to include all information known by DIAK, and each of its divisions, subsidiaries, predecessors and

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 2 of 24

Exhibit 13
Page 2 of 24

successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on their behalf or on behalf of its or their divisions, subsidiaries, predecessors or successors.  The pronoun "you" is also intended to reference all of the entities comprising DIAK, including each of the divisions, subsidiaries, predecessors and successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on behalf of such entities.

Reference to "Celebrity" shall collectively refer to Shivalay, Inc., Mohan Bathija, Vinod Bathija, Rajesh Bathija, and any other representatives, employees, or agents of Shivalay, Inc.  Reference to "PPI" shall collectively refer to Panoff Publishing, Inc., PPI Fleet Services, Inc. and Port Promotions, Inc., their divisions, subsidiaries, predecessors and successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on their behalf or on behalf of its or their divisions, subsidiaries, predecessors or successors.

B.    <u>Continuing Interrogatories and Requests for Production.</u>

These requests are continuing and in the event you discover further information or documents that are responsive to the questions raised, you are to supplement your answers by additional answers.

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 3 of 24

Exhibit 13
Page 3 of 24

C.    Documents.

As used herein, the term "document" or "Document" means and includes any writing and any other tangible thing in the custody, possession or control of any of the persons or entities identified in paragraph "A" above, whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason, including, but not limited to, letters, reports, agreements, communications (including intercompany communications), correspondence, telexes, facsimiles, telegrams, memoranda, summaries or records of personal conversations, formal or informal notes, diaries, forecasts, photographs, pictures, tape recordings, videotapes, cassettes, models, statistical statements, graphs, computer printouts, laboratory reports, notebooks, charts, plans, drawings, minutes or records of conferences, expressions of statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any document, revisions or drafts of any document, invoices, receipts and original preliminary notes.  Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

D.    Identify or Identity.

As used herein, "identify," or "identity" is used in reference to:

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 4 of 24

Exhibit 13
Page 4 of 24

1.      An individual <u>person</u> means to state that person's full name, present address and phone number, that person's present or last known position and business affiliation and that person's position and business affiliation at the time in question.

2.      A <u>document</u> means to state the date and author or, if different, the signer(s), the address, the type of document (e.g. letter, memorandum, telegram, etc.) and all other means of identifying it with particularity and its present location or custodian. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

3.      A <u>statement</u> means to quote or state it as precisely as possible, to state the time, place and media through which it was published and to identify the person or entity making the statement.

4.      An <u>act</u> means to state its nature and contents, the time and place where it was performed and to identify the person or entity performing it.

E.      <u>Instructions</u>.

1.      In responding to these requests,  you are required to produce all documents in your possession, custody or control or otherwise available to you, including, without limitation by reason of enumeration, documents in the possession of your attorneys or their investigators, accountants, consultants or associates, whether past or present.

2.      If any document or answer to interrogatory is withheld under claim of privilege or attorney work product, the privilege involved shall be stated.  For any document withheld, each document shall be identified by date, author and subject matter

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 5 of 24

Exhibit 13
Page 5 of 24

(without disclosing its contents) sufficient to allow its description to the Court for ruling thereon.

        3.    If you are unable to produce any document called for by this request, state the reason why you are unable to produce such document and identify the document with as much accuracy as possible.

        4.    With respect to the production of any category of documents which you contend is in some way burdensome or oppressive, state the specific reason for this objection and produce examples of the documentation in question.

        5.    DIAK shall produce the writings and documents to the offices of Baxter Bruce & Sullivan P.C., P.O. Box 32819, Juneau, Alaska 99803-2819, unless other arrangements are made with Celebrity's counsel.  These requests are deemed continuing and must be supplemented in a timely manner as DIAK gains additional knowledge or information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify the name, title and position of all persons presently or formerly affiliated with DIAK having direct knowledge or information regarding the facts and circumstances set forth in the complaint or in DIAK's answer thereto.  Also, please provide a complete summary of each person's knowledge.

**ANSWER:**

**INTERROGATORY NO. 2:**  Please identify the name, title, and position of the person or persons within DIAK primarily responsible for gathering the information set forth in these responses and in communicating that information to your attorneys.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 6 of 24

Exhibit 13
Page 6 of 24

**ANSWER**:

**INTERROGATORY NO. 3:**  Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who are current employees or independent contractors performing services for Defendant DIAK.

**ANSWER:**

**INTERROGATORY NO. 4:**  Please identify by name, job title, duties, address, telephone number and dates of employment, all persons who were employed by, or performed services as independent contractors for, Defendant DIAK for the period from January 1, 2000 through March 24, 2004.

**ANSWER:**

**INTERROGATORY NO. 5:**  Please describe in detail all of the facts and specifics regarding the meaning, genesis, implementation, date of inception and oversight of the "DI/TI Alaskan Rescue Plan" as referenced in the e-mails attached to Celebrity's amended complaint.

**ANSWER:**

**INTERROGATORY NO. 6:**  Please name every expert witness you expect or intend to call at trial and for each, state the witness' area or areas of expertise; a summary of his or her qualifications; the subject matter on which he or she is expected to testify; the substance of the facts and opinions to which she or he is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 7 of 24

Exhibit 13
Page 7 of 24

**INTERROGATORY NO. 7:**  Please describe all facts, details and individuals participating in all conversations and meetings referred to in the e-mail from Rick Domanski to Amsterdam PSA, *et al*., dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:**

**INTERROGATORY NO. 8:**  Please describe in detail what is meant by the term "DIAMOND INTELLIGENCE" as referenced in the e-mail from Rick Domanski to Amsterdam PSA, *et al*., dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:**

**INTERROGATORY NO. 9:**  Please identify all court cases in the past ten (10) years in which Albert Gad, Morris Gad or any of the entities comprising DIAK have been named as a party, including, the case name, the case number, the place where the case was filed, the nature of the case, whether DIAK or the Gads were represented by an attorney and, if so, the identity of the attorney including address and phone number, and the results of the court case.

**ANSWER:**

**INTERROGATORY NO. 10:**  Please describe in detail all of the services DIAK was receiving from PPI during the period from January 1, 2000 through March 24, 2004.

**ANSWER:**

**INTERROGATORY NO. 11:**  Please describe in detail the "15K Alaskan mandate [that] came up out of the face to face Princess negotiation" and as referenced in

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 8 of 24

Exhibit 13
Page 8 of 24

the e-mail from Rick Domanski to Amsterdam PSA, *et al*., dated July 31, 2003, and as attached to Celebrity's amended complaint as Exhibit "7."

**ANSWER:**

**INTERROGATORY NO. 12:**  Please specifically identify all evidence DIAK possesses which demonstrates that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques, including:

A.    Celebrity only purchases diamonds from a pool of diamonds that DI has already rejected out of hand.

B.    Celebrity sells brown Diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.

C.    Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.

D.    Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.

**ANSWER:**

**INTERROGATORY NO. 13:**  Please specifically identify all records, documents and information relating to PPI and/or the cruise lines including, but not limited to, all contracts, on board sales records, fees and/or commissions paid by DIAK to PPI and/or the cruise lines, their agents, employees, representatives or subcontractors, accounts receivable ledgers, and all communications by and between DIAK, PPI and/or the cruise lines, for the period beginning January 1, 2000 and through March 24, 2004.

**ANSWER:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 9 of 24

Exhibit 13
Page 9 of 24

**INTERROGATORY NO. 14:**     Please specifically identify all fees and commissions paid by DIAK to PPI and/or the cruise lines from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission).

**ANSWER:**

**INTERROGATORY NO. 15:**  Please identify the various cruise lines operating in Southeast Alaska with whom DIAK contracts and specifically describe the various services DIAK either receives from and/or provides those entities.   Please also specifically identify the manner in which compensation is exchanged, including whether such compensation is based upon a percentage of sales, flat fee, etc.

**ANSWER:**

**INTERROGATORY NO 16:**  Please specifically describe all services provided to DIAK by PPI for the years 2000 through the present, including any variation or deviation in the services so provided.

**ANSWER:**

**INTERROGATORY NO. 17:**  If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all facts which you contend support your refusal to unqualifiedly admit the request.

**ANSWER:**

**INTERROGATORY NO. 18:**  If your response to any request for admission set forth below is anything other than an unqualified admission, please identify all documents, notes, reports, memoranda, electronic and/or tape recordings, photographs,

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 10 of 24

Exhibit 13
Page 10 of 24

oral statements, or other tangible things which support your refusal to unqualifiedly admit the request.

**ANSWER:**

**INTERROGATORY NO. 19:**  If your response to any request for admission set forth below is anything other than an unqualified admission, please provide the name, address, and telephone number of all persons, including consultants and/or experts, purporting to have any knowledge or factual data upon which you base your refusal to make an unqualified admission to the request.  The purpose of this interrogatory is to have you reveal everything presently known to you that bears upon your refusal to respond to the request with an unqualified admission.

**ANSWER:**

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  Please admit that DIAK entered into contracts with PPI for the marketing and promotion of its merchandise to cruise ship passengers in Southeast Alaska during the 2000, 2001, 2002, 2003 and 2004 cruise ship tourist seasons.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**  Please admit that in proving marketing services for DIAK and others, PPI places employees, agents, and/or independent contractors on board cruise ships with whom it affiliates.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 11 of 24

Exhibit 13
Page 11 of 24

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 3**:  Please admit that the above-referenced personnel are commonly referred to as Port Shopping Ambassadors ("PSA").

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 4**:  Please admit that, in marketing the various Southeast Alaska merchants with whom PPI contracts, including DIAK, PSAs frequently place printed materials on board the cruise ships detailing the goods, services and location of the participating local merchants.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 5**:  Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently utilize on-board demonstration and exhibition of products of participating merchants.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 6**:  Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently secure contracts with participating merchants on behalf of cruise ship passengers.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 7**:  Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently conduct promotional talks prior to the vessel's arrival in port and in order to promote the various participating merchants.

**RESPONSE**:

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 12 of 24

Exhibit 13
Page 12 of 24

**REQUEST FOR ADMISSION NO. 8:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently conduct other on-board promotions including raffles and giveaways.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Please admit that, in marketing Southeast Alaska merchants with whom PPI contracts, PSAs frequently display participating merchants' stores and products via closed circuit television on board ships.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Please admit that DIAK and PPI implemented a "plan" whereby it was agreed that PPI would exclusively market and promote DI for all diamond and tanzanite sales.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Please admit that the above-referenced plan was commonly referred to as the "DI/TI Alaskan Rescue Plan."

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Please admit that prior to implementation of the DI/TI Alaskan Rescue Plan, DIAK was aware that PPI was contractually bound to non-exclusively promote Celebrity with regard to all of the merchandise it sold, including diamonds and tanzanite.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 13 of 24

Exhibit 13
Page 13 of 24

**REQUEST FOR ADMISSION NO. 13:** Please admit that admit that pursuant to the DI/TI Alaskan Rescue Plan, PPI did in fact exclusively promote DIAK for all diamond and tanzanite products.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Please admit that pursuant to the DI/TI Alaskan Rescue Plan, PPI actively, knowingly and intentionally discouraged passenger business with Celebrity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Please admit that as part of the above-referenced plan, DIAK told PPI that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity only purchases diamonds from a pool of diamonds that DI has already rejected out of hand.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Please admit that as part of the above-referenced plan, DIAK told PPI that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity sells brown Diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Please admit that as part of the above-referenced plan, DIAK told PPI that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 14 of 24

Exhibit 13
Page 14 of 24

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Please admit that as part of the above-referenced plan, DIAK told PPI that Celebrity utilizes merchandise of inferior quality and deceptive sales techniques, including that Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Please admit that DIAK made the above-referenced comments to PPI intending that such information be given to PSAs in furtherance of the PSAs efforts to discourage diamond and tanzanite sales with Celebrity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Please admit that DIAK has no evidence, knowledge, information, or belief that Celebrity utilizes merchandise of inferior quality and/or deceptive sales techniques.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Please admit that based upon the actions of DIAK and PPI, and the actions of their management, personnel, employees and agents, numerous cruise ship passengers were in fact, specifically directed to DIAK and away from Celebrity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Please admit that the above-referenced campaign to direct sales away from Celebrity, and instead to DIAK, increased DIAK's volume and value of sales.

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 15 of 24

Exhibit 13
Page 15 of 24

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**  Please admit that based upon the contracts entered into with PPI, DIAK is/was required to pay PPI commissions for each and every sale that occurs with a passenger from a PPI affiliated ship, irrespective of whether or not PPI was, in fact, responsible for generating the sale.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**  Please admit that prior to implementation of the DI/TI Alaskan Rescue Plan, DIAK was aware that any actions of PPI designed to discourage cruise ship passenger business with Celebrity, would be a breach of PPI's obligations with Celebrity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**  Please admit that DIAK participated in and/or was aware of an active conspiracy to restrain trade involving Celebrity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**  Please admit that PPI representative Rick Domanski met with personnel from DIAK in New York City, New York, on or about July 29, 2003, in order to discuss and strategize how to best direct business away from "Indian stores like Celebrity."

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 16 of 24

Exhibit 13
Page 16 of 24

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** If your response to any of the preceding requests for admissions is anything other than an unequivocal admission, please produce all documents that support your response. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents or tangible items received by you, your attorneys, or the persons assisting your attorneys that mention, or relate to the allegations contained in the complaint or DIAK's answer thereto. If such written documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Please produce any investigative reports, drawings, diagrams, tape recordings, documents or tangible items generated by you, your attorneys, investigators working for your attorneys and expert witnesses you have retained that relate to or mention the allegations contained in the complaint or DIAK's answer thereto. If such documentation has not already been produced, please

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 17 of 24

Exhibit 13
Page 17 of 24

provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Please produce any documents, data, or tangible items received, reviewed or generated by any expert witness that you have retained, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Please produce any documents, data, or tangible items referenced in DIAK's response to the interrogatories identified above, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 18 of 24

Exhibit 13
Page 18 of 24

the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**    Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity only purchases diamonds from a pool of diamonds that DIAK has already rejected out of hand.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**    Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity sells brown diamonds tricked up with enhancement settings and super yellow mixed gold, flashing laser cut gold, etc.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 19 of 24

Exhibit 13
Page 19 of 24

**REQUEST FOR PRODUCTION NO. 8:**    Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity enhances the appearance of such inferior diamonds by utilizing deceptive Kleig/Halogen Lights. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**    Please produce any and all documentation demonstrating that Celebrity allegedly utilizes merchandise of inferior quality and/or deceptive sales techniques, including that Celebrity deceptively groups together a bunch of industrial grade tiny diamonds that contain hard to see black spots or brown tint. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  Please produce all internal e-mails, letters, documentation, etc., referencing "the DI/TI Alaskan Rescue Plan" as referenced in e-mails attached to Celebrity's amended complaint. If such documentation has not already been produced, please provide a copy of any such document with your responses

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 20 of 24

Exhibit 13
Page 20 of 24

to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  Please produce any documents, data, or tangible items referenced in DIAK's initial disclosures and any supplements thereto, including but not limited to correspondence, reports, investigations, records, photographs, drawings, diagrams, billings, notes of telephone conversations, and any exhibits to be used at trial.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  Please produce DIAK's audited and unaudited financial statements, tax returns, and any other documentation summarizing income derived from its Juneau, Alaska store for the 2000, 2001, 2002, 2003 and 2004 tax years.  If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests.  If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 21 of 24

Exhibit 13
Page 21 of 24

**REQUEST FOR PRODUCTION NO. 13:** Please produce copies of any and all contracts, memorandums of understanding, agreements, etc., entered by and between DIAK and PPI or any of their affiliates for the 2000, 2001, 2002, 2003 and 2004 Alaskan tourist seasons. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce copies of all documents referencing fees and commissions paid by DIAK to PPI from January 2000 until the present, including amounts, date paid, and characterization of payment (fee or commission). If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Please produce organizational charts for the various entities and personnel comprising DIAK and which detail such organization structure as of June 30, 2003 and June 30, 2005. If such documentation has not already been produced, please provide a copy of any such document with your responses to these discovery requests. If you object to the production of any such item,

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 22 of 24

Exhibit 13
Page 22 of 24

please set forth such objection with sufficient particularity to permit Celebrity to file a

motion to compel production with the Court.

    **RESPONSE:**


## **VERIFICATION**

STATE OF ALASKA         )
                                   ) ss.

FIRST JUDICIAL DISTRICT    )

    I, _____, the _____ of PPI,
state that I have read the above interrogatories and the responses thereto, and that the
answers are true and correct to the best of my knowledge and belief.


                           Diamonds International of Alaska, Ltd.


                           _____
                           By:_____
                           Title:_____

    SUBSCRIBED AND SWORN TO this ___ day of _____, 2005,
at_____, _____.


                           _____
                           Notary in and for the State of _____
                           My Commission Expires: _____


    DATED this _____ day of July, 2005.

                           BAXTER BRUCE & SULLIVAN P.C.


                           By_____
                             Z. Kent Sullivan, ABA No. 0105038
                             Attorneys for Plaintiff

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 23 of 24

Exhibit 13
Page 23 of 24

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ____ day of July 2005, a true and correct copy of the foregoing was delivered to the party indicated below via:

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
8800 Glacier Highway, Suite 223
P.O. Box 34338
Juneau, Alaska  99803
ph:  (907) 789-0047
fax: (907) 789-0783
Attorneys for Defendants Panoff
Publishing, Inc., PPI Fleet Services,
Inc. and Port Promotions, Inc.
By:    ☒  U.S. Mail
       ☒  Fax
       ☐  Court Box
       ☐  Federal Express

Robert C. Gilbert, Esq.
Robert C. Gilbert, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, Florida  33134
ph:  (305) 529-9100
fax: (305) 529-1612
Attorneys for Defendants Panoff
Publishing, Inc., PPI Fleet Services,
Inc. and Port Promotions, Inc.
By:    ☒  U.S. Mail
       ☒  Fax
       ☐  Court Box
       ☐  Federal Express

Kevin G. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, Alaska  99501
ph:  (907) 258-2000
fax:  (907) 258-2001
Attorneys for Defendants Diamonds
International of Alaska, Ltd.
By:    ☒  U.S. Mail
       ☒  Fax
       ☐  Court Box
       ☐  Federal Express

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, Florida  33134-5779
ph:  (305) 447-9129
fax: (305) 443-0279
Attorneys for Defendants Diamonds
International of Alaska, Ltd.
By:    ☒  U.S. Mail
       ☒  Fax
       ☐  Court Box
       ☐  Federal Express

By _____
    Amber Niebuhr

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's First Set of Discovery Requests to Defendant DIAK
Page 24 of 24

Exhibit 13
Page 24 of 24