Z. Kent Sullivan
Daniel G. Bruce
Baxter Bruce & Sullivan, P.C.
P.O. Box 32819
Juneau, Alaska 99803
ph: (907) 789-3166
fax: (907) 789-1913
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida Corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York limited liability company and DOES 1-10,<br><br>Defendants. | PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT DIAK<br><br>Case No. J04-0011 CV (RRB) |

TO: Defendant Diamonds International of Alaska, Ltd. and its attorneys, Peter M. Hockman, Esq., 550 Biltmore Way, Suite 780, Coral Gables, Florida 33134-5779 and Kevin G. Clarkson, Esq., Brena, Bell & Clarkson, P.C., 310 K Street, Suite 601, Anchorage, Alaska 99501.

COMES NOW Plaintiff, Shivalay, Inc. ("Celebrity"), by and through its attorneys

of record, Baxter Bruce and Sullivan, P.C., and pursuant to Rules 26 and 34, Fed. R. Civ.

P., hereby requests that Defendant Diamonds International of Alaska, Ltd. ("DIAK"),

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 1 of 11

Exhibit 15
Page 1 of 11

answer and respond to the following discovery requests in writing and under oath within thirty (30) days from the time service was made upon you or your attorneys.

## PRELIMINARY STATEMENT

Requests for production are being served pursuant to Rule 34, Fed. R. Civ. P. Pursuant to that rule, DIAK must produce the documents listed below for inspection and/or copying at the office of Celebrity's counsel within thirty (30) days of the date of the requests.

A.  <u>Scope of Answers.</u>

By the use of the pronoun "you," it is intended that the answers are to include all information known by DIAK, and each of its divisions, subsidiaries, predecessors and successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on their behalf or on behalf of its or their divisions, subsidiaries, predecessors or successors. The pronoun "you" is also intended to reference all of the entities comprising DIAK, including each of the divisions, subsidiaries, predecessors and successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on behalf of such entities.

Reference to "Celebrity" shall collectively refer to Shivalay, Inc., Mohan Bathija, Vinod Bathija, Rajesh Bathija, and any other representatives, employees, or agents of Shivalay, Inc. Reference to "PPI" shall collectively refer to Panoff Publishing, Inc., PPI Fleet Services, Inc. and Port Promotions, Inc., their divisions, subsidiaries, predecessors

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 2 of 11

Exhibit 15
Page 2 of 11

and successors, as well as its or their present and former officers, agents, directors, attorneys, experts, consultants, investigators, employees and all other persons known to be acting and/or to act on their behalf or on behalf of its or their divisions, subsidiaries, predecessors or successors.

B.  Continuing Interrogatories and Requests for Production.

These requests are continuing, and in the event you discover further information or documents that are responsive to the questions raised, you are to supplement your answers with additional answers.

C.  Documents.

As used herein, the term "document" or "Document" means and includes any writing and any other tangible thing in the custody, possession or control of any of the persons or entities identified in paragraph "A" above, whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason, including, but not limited to, letters, reports, agreements, communications (including intercompany communications), correspondence, telexes, facsimiles, telegrams, memoranda, summaries or records of personal conversations, formal or informal notes, diaries, forecasts, photographs, pictures, tape recordings, videotapes, cassettes, models, statistical statements, graphs, computer printouts, laboratory reports, notebooks, charts, plans, drawings, minutes or records of conferences, expressions of statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records,

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 3 of 11

Exhibit 15
Page 3 of 11

reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, revisions or drafts of any document, invoices, receipts and original preliminary notes. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

D.  Identify or Identity.

As used herein, "identify," or "identity" is used in reference to:

1. An individual person means to state that person's full name, present address and phone number, that person's present or last known position and business affiliation, and that person's position and business affiliation at the time in question.

2. A document means to state the date and author or, if different, the signer(s), the address, the type of document (e.g. letter, memorandum, telegram, etc.) and all other means of identifying it with particularity and its present location or custodian. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

3. A statement means to quote or state it as precisely as possible, to state the time, place and media through which it was published and to identify the person or entity making the statement.

4. An act means to state its nature and contents, the time and place where it was performed and to identify the person or entity performing it.

E.  Instructions.

1. In responding to these requests, you are required to produce all documents in your possession, custody or control, or otherwise available to you,

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 4 of 11

Exhibit 15
Page 4 of 11

including, without limitation by reason of enumeration, documents in the possession of your attorneys or their investigators, accountants, consultants or associates, whether past or present.

2. If any document or answer to interrogatory is withheld under claim of privilege or attorney work product, the privilege involved shall be stated. For any document withheld, each document shall be identified by date, author and subject matter (without disclosing its contents) sufficient to allow its description to the Court for ruling thereon.

3. If you are unable to produce any document called for by this request, state the reason why you are unable to produce such document and identify the document with as much accuracy as possible.

4. With respect to the production of any category of documents which you contend is in some way burdensome or oppressive, state the specific reason for this objection and produce examples of the documentation in question.

5. DIAK shall produce the writings and documents to the offices of Baxter Bruce & Sullivan P.C., P.O. Box 32819, Juneau, Alaska 99803-2819, unless other arrangements are made with Celebrity's counsel. These requests are deemed continuing and must be supplemented in a timely manner as DIAK gains additional knowledge or information.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 16:** Please produce copies of all DIAK's federal income tax returns for the years 2000 through 2004. If you object to the

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 5 of 11

Exhibit 15
Page 5 of 11

production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Please produce copies of City and Borough of Juneau and/or State of Alaska sales tax return forms for DIAK's Juneau stores for the period January 2000 through to the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Please produce copies of income statements for each DIAK store located in the State of Alaska for the period January 2000 through the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Please produce copies of balance sheets for each DIAK store located in the State of Alaska for the period January 2000 through the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 6 of 11

Exhibit 15
Page 6 of 11

**REQUEST FOR PRODUCTION NO. 20:** Please produce copies of fixed asset registers for each DIAK store located in the State of Alaska for the period January 2000 through the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Please copies of documentation identifying the number of employees employed at each DIAK store in the State of Alaska for years 2000 through 2005. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** For each employee identified above, and for each period of employment, please identify the employee's job description, salary and hours worked per week. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Please produce a copy of any and all store lease agreements for each and every DIAK store located in the State of Alaska. If you object to the production of any such item, please set forth such objection with

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 7 of 11

Exhibit 15
Page 7 of 11

sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** For each store and/or lease identified above, please produce documentation reflecting the total square footage of each store and the total square footage of display area for each such store. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Please provide the following information for each DIAK store located in the State of Alaska for the years 2000 through 2005:

    a. Number of items sold;

    b. Sales by product category;

    c. Markup by product category;

    d. Year end physical inventory counts and pricing at cost by item and by product category;

    e. Commission reports submitted to PPI; and

    f. Commission reports submitted to any other cruise ship marketing organization.

If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 8 of 11

Exhibit 15
Page 8 of 11

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Please produce copies of any contracts, agreements, cancelled checks, general ledger account detail listing, and all other documentation listing advertising expenditures on behalf of each DIAK store located in the State of Alaska for the period January 2000 though the present. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Please produce any and all e-mails, including but not limited to current, backed-up and archived programs, regarding communications by and between DIAK and PPI during the period from 2000 through March 2004, and as related to DIAK's business operations in Southeast Alaska. If you object to the production of any such item, please set forth such objection with sufficient particularity to permit Celebrity to file a motion to compel production with the Court.

**RESPONSE:**

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 9 of 11

Exhibit 15
Page 9 of 11

## VERIFICATION

STATE OF ALASKA              )
                             ) ss.
FIRST JUDICIAL DISTRICT      )

I, _____, the _____ of DIAK, state that I have read the above interrogatories and the responses thereto, and that the answers are true and correct to the best of my knowledge and belief.

                        Diamonds International of Alaska, Ltd.

                        By: _____
                        Title: _____

SUBSCRIBED AND SWORN TO this ___ day of _____, 2005, at _____, _____.

                        Notary in and for the State of _____
                        My Commission Expires: _____

DATED this 7th day of December, 2005.

                        BAXTER BRUCE & SULLIVAN P.C.

                        By _____
                        Z. Kent Sullivan, ABA No. 0105038
                        Attorneys for Plaintiff

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 10 of 11

Exhibit 15
Page 10 of 11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of December, 2005, a true and correct copy of the foregoing was delivered to the party indicated below via:

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
8800 Glacier Highway, Suite 223
P.O. Box 34338
Juneau, Alaska 99803
ph: (907) 789-0047
fax: (907) 789-0783
Attorneys for Defendants Panoff Publishing, Inc., PPI Fleet Services, Inc. and Port Promotions, Inc.
By:  ☒ U.S. Mail
     ☒ Fax
     ☐ Court Box
     ☐ Federal Express

Robert C. Gilbert, Esq.
Robert C. Gilbert, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, Florida 33134
ph: (305) 529-9100
fax: (305) 529-1612
Attorneys for Defendants Panoff Publishing, Inc., PPI Fleet Services, Inc. and Port Promotions, Inc.
By:  ☒ U.S. Mail
     ☒ Fax
     ☐ Court Box
     ☐ Federal Express

Kevin G. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, Alaska 99501
ph: (907) 258-2000
fax: (907) 258-2001
Attorneys for Defendants Diamonds International of Alaska, Ltd.
By:  ☒ U.S. Mail
     ☒ Fax
     ☐ Court Box
     ☐ Federal Express

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, Florida 33134-5779
ph: (305) 447-9129
fax: (305) 443-0279
Attorneys for Defendants Diamonds International of Alaska, Ltd.
By:  ☒ U.S. Mail
     ☒ Fax
     ☐ Court Box
     ☐ Federal Express

By _____
Amber Niebuhr

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Second Set of Discovery Requests to Defendant DIAK
Page 11 of 11

Exhibit 15
Page 11 of 11