Z. Kent Sullivan
Daniel G. Bruce
Baxter Bruce & Sullivan P.C.
P.O. Box 32819
Juneau, Alaska 99803
ph: (907) 789-3166
fax: (907) 789-1913
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MOHAN BATHIJA, VINOD BATHIJA, RAJESH BATHIJA, and SHIVALAY, INC., an Alaska corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>PANOFF PUBLISHING, INC., a Florida corporation, PPI FLEET SERVICES, INC., a Florida Corporation, PORT PROMOTIONS, INC., a Florida corporation, DIAMONDS INTERNATIONAL OF ALASKA, LTD., an Alaska corporation, DIAMONDS INTERNATIONAL, L.L.C., a New York limited liability company and DOES 1-10,<br><br>    Defendants. | PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY<br><br>Case No. J04-0011 CV (RRB) |

Plaintiff Shivalay, Inc. ("Celebrity"), by and through its attorneys of record, hereby files the present memorandum in support of it motion to compel discovery.

## BACKGROUND

Celebrity seeks an order compelling discovery in this case from Defendants Panoff Publishing, Inc., PPI Fleet Services, Inc. and Port Promotions, Inc. ("PPI") and

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 1 of 12

Defendant Diamonds International of Alaska, Ltd. ("DIAK") and pursuant to Fed. R. Civ. P. 37(a)(2)(B) and D. Ak. LR 37.1. This motion is sought due to the fact that despite extensive attempts to resolve continuing discovery issues by and between the parties, it appears that the parties remain at an impasse with regard to numerous key items. Such issues remaining in dispute are summarized as follows:

1. Despite the protective order currently in place, are Defendants warranted under the discovery rules in redacting substantial portions of documents offered and/or produced to Celebrity?

2. Is Defendant PPI warranted, pursuant to the discovery rules, to refuse to produce documentation identifying fees and commissions paid to it by other merchants in Southeast Alaska with whom it contracts, and despite Celebrity's expert's assertion that such information would be helpful in calculating Celebrity's damages?

As will be set forth below, Celebrity respectfully submits that the positions taken by the Defendants with regard to each of the above-referenced issues are unjustified and unwarranted by the Federal Rules of Civil Procedure. Among other things, it should be recognized that the Federal Rules of Civil Procedure long ago consigned to the ash heap of legal history "sporting theories of justice," in which trial outcomes hinged "on the fortuitous availability of evidence or the skill and strategy of counsel." 8 Wright & Miller, *Federal Practice and Procedure* § 2001 at 18-19 (1970 and Supp. 1992). The Rules provide express language clearly establishing the policy preference for broad, full and complete disclosure in civil litigation. Rule 26(b)(1), defining the scope of discovery, states:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 2 of 12

> defense of the party seeking discovery or to the claim or defense of any other party. . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Moreover, courts must generously construe the scope of discovery allowed in order to achieve full disclosure of all potentially relevant material. As the U.S. Supreme Court long ago instructed:

> [T]he deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into facts underlying his opponent's case.... To that end, either party may compel the other to disgorge whatever facts he has in his possession.

*Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392 (1947). Thus, to implement both the letter and the spirit of the rules, courts should always resolve doubts about whether information is discoverable in favor of full disclosure.

Indeed, under the policy of full disclosure, it has historically been observed that in "the early stages of the litigation, it is rare that a showing can be made that a particular item of requested information is not 'relevant' under the broad definition given that word under Rule 26." Hon. Irving R. Kaufman, *Judicial Control over Discovery*, 28 F.R.D. 111, 119 (1961). Courts have continued to follow this policy ever since. *See, e.g., Liew v Breen* 640 F.2d 1046, 1049 (9th Cir. 1981); Rule 26(a)(1)(A) and (b), F.R.Civ.P., 1993 Amendments to Federal Rules of Civil Procedure and Forms, approved by the U.S. Supreme Court (Apr. 22, 1993) *reprinted in* 146 F.R.D. 401 (1994) (requiring automatic disclosures regarding facts particularly

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 3 of 12

plead). Additionally, the Ninth Circuit Court of Appeals has interpreted this policy as placing a "heavy burden" on parties opposing discovery, requiring them to affirmatively establish the criteria for disallowing an inquiry or request made under the Rules. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

For these reasons and as will be set forth in further detail below, Defendants efforts have prolonged and delayed discovery in this case and have greatly thwarted Celebrity's ability to conduct meaningful fact investigation. Accordingly, Celebrity respectfully submits that it is entitled to a motion to compel from this Court confirming Celebrity's position with regard to each of the above-referenced issues and the information requested.

## ARGUMENT

### I. IN LIGHT OF THE PROTECTIVE ORDER CURRENTLY IN PLACE IN THIS CASE, DEFENDANTS ARE NOT ENTITLED TO REDACT SUBSTANTIAL PORTIONS OF THE DOCUMENTS OFFERED AND/OR PRODUCED TO CELEBRITY.

As this Court is aware, the parties previously engaged in extensive discussion and motion practice regarding the propriety of having a protective order apply in this case. Ultimately, this Court agreed with Defendants and adopted the protective order Defendants had proposed. *Order Granting Motion for Entry of Protective Order*, dated July 6, 2005. Now, despite application of the very protective order they proposed, Defendants have attempted to redact substantial portions of documentation either produced or offered for production in this case. Not only is vast majority of the information redacted discoverable, but in light of the protective order previously

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 4 of 12

imposed, there simply is no legitimate reason for doing so other than to impede legitimate discovery.

A protective order will sufficiently "guard against any improper disclosure of proprietary information." *Super Film of America, Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 656 (D.Kan. 2004). Thus, when a party produces a redacted version of a document, already covered by a protective order, Courts will routinely order the party to produce the document unredacted. *Id; Amoco Corp. v. Exxon Chemical Corp.*, 1987 WL 60204 (N.D. Ga. 1987); *Kern v. University of Notre Dame Du Lac*, 1997 WL 816518 (N.D. Ind. 1997); *Sellon v. Smith*, 112 F.R.D. 9 (D.Del. 1986); *Envirosource, Inc., v. Horsehead Resource Development Co., Inc.*, 1996 WL 399823 (S.D.N.Y. 1996); *Kansas Food Packer v. Corpak*, 2000 WL 33170870 (D.Kan. 2000).

Despite the protective order currently in place, both Defendants have sought to redact substantial portions of documents either produced and/or offered for production. *DIAK's Supplemental Responses to Plaintiff's First Set of Interrogatories*, 13, dated November 23, 2005, and attached hereto as Exhibit "1"; *Defendant PPI Group's Responses to Plaintiff's Second Set of Discovery Requests*, 3, dated January 9, 2006, and attached hereto as Exhibit "2." For instance, of all the documentation produced by PPI to date, it has redacted 228 of these pages. Among other things, these documents include contracts by and between PPI and DIAK relating to the precise wrongdoing alleged to have occurred in this case. *Sample of Redacted Contractual Documents Produced by Defendant PPI to Date*, attached hereto as Exhibit "3." Nevertheless, substantial portions of these contracts have been redacted. *See generally, Id.* For

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 5 of 12

instance, the amounts paid by DIAK for PPI's services, including performance of the alleged wrongdoing, have been redacted. *See generally, Id.* The names of the merchants who the parties acknowledge may object to and/or be impacted by the wrongful conduct have been redacted. *Id.* at 7. The most egregious example of redactions by PPI can be found in an addendum to a merchant agreement between Defendants PPI and DIAK, dated December, 2000. *Id.* at 16. Here, every single substantive provision of the addendum has been redacted. Contract provisions 2 – 4 have been completely removed, with only the boilerplate language remaining. *Id.* There is little doubt that this missing information is highly relevant to the present case.

PPI has also produced documentation summarizing certain amounts paid by DIAK and others to PPI for fees and commissions. Nevertheless, the specific amounts paid to PPI by vendors other than Celebrity have been redacted. *Sample of Redacted Fees and Commissions Documentation Provided by PPI,* attached hereto as Exhibit "4." This has occurred despite the insistence by Celebrity's expert that this information is important in order to more accurately determine Celebrity's damages in this case. *Letter from William E. Partin, CPA/ABV to Z. Kent Sullivan,* 3, dated November 8, 2005, and attached hereto as Exhibit "5." All of this information is arguably quite relevant to this case in light of the facts that have been alleged, and all such information is clearly discoverable.

It is also noteworthy the manner in which the redactions have been made. Instead of redacting the documents with the redacted portions being blacked out, as is typically done, the redactions in this instance have been made with white out. *See generally, Exh.*

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 6 of 12

*"3 & 4."* The difficulty this poses is that it makes it extremely difficult to ascertain exactly what portion of the document has been redacted and what has not. It also makes it very easy to overlook a portion of the document that may actually contain an important redaction. Celebrity submits that redaction of any portion of the foregoing documents is inappropriate. Nevertheless, if any redactions are allowed to occur, Celebrity should not be further burdened by the nearly impossible task of attempting to discover precisely which portions of each and every document may have, in fact, been redacted. *See* (*Fiduccia v. U.S. Dept. of Justice,* 185 F.3d 1035, 1043 (9th Cir. 1999)) ("The form of redaction—black marks over small bits of text leaving context unredacted--enables the requester to figure out from context just what sort of information is being withheld").

Based upon the foregoing as well as the protective order previously adopted in this case, Celebrity respectfully submits that there exists no legal basis for Defendants producing redacted documents. Any concerns regarding confidentiality, sensitive business information, trade secrets, etc. are adequately addressed by the protective order previously proposed by Defendants and adopted by this Court.

II. **PPI MAY NOT REFUSE TO PRODUCE DOCUMENTATION IDENTIFYING FEES AND COMMISSIONS PAID TO IT BY OTHER MERCHANTS IN SOUTHEAST ALASKA WITH WHOM IT CONTRACTS.**

As set forth above, PPI has sought to produce redacted copies of fees and commissions paid to it by other merchants in Southeast Alaska with whom it contracts, arguing that such parties are not involved in this lawsuit and therefore, the information

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 7 of 12

concerning fees and commissions paid by other parties is irrelevant. *Exh. "2," 3.* Such a position is unwarranted in light of the rules of civil procedure as well as instructions from Plaintiff's expert that such information would be useful in calculating Plaintiff's damages and ascertaining the viability of PPI's defense.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1). Relevant evidence is any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevancy is broadly construed at the discovery stage of the litigation. *Kansas Food Packers v. Corpak,* 2000 WL 33170870. "A request for discovery ... should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Id.,* citing *Snowden v. Connaught Lab. Inc.,* 137 F.R.D. 336, 341 (D.Kan.1991).

When a Court puts in place a protective order for certain documents, it will not allow a party to then produce redacted versions of the protected documents just by claiming the redactions are irrelevant to the case. *See Sellon v. Smith,* 112 F.R.D. 9 (D.Del. 1986) (finding that the redacting party cannot be the final arbiter of what is relevant or irrelevant in a particular document, and ordering GM to produce within 15 days the complete versions of the documents that have been produced in redacted form); *Kern v. University of Notre Dame Du Lac,* 1997 WL 816518 (N.D.Ind. 1997) (finding that the requested file may be relevant, or may lead to discovery of relevant evidence, therefore directing Notre Dame to produce the file to Ms. Kern).

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 8 of 12

For instance, in *Envirosource,* the Defendant redacted substantial portions of contracts with its customers in a manner that rendered them useless to the Plaintiff. *Envirosource, Inc. v. Horsehead Resource Development Co., Inc.*, 1996 WL 399823. When the Plaintiff objected to the redactions, the Defendant argued that the redactions were "commercially sensitive" material that was irrelevant to the Plaintiff's discovery of the case. *Id.* Defendant also argued that some of its customers had complained that their contracts with defendant were being produced. *Id.* Despite the Defendant's pleas, the Court held "that the defendant could not unilaterally continue to ignore all prior orders for production and flout the rules of discovery," especially since a protective order was already in place for sensitive material. *Id.* Thus, the Court ordered the documents to be produced unredacted. *Id.*

Here, because the parties are still at the discovery stage, the relevancy of information requested by both parties should be broadly construed. The fees and commissions PPI collects from other merchants in Southeast Alaska has a bearing on the subject matter of this action, thus it is relevant to, and discoverable by, Plaintiff. For instance, in a letter to Plaintiff's counsel, Celebrity's damages expert specifically noted as follows:

> The following additional information may be of assistance to us in our analysis of the loss claimed:
> . . .
> Report detailing commissions and fees received by Panoff Publishing, Inc. from each jewelry retailer under contract in the State of Alaska during the period January 2000 through the present.
> . . .

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 9 of 12

*Exh. "5,"* 3. Further, Defendants have claimed that increases in DIAK's sales during the period in question may be attributable to factors other than the wrongdoing alleged. Both of the expert witness reports recently submitted by Defendants attempt to make this point. Eliminating other factors potentially responsible for DIAK's increase in sales is exactly the reason Mr. Partin seeks information concerning sales of other jewelry merchants in Southeast Alaska during the period in question. However, it is impossible for Plaintiff to determine if there is any merit to PPI's defense, if Plaintiff is not allowed to view PPI's records that would help establish such defense. Trends in the Southeast Alaska jewelry market would likely be evidenced by such documentation and other factors for DIAK's increased sales could be established and/or discounted. PPI's refusal to supply such information in an unredacted form, does not allow such an analysis to occur. Irrespective of its ultimate impact on this case, there is little doubt that such evidence has an impact on the subject matter of this action at the discovery stage, therefore PPI's commission and fee reports are relevant to Plaintiff. Celebrity is entitled by the liberal discovery rules to view all portions of them, not just the parts left intact by Defendants.

Further, any claims made by PPI that the commission and fee reports should be redacted, because of their commercially sensitive nature, is unfounded in light of the protective order already in place in this case. PPI claims that the commission and fee reports requested by Plaintiff are not only irrelevant, but concern parties that are not part of this litigation. *Exh. "2,"* 3. In other words, PPI is attempting to find an unnecessary,

*Bathija, et al. v. Panoff Publishing, Inc., et al.;* Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 10 of 12

extra layer of protection for the commercial information of their customers. The Court has already granted PPI a protective order that would adequately cover this information. Therefore, as the Court in *Envirsource* found, PPI should not be allowed to continue to ignore all prior requests for production, thereby flouting the rules of discovery. Discovery is about to close in this case and Celebrity needs the relevant information requested in order to adequately prepare for trial. PPI's fear of disclosure is adequately soothed by the protective order in this case, thus its redactions are unnecessary and are simply not supported by the law.

## CONCLUSION

Due to the protective order in place, PPI is prevented from redacting any portion of the documents Plaintiff requested in this case. Further, the documents revealing the fees and commissions paid by PPI's customers are relevant and have a bearing on the subject matter of this case, thus they are discoverable by Plaintiff. Nothing short of this will comply with the Rules of Civil Procedure.

DATED this 21st day of April, 2006.

BAXTER BRUCE & SULLIVAN P.C.

By s/ Z. Kent Sullivan
   Z. Kent Sullivan, ABA No. 0105038
   P.O. Box 32819
   Juneau, Alaska 99803
   Ph: (907) 789-3166; Fax: (907) 789-1913
   zsullivan@baxterbrucelaw.com
   Attorneys for Plaintiff, Shivalay, Inc.

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 11 of 12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of April, 2006, a true and correct copy of the foregoing memorandum in support of motion to compel discovery was delivered to the party indicated below via:

William G. Ruddy, Esq.
Ruddy, Bradley & Kolkhorst
Box 34338
Juneau, Alaska  99803
ph: (907) 789-0047
fax: (907) 789-0783
wgr@alaska.net
Attorneys for Defendants Panoff Publishing, Inc., PPI Fleet Services, Inc. and Port Promotions, Inc.
By:  ☐ Electronically via CM/ECF
     ☒ U.S. Mail
     ☒ Fax (Without exhibits)

Robert C. Gilbert, Esq.
Robert C. Gilbert, P.A.
7301 SW 57 Court, Suite 515
South Miami, Florida  33143
ph: (305) 529-9100
fax: (305) 529-1612
rgilblaw@aol.com
Attorneys for Defendants Panoff Publishing, Inc., PPI Fleet Services, Inc. and Port Promotions, Inc.
By:  ☒ Electronically via CM/ECF
     ☐ U.S. Mail
     ☐ Fax

Kevin G. Clarkson, Esq.
Brena, Bell & Clarkson, P.C.
310 K Street, Suite 601
Anchorage, Alaska  99501
ph: (907) 258-2000
fax: (907) 258-2001
kclarkson@brenalaw.com
Attorneys for Defendants Diamonds International of Alaska, Ltd.
By:  ☒ Electronically via CM/ECF
     ☐ U.S. Mail
     ☐ Fax

Peter M. Hockman, Esq.
550 Biltmore Way, Suite 780
Coral Gables, Florida  33134-5779
ph: (305) 447-9129
fax: (305) 443-0279
pmhlaw@bellsouth.net
Attorneys for Defendants Diamonds International of Alaska, Ltd.
By:  ☒ Electronically via CM/ECF
     ☐ U.S. Mail
     ☐ Fax

By  s/ Z. Kent Sullivan
    Z. Kent Sullivan, ABA No. 0105038
    P.O. Box 32819
    Juneau, Alaska 99803
    Ph: (907) 789-3166; Fax: (907) 789-1913
    zsullivan@baxterbrucelaw.com
    Attorneys for Plaintiff Shivalay, Inc.

*Bathija, et al. v. Panoff Publishing, Inc., et al.*; Case No. J04-0011 CV (RRB)
Plaintiff's Memorandum in Support of Motion to Compel Discovery
Page 12 of 12